**EXECUTION SCHEDULED FOR JANUARY 14, 2021**

No. 21-3

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## UNITED STATES OF AMERICA,

**Plaintiff – Appellee,**

**v.**

## COREY JOHNSON, A/K/A O, A/K/A CO,

**Defendant – Appellant.**

_____

## JOINT APPENDIX

_____

Joseph Attias, Esq.                      Donald P. Salzman
Richard Cooke, Esq.                      Jonathan Marcus
U.S. Attorney's Office                   David E. Carney
Eastern District of Virginia             Skadden, Arps, Slate, Meagher & Flom LLP
2100 Jamison Avenue                      1440 New York Avenue, NW
Alexandria, Virginia 22314               Washington, DC 20005
Joseph.Attias@usdoj.gov                  (202) 371-7983
Richard.Cooke@usdoj.gov                  donald.salzman@skadden.com

*Counsel for Appellee*                   *Counsel for Appellant*

PAGE(S)

## I. DOCKET SHEET

E.D. Va. Docket Sheet, No. 92CR68 (1992-2019).................................................J.A.1

E.D. Va. Docket Sheet, No. 92CR68 (2021) .....................................................J.A.25


## II. RELEVANT INDICTMENT, ORDERS AND OPINIONS

Second Superseding Indictment (July 20, 1992) .............................................J.A.34

Memorandum Order Denying Motion to Vacate (Jan. 12, 2021), ECF No.
   111........................................................................................................J.A.56


## III. OTHER RELEVANT FILINGS

Memorandum of Petitioner's Johnson, Tipton and Roane in Opposition to
   the Motion of the United States to Vacate the Stays of Execution
   Previously Entered By this Court and to Vacate the Orders Setting the
   Time, Place and Method for Petitioners' Executions (Oct. 30, 2005)
   (Dkt. 941) ............................................................................................J.A.63

Motion to Vacate 2005 Amendment to the Judgment and Order (Jan. 10,
   2021), ECF No. 107 ..............................................................................J.A.69

Index of Exhibits to Motion to Vacate 2005 Amendment to the
   Judgement and Order, ECF No. 107-1 ...................................................J.A.81

Ex. 1 Order Vacating Stays of Execution (Nov. 17, 2005) (Dkt. 944),
   ECF No. 107-2 ......................................................................................J.A.82

Ex. 2 Order Directing Sentence of Death (Nov. 17, 2005) (Dkt. 946),
   ECF No. 107-3 ......................................................................................J.A.84

Ex. 3 Judgment Transcript (June 1, 1993), ECF No. 107-4 ............................J.A.86

Ex. 4 Judgment in a Criminal Case (June 1, 1993) (Dkt. 593), ECF No.
   107-5 ...................................................................................................J.A.104

Ex. 5 Order of Execution (Nov. 22, 1996) (Dkt. 653), ECF No. 107-6.........J.A.109

Ex. 6 Order granting Consent Motion to Stay Executions (Feb. 21, 1997)
   (Dkt. 657), ECF No. 107-7 ...................................................................J.A.112

Ex. 7 United States Motion to Vacate Stays of Execution (Oct. 18, 2005) (Dkt. 938), ECF No. 107-8 ..........................................................................J.A.114

Ex. 8 Notice of Execution from T.J. Watson (Nov. 20, 2020), ECF No. 107-9 ..............................................................................................J.A.130

Ex. 9 Memorandum Opinion, *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases¸* No. 19-mc-145 (D.D.C. Sept. 20, 2020) (ECF No. 265), ECF No. 107-10.....................................................J.A.132

Ex. 10 Order, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 7, 2021) (Dkt. 15), ECF No. 107-11 .........................................................J.A.140

Ex. 11 Government's Motion to Dispense with, or Alternatively Expedite, Oral Argument, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 8, 2021) (Dkt. 18), ECF No. 107-12 ..............................................J.A.143

Ex. 12 Order, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 7, 2021), (Dkt. 28), ECF No. 107-13 ......................................................J.A.151

Notice of Authority Cited in Defendant's Motion to Vacate 2005 Amendment to the Judgment and Order (Jan. 11, 2021), ECF No. 109.........J.A.155

Ex. 13 Defendant's Consent Motion to Stay Executions (Feb. 19, 1997) (Dkt. 656), ECF No. 109-1 ................................................................J.A.157

Government's Response Opposing Motion to Vacate (Jan. 11, 2021), ECF No. 110 ...............................................................................J.A.162

Notice of Appeal (Jan. 12, 2021), ECF No. 112...........................................J.A.171

Order Requiring Expedited Response (Jan. 11, 2021), ECF No. 108 ............J.A.173

| CRIMINAL | | | | | | | |
|---|---|---|---|---|---|---|---|
| PO | 422 | 3 | 2218 | WRIT | | | |
| Misd. □ | 422 | 3 | 2218 | JUVENILE | VS. | JOHNSON, CORY | JURY |
| Felony ☒ | District | Off | Judge/Magistr. | ALIAS / OFFENSE ON INDEX CARD | | a/k/a "O"; a/k/a "CO" | |

Mo. 04 Day 24 Yr. 92    No. of Def's 7    Docket No. 3:92CR68-02

**I. CHARGES**

SUPERSEDING INDICTMENT: SAME CODE SECTIONS & COUNTS AS BELOW
SECOND SUPERSEDING INDICTMENT: SAME CODE SECTIONS & COUNTS AS BELOW

| | | |
|---|---|---|
| 21:846 | Conspiracy (Ct. 1) | 1 |
| 21:848 | Continuing Criminal Enterprise (Ct. 2) | 1 |
| 21:848(e)(1)(A) & 18:2 | Murder in furtherance of CCE; aid & abet (Cts. 8, 11, 17-19; 24 & 25) | 7 |
| 18:924(c) & 2 | Use of firearm in relation to crime of violence or drug trafficking crime; aid & abet (Cts. 9, 12, 15, 20 & 26) | 5 |
| 18:1959 & 2 | Violent Crimes in aid of racketeering; aid & abet (Cts. 10, 13, 14, 16, 21-23, 27-30) | 11 |
| 21:841(a)(1 & 18:2 | Distribution of Crack; aid & abet (Ct. 31) | 1 |
| 21:841(a)(1) & 18:2 | Possession w/intent to distribute crack; aid & abet (Cts. 32) | 1 |

SUPERSEDING COUNTS

**II. KEY DATE**

INTERVAL ONE — KEY DATE — EARLIEST OF: □ arrest □ sum'ns □ custody □ appears—on complaint

KEY DATE 4/24/92 APPLICABLE

END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL): ☒ Indictment filed/unsealed, □ consent to Magr. trial on complaint, □ Information, □ Felony-W/waiver

KEY DATE 8/11/92    5/18/92 & 7/20/92

a) ☒ 1st appears on pending charge /R40
b) □ Receive file R20/21
c) ☒ Supsdg: ☒ Ind ☒ Inf
d) □ Order New trial
e) □ Remand  f) □ G/P Withdrawn

END INTERVAL TWO — KEY DATE 1/11/93 APPLICABLE: □ Dismissal, □ Pled guilty (After N.G./ After nolo), □ Nolo, ☒ Trial (voir dire) began, ☒ Jury □ N.J.

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | PTD Nolle Pros. | FINAL CHARGES DISMISSED | on def motion / on gov't motion |
|---|---|---|---|---|---|---|---|---|---|
| | 8/11/92 | 2/16/93 | | | 2/16/93 | 6/1/93 | | □ on S.T. □ grounds □ W.P. □ WOP | |

**III. MAGISTRATE**

Search Warrant: Issued / Return — DATE / INITIAL/NO.
Summons: Issued / Served
Arrest Warrant Issued
COMPLAINT ▶
Date of Arrest

INITIAL APPEARANCE DATE ▶
PRELIMINARY EXAMINATION — Date Scheduled ▶ / Date Held ▶
□ REMOVAL HEARING OR □ WAIVED □ NOT WAIVED □ INTERVENING INDICTMENT
Tape Number

OUTCOME:
□ DISMISSED
□ HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT
□ HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW

OFFENSE (In Complaint)

Show last names and suffix numbers of other defendants on same indictment/information:
01-Tipton; 03-Roane; 04-Thomas; 05-Gaiters; 06-Hardy; 07-Reavis

RULE 20 21 40 In Out

**IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.**

ATTORNEYS — U.S. Attorney or Asst.

Howard C. Vick, AUSA; William H. Parcell, III, Special AUSA

Defense: 1 ☒ CJA, 2 □ Ret., 3 □ Waived, 4 □ Self., 5 □ Non/Other, 6 □ PD., 7 □ CD

John F. McGarvey, Esquire
320 West Broad Street
Richmond VA 23220
644-3420

Craig S. Cooley, Esquire
P.O. Box 7268
Richmond VA 23221
358-2328

2255 See Tipton's Docket Sheet

2255 petition
Barbara L. Hartung, Esq.
~~#504, 1001 East Main Street~~
Richmond, VA 23219
~~649-1088~~
as of 8/1/01 Suite 600
700 E. Main
353-4999
FAX 353-5299

Edward E. Scher, Esquire
~~Thorsen & Scher~~ 316 West Broad St.
~~3810 Augusta Avenue~~
Richmond, VA 23220-4219
359-3000    FAX 359-3139

See Tipton's docket sheet for 2255 gov't atty

Status :
On Motion: 11-2-92, 7:00
FPTC :

From 8-11-92 3:00

4CCA No.: 93-4006
Consolidated w/No.: 93-4005(L)

**BAIL ● RELEASE**

PRE-INDICTMENT
Release Date
Bail □ Denied
□ Fugitive □ Pers. Rec. □ PSA
AMOUNT SET $
Conditions: □ 10% Dep. □ Surety Bnd □ Collateral □ 3rd Prty □ Other
Date Set
□ Bail Not Made
Date Bond Made

POST-INDICTMENT
Release Date
Bail □ Denied
□ Fugitive □ Pers. Rec. □ PSA
AMOUNT SET $
Conditions: □ 10% Dep. □ Surety Bnd □ Collateral □ 3rd Prty □ Other
Date Set
□ Bail Not Made
Date Bond Made

APPEALS FEE PAYMENTS

| FINE AND RESTITUTION PAYMENTS | | | | | | |
|---|---|---|---|---|---|---|
| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER | |

☒ Docket Entries Begin On Reverse Side

J.A.1

U.S. Government Attorneys

Robert J. Erickson          and          G. Wingate Grant
Deputy Chief,                             Assistant U. S. Attorney
Criminal Division
Appellate Section
U.S. Department of Justice
Room 6102, Patrick Henry Bdlg.
601 D Street, N.W.
Washington, D.C.  20530
(202) 514-2841

DATE

J.A.2

| DATE | DOCUMENT NO. | | | V. PROCEEDINGS | VI. EXCLUDABLE DELAY |
|---|---|---|---|---|---|

MASTER DOCKET - MULTIPLE DEFENDANT CASE   PAGE 1 OF

[X] PROCEEDINGS DOCKET FOR SINGLE DEFENDANT

3:92CR68-02

(OPTIONAL) Show last names of defendants

**1992**

| April 24 | 1 | Indictment, a true bill, returned before a Judge in Open Court at Richmond, filed. UNDER SEAL | lcq |
|---|---|---|---|
| April 24 | | IN OPEN COURT: Spencer, J., GJCR. Appearances: AUSA only. Govt's motion that BW be issued, GRANTED. | lcq |
| April 28 | 2 | Govt's Motion to Unseal, filed. | lcq |
| April 28 | 3 | ORDER granting govt's motion to unseal indictment ent'd, JRS, filed. | lkm |
| May 7 | 42 | Govt's Motion Concerning the Setting of the Trial Date, filed. | phb |
| May 18 | 49 | Superseding Indictment, a true bill, returned before the Judge in Open Court at Richmond, filed. | lkm |
| June 29 | 99 | CJA 20, appt of counsel, John McGarvey, for deft, executed, filed. | lkm |
| June 29 | 100 | CJA 20, appt of counsel, Craig Cooley, for deft, executed, filed. | lkm |
| June 29 | 101 | Govt's motion for issuance of subpoenas pursuant to Local Rule 19(e) for production prior to trial filed. | lkm |
| July 1 | 102 | ORDER granting govt's motion for early issuance of subpoenas; ent'd, JRS, filed. Copies to counsel. | lkm |
| July 14 | 110 | ORDER granting defts Tipton, Roane & Thomas' motion for continuance of trial set for 9/16/92. Trial rescheduled for 10 a.m. on 1/11/93; ent'd, JRS, filed. Copies mailed. | lkm |
| July 20 | 115 | Second Superseding Indictment, a true bill, returned to a Judge in open court at Richmond, filed. | lkm |
| July 21 | - | Transcript of bond hearing on 5/5/92 filed by OCR. | lkm |
| July 23 | - | Copies of second superseding indictment mailed to counsel. | lkm |
| July 23 | - | BW issued as detainer on 2nd superseding indictment pursuant to order of USMJ Lowe. | lkm |
| July 31 | 124 | Deft's ex parte motion for preparation of transcript filed. | lkm |
| Jul. 31 | 125 | AMENDED ORDER continuing trial until 1/11/93. ENT 7/31/92, JRS, filed. Cps. dist. | phb |
| Jul. 31 | - | Magistrate's papers from SD/NY-New York, rec'd. | phb |
| Aug. 3 | 127 | ORDER UNDER SEAL . ENT 8/3/92, JRS, filed. Cps. dist. | phb |
| Aug. 5 | 128 | Deft's Motion for Appointment of Psychiatric, Neurologic, Investigative, Medical, & Mitigation Experts, filed. | phb |
| Aug. 5 | 129 | Deft's Motion for a Bill of Particulars, filed. | phb |
| Aug. 5 | 130 | Deft's Memorandum in Support of Motion, filed. | phb |
| Aug. 5 | 131 | Deft's Motion for Early Disclosure of Jencks Act & Brady Material & Incorporated Memorandum, filed. | phb |
| Aug. 5 | 132 | Deft's Motion for Disclosure of R.404 Evidence & Incorporated Memorandum, filed. | phb |
| Aug. 5 | 133 | Deft's Motion for Discovery & Inspection & Incorporated Memorandum, filed. | phb |
| Aug. 5 | 134 | Deft's Motion for Disclosure of Exculpatory Evidence & Incorporated Memorandum, filed. | phb |
| Aug. 5 | 135 | Deft's Motion to Adopt Codef's Motions & Supporting Memorandum, filed. | phb |
| Aug. 5 | 136 | Deft's Ex Parte Motion for Preparation of Transcript, filed. | phb |
| Aug. 7 | 137 | EX PARTE ORDER that Deft's motin for 6/12/92 & 7/28/92 transcripts is GRANTED. ENT 8/7/92, JRS, filed. Cps.dist. | phb |
| Aug. 11 | | IN OPEN COURT: Lowe, M., Kull, OCR. Appearances: Deft. w/counsel. AUSA Matter came on for arraignment. Deft WFA, entered plea of not guilty to all charges; requested trial by jury. Jury trial set for 1/11/93 at 10:00 a.m. Deft. to file any brief or objections within 10 days. Bond hearing set for 8/17/92 at 2:00 p.m. Deft. remanded. (:12) | lcq |
| Aug. 11 | 138 | Temporary Detention Order, ENT 08-11-92, DGL, filed. | lcq |
| Aug. 17 | | PROCEEDINGS BEFORE MAGISTRATE: Lowe, M. Kull, OCR. Appearances: Deft. w/counsel. AUSA. Matter came on for bond hearing. Govt. adduced evidence, rested. Deft. adduced no evidence. Case submitted w/no arguments. Govt's list of murders and witnesses submitted, UNDER SEAL. Findings of fact stated from the bench. | |

CONTINUED TO PAGE

J.A.3

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U. S. vs*

JOHNSON, CORY    PAGE 2

AO 256A ⊕

92CR68-02

Yr. | Docket No. | Def.

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
| | (Document No.) | (a) | (b) | (c) | (d) |

| DATE | (Doc. No.) | PROCEEDINGS | (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|---|
| **1992** | | | | | | |
| Aug. 17 | | PROCEEDINGS BEFORE MAGISTRATE continued:  Deft. held w/o bond.  Deft's request for  transcript of bond hearing, GRANTED.  Deft. remanded to custody. (:30)    lcq | | | | |
| Aug. 18 | 140 | Order of Detention Pending Trial, ENT 08-18-92, DGL, filed.    lcq | | | | |
| Aug. 18 | 141 | Govt's Omnibus Response to Deft. Johnson's Pre-trial Motions, filed.    lcq | | | | |
| Aug. 20 | 144 | ORDER that Deft's motion for a bill of particulars is DENIED.  ENT 8/20/92, JRS, filed.  Cps. dist.    phb | | | | |
| Aug. 20 | 145 | ORDER re: schedule of Discovery & Inpsection, Brady Material, & Jencks/Giblio Materials.  ENT 8/20/92, JRS, filed.  Cps. dist.    phb | | | | |
| Aug. 21 | 146 | Deft's Motion for Penalty Phase Discovery, filed.    phb | | | | |
| Aug. 27 | 148 | ORDER of the Court - EX PARTE.  (SEALED)  ENT 8/27/92, JRS, filed.  Cps. dist.    phb | | | | |
| Sep. 9 | 155 | Govt's Response to Deft's Motion for Penalty Phase Discovery, filed.    phb | | | | |
| Sep. 17 | 160 | Deft's Motion for Bill of Particulars of the Notice of the Intention of the Govt to Seek the Death Penalty, filed.    phb | | | | |
| Oct. 8 | – | Marshal's return on 4/24/92 Warrant for Arrest, executed, & filed.    phb | | | | |
| Oct. 8 | – | Marshal's return on 7/23/92 Warrant for Arrest, unexecuted, & filed.    phb | | | | |
| Oct. 14 | 174 | Deft's Motion for Compliance w/18:3432, filed.    phb | | | | |
| Oct. 14 | 175 | Deft's Motion for Continuance, filed.    phb | | | | |
| Oct. 14 | 176 | Deft's Motion for Discovery & Inspection from Codefts at a Joint Trial, filed.    phb | | | | |
| Oct. 14 | 177 | Deft's Notice of Request for Hearing, filed.    phb | | | | |
| October 14 | 179 | Govt's Response to Deft's Motion for Bill of Particulars of the Notice of the Intention of the United States to Seek the Death Penalty, filed.    rlw | | | | |
| Oct. 14 | 181 | Deft's ex parte motion **UNDER SEAL** filed.    lkm | | | | |
| Oct. 20 | 182 | EX PARTE ORDER UNDER SEAL.  ENT 10/20/92, JRS, filed.  Cps. to Deft's attys.    phb | 2 | 10/21/92 | T2 | |
| Nov. 2 | – | **IN OPEN COURT:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA.  Matter came on for hearing on pending motions.  Counsel heard on following motions: to continue trial; for discovery & inspection; for penalty phase discovery; for bill of particulars; for notice of govt's intention to seek death penalty; for early disclosure of Jencks & Brady; for compliance w/ 18 USC 3432; for discovery & inspection from co-defts.  Motions taken under advisement; order to issue. Deft remanded.    lkm | | | | |
| Nov. 4 | 197 | Deft's Motion and Memorandum to Transfer Deft, filed.    jtj | | | | |
| Nov. 9 | 201 | Deft's Ex Parte Motion **UNDER SEAL** filed.    lkm | | | | |

FILE No. 2

FILE No. 3

FILE No. 4

Interval
(per Section II) | Start Date
End Date | Ltr.
Code | Total
Days

J.A.4

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

U.S. v. JOHNSON, CORY      PAGE 3      3:92CR68

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|-------------------------|--------|-----|-----|-----|
| | (Document No.) | | (a) | (b) | (c) | (d) |

**1992**

Nov. 9 — 202 — Ex Parte ORDER **UNDER SEAL** ent'd, JRS, filed. Copy to deft's counsel.  lkm

Nov. 9 — 204 — ORDER ent'd, JRS, filed, with Court's ruling on motions heard in open court on 11/2/92. I. Motion for continuance - denied. 2. motion for guilty phase discovery - denied. 3. motion for penalty phase discovery - granted; govt to provide information as it is available, but no later than 12/1/92 as relates to non-statutory aggravating factors; motion denied as to statutory aggravating factors. 4. motion for reconsideration w/respect to bill of particulars - denied. 5. motion for bill of particulars of notice of intention to govt to seek death penalty - denied. 6. mtion for compliance w/18 USC 3432 to furnish list of witnesses - granted; to be furnished no later than 1/1/93. 7. motion for discovery & inspection from co-defts - denied. 8. motion for early disclosure of Jencks and Brady materials - Order of 8/20/92 modified; govt ordered to produce such material no later than 1/4/93; counsel may disclose info to clients; may not provide clients w/copies; all such materials to be returned to USAtty at conclusion of trial; order of 8/20/92 remains in effect in all other respects. 9. motion to adopt co-defts' motions - denied; court will permit deft upon filing of appropriate motion to adopt co-deft Tipton's motion on constitutionality of federal death penalty statute & supporting memorandum. Copy to counsel. lkm

Nov. 16 — 209 — ORDER that U.S. Marshal's Office transport Deft from Western Piedmont Regional Jail to the Richmond City Jail at the first opportunity. ENT 11/16/92, JRS, filed. Cps. dist.  phb

Nov. 18 — 212 — Petition & ORDER FOR WHCAT for Maurice Saunders ret. 11/19/92 at 9 AM. ENT 11/18/92, JRS, filed.  phb

Nov. 18 — — — WHCAT for Maurice Saunders ret. 11/19/92 at 9 AM, issued.  phb

Nov. 19 — 214 — ORDER that Govt has until 11/27/92 to respond to Deft's Motion to Dismiss, filed.  phb

Nov. 23 — 218 — Deft's Ex Parte Motion for Issuance of Subpoena Duces Tecum, filed. **SEALED**  phb

Nov. 23 — 219 — Deft's Motion on the Constitutionality of the Fed. Death Penalty Statute on Its Fact & as Applied to Him, filed. phb

Nov. 23 — 220 — Deft's Memo. in Support of Motion, filed.  phb

Nov. 24 — — — Marshal's return on WHCAT for Maurice Saunders, unexecuted, & filed.  phb

Dec. 1 — 231 — Govt's Motion for Reciprocal Discovery, filed.  phb

Dec. 2 — 232 — EX PARTE ORDER **UNDER SEAL**. ENT 12/2/92, JRS, filed. Cps. dist.  phb

Dec. 2 — 234 — EX PARTE ORDER **UNDER SEAL**. ENT 12/2/92, JRS, filed. Cps. dist.  phb

Dec. 8 — 309 — Govt's response to deft's motion on constitutionality of Federal death penalty statute filed.  lkm

Dec. 10 — 316 — Govt's notice of intention to provide victim impact testimony filed.  lkm

CONTINUED ON NEXT PAGE

Interval (per Section II)   Start Date End Date   Ltr. Total Good Days

**J.A.5**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET          *U. S. vs*          JOHNSON, CORY          3:92CR68-02

AO 256A ⊕

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
| | | (a) | (b) | (c) | (d) |
| | (Document No.) | | | | |

**1992**

Dec. 10 — One (1) box of records received from Dr. Natalie Weissblum, NY, NY in response to subpoena.          km

Dec. 14   322  Deft's Motion for Pretrial Conference, filed.          phb

Dec. 14   323  Deft's Motion for Severance of Defts at Penalty Phase, filed.          phb

Dec. 14   324  Deft's Memo. in Support of Motion, filed.          phb

Dec. 14   325  Deft's Motion to Dismiss the Death Penalty Provision of 21 USC §848, for Want of Justice w/out Discrimination, filed.          phb

Dec. 14   326  Deft's Memo. in Support of Motion, filed.          phb

Dec. 21   334  Deft's Motion in Limine, filed.          phb

Dec. 21   335  Deft's Request for Bill of Particulars Regarding Notice of the Intention of the Govt to Provide Victim Impact Testimony, filed.          phb

Dec. 21   336  Govt's Motion for Permission to Allow Jurors to Take Notes During Trial, filed.          phb

Dec. 22   340  Petition & ORDER FOR WHCAT for Douglas Cunningham ret. 1/11/93 at 10 AM.  ENT 12/22/92, JRS, filed.          phb

Dec. 22   —   WHCAT for Douglas Cunningham ret. 1/11/93 at 10 AM, issued.          phb

Dec. 22   341  Petition & ORDER FOR WHCAT for Rodney Tucker ret. 1/11/93 at 10 AM.  ENT 12/22/92, JRS, filed.          phb

Dec. 22   —   WHCAT for Rodney Tucker ret. 1/11/93 at 10 AM, issued. phb

Dec. 22   342  Petition & ORDER FOR WHCAT for Gregory Noble ret. 1/11/93 at 10 AM.  ENT 12/22/92, JRS, filed.          phb

Dec. 22   —   WHCAT for Gregory Noble ret. 1/11/93 at 10 AM, issued. phb

Dec. 22   343  Petition & ORDER FOR WHCAT for Daryl Moses ret. 1/11/93 at 10 AM.  ENT 12/22/92, JRS, filed.          phb

Dec. 22   —   WHCAT for Daryl Moses ret. 1/11/93 at 10 AM, issued. phb

Dec. 22   344  ORDER that parties & their counsel are ORDERED to treat all juror information as CONFIDENTIAL.  This requirement applies equally to specific information about individual jurors & to information about the panel as a whole.  Counsel are REMINDED that per Local R.9(A)(1), "no juror shall be approached, either directly or through any member of his or her immediate family, in an effort to secure information concerning such juror."  ENT 12/22/92, JRS, filed.  Cps. dist.  phb

Dec. 22   —   IN OPEN COURT: Spencer, J., Medford W. Howard, Ct. Rept. Appearances: Defts Tipton, Johnson, Roane w/counsel; deft Reavis by counsel; AUSA.  Matter came on for hearing on defts' motion on constitutional challenge to statue.  Counsel submitted issue on briefs by parties.  Order to enter.  Pretrial conference held to resolve issue raised by counsel prior to trial.  Counsel for Tipton, Johnson, Roane heard.  Govt heard.  Court to enter order setting forth procedures to be followed at trial.  Defts remanded.  (:40)          lkm

Dec. 23   348  ORDER granting govt's motion for reciprocal discovery; directing defts to provide govt w/all materials required under FRCrP 16(b) and 12.2 by 12/30/92; entered, JRS, filed.  Copies to counsel.          lkm

Dec. 23   349  Pretrial Order ent'd, JRS, filed.  Copies to counsel.  lkm

| | | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |

FILE No. 6

FILE No. 7

J.A.6

USCA4 Appeal: 21-3    Doc: 7    Filed: 01/12/2021    Pg: 10 of 176

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

US v JOHNSON, CORY

PAGE 5        3:9

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | | (Document No.) | (a) | (b) | (c) | (d) |
| **1992** Dec. 29 | 371 | MEMORANDUM OPINION of the Court.  ENT 12/29/92, JRS, filed.  Cps. dist.                              phb | | | | |
| Dec. 29 | 372 | ORDER that Defts' motions challenging the constitutionality of the death penalty provisions of 21:848 are DENIED. ENT 12/29/92, JRS, filed.  Cps. dist.      phb | | | | |
| Dec. 30 | 375 | Deft's ex parte motion UNDER SEAL filed.        lkm | | | | |
| Dec. 31 | 378 | Petition & ORDER FOR WHCAT for Anthony Holland ret. 1/11/93 at 10 AM.  ENT 12/31/92, JRS, filed.    phb | | | | |
| Dec. 31 | - | WHCAT for Anthony Holland ret. 1/11/93 at 10 AM, issued. phb | | | | |
| Dec. 31 | 383 | EX PARTE ORDER UNDER SEAL.  ENT 12/31/92, JRS, filed. Copy to Deft's atty.                            phb | | | | |
| **1993** Jan. 4 | 387 | ORDER Govt will not be permitted to make use of certain information re:  nonstatutory aggravating factors at trial if the Govt has failed to provide such information to the Defts as previously ordered.  Govt is REMINDED it may only introduce information re:  nonstatutory aggravating factors for which notice has been provided. Deft's motions for trial date continuance are DENIED. ENT 1/4/93, JRS, filed.  Cps. dist.        phb | | | | |
| Jan. 4 | 388 | ORDER DENYING Defts Johnson & Roane's motions to dismiss for want of justice w/out discrimination and Deft Tipton's motion to dismiss on grounds of racial discrimination.  ENT 1/4/93, JRS, filed.  Cps. dist. phb | | | | |
| Jan. 4 | 389 | ORDER DENYING Defts Johnson & Roane's motion to sever their trial.  ENT 1/4/92, JRS, filed.  Cps. dist. phb | | | | |
| Jan. 04 | 393 | Defts' Motion to Compel Disclosure of Addresses of Witnesses & Motion to Continue, rec'd.                    rlw | | | | |
| Jan. 05 | 394 | Order directing that Gov't shall not be permitted to introduce certain victim impact testimony at the sentencing phase and that motions by Deft and Co-Deft  Tipton        seeking bills of particulars are hereby MOOT; ent'd 01-05-93 (JRS), filed.  Cop- ies distributed.                                  rlw | | | | |
| Jan. 05 | 396 | EX PARTE ORDER, pursuant to Co-Deft Roane's ex parte motion, pursuant to 21 USC §848(q)(9), relating to certain reasonable and necessary services required for his representation, APPROVING and AUTHORIZING the hiring of a stenographer by counsel for Co-Deft Roane for purposes of transcribing statements made on investigatory tapes previously provided to Deft and Co-Defts by Gov't, up to a maximum total cost for such services of $1,000.00, and defense counsel are ADMONISHED that these services should be thoroughly documented to assure payment of such services, and to ensure that services are not duplicative of other services; ent'd 01-05-93 (JRS), filed.  Copies distributed.       rlw | | | | |
| Jan. 05 | 398 | Order that Deft's motion in limine seeking to exclude certain ev- idence of unadjudicated criminal conduct alledged to have been committed by Deft in New Jersey in 1989-1991 is hereby DENIED; ent'd 01-05-93 (JRS), filed.  Copies distrbuted.    rlw | | | | |

File No. 7

File No. 8

Interval
(per Section II)

Start Date
End Date

Ltr.
Code

Total
Days

J.A.7

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET** · *U. S. vs* · JOHNSON, COREY · PAGE 6 · 3:92CR68-02

AO 256A ⊕

| Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------------|-----|-----|-----|-----|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1993** | | | | | |
| Jan. 5 | 399 Govt's Proposed Voir Dire for the Jury, filed. phb | | | | |
| Jan. 6 | 400 Govt's Response to the Court's Order to Specify Which Aggravating Factors Relate to Which Offense, filed. phb | | | | |
| Jan. 6 | 401 Deft's Motion for Reconsideration of Atty. Participation in Voir Dire, filed. phb | | | | |
| Jan. 7 | 402 ORDER that Deft's motion for reconsideration of atty. participation in voir dire is DENIED. Counsel is REMINDED they may propose questions to be asked. ENT 1/7/93, JRS, filed. Cps. dist. phb | | | | |
| Jan. 7 | 403 Petition & ORDER FOR WHCAT for Austin O. Nwanze ret. 1/11/93 at 10 AM. ENT 1/7/93, JRS, filed. phb | | | | |
| Jan. 7 | - WHCAT for Austin O. Nwanze ret. 1/11/93 at 10 AM, issued.phb | | | | |
| Jan. 7 | 404 Govt's Proposed Jury Instructions, filed. phb | | | | |
| Jan. 11 | 414 Deft's Proposed Voir Dire Questions for the Jury,filed.phb | | | | |
| Jan. 11 | 415 Govt's List of Exhibits, filed. jtj | | | | |
| Jan. 11 | 416 Govt's List of Witnesses, filed. jtj | | | | |
| Jan. 11 | 417 Deft's ex parte request for subpoenas, filed. phb | | | | |
| Jan. 11 | - **JURY TRIAL PROCEEDINGS, DAY 1:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. IN CHAMBERS: Pretrial motion heard; denied. Procedure discussed; issuesl revolved. Govt's motion to dismiss Cts. 11-13 as to deft Tipton granted. IN OPEN COURT: Jury panel No. I appeared; sworn; examined on voir dire. Individual voir dire commenced. Trial adjourned for the day; to commence at 9:30 a.m. on 11/12/93. (7.0) lkm | 2 | 1/1/93 | T2 | 83 |
| Jan. 12 | - **JURY TRIAL PROCEEDINGS, DAY 2:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Individual voir dire continued with Panel I. Voir dire begun with Panel 2; excused until 1:00 P.M. on 1/13/93. Panel I, Nos. 115-130 to return at 9:30 a.m. on 1/13/93. Deft remanded. (8:15) lkm | | | | |
| Jan. 12 | 420 Petition & ORDER FOR WHCAT for Ronita Rochelle Hollman ret. 1/19/93 at 10 AM. ENT 1/12/93, JRS, filed. phb | | | | |
| Jan. 12 | - WHCAT for Ronita Rochells Hollman ret. 1/19/93 at 10 AM, issued. phb | | | | |
| Jan. 12 | 421 Petition & ORDER FOR WHCAT for Austin O. Nwanze ret. 1/25/93 at 10 AM. ENT 1/13/93, JRS, filed. phb | | | | |
| Jan. 12 | - WHCAT for Austin O. Nwanze ret. 1/25/93 at 10 AM, issued.phb | | | | |
| Jan. 13 | 422 EX PARTE ORDER that Deft's motion for subpoenas is GRANTED, & Clerk is DIRECTED to issue subpoenas as set for in motion. ENT 1/13/93, JRS, filed. phb | | | | |
| Jan. 13 | - **JURY TRIAL PROCEEDINGS, DAY 3:** Spencer, J., Kull, OCR. Counsel present. Individual voir continued w/Panel I; to return at 9:30 a.m. on1/14/93. Panel 2 excused except for 26 jurors listed on attached list; remaining Panel 2 jurors to return at 10 a.m. on 1/14/93. (1:40) lkm | | | | |
| Jan. 14 | 427 Petition & ORDER FOR WHCAT for Douglas Cunningham ret. 1/18/93 at 10 AM. ENT 1/14/93, JRS, filed. phb | | | | |
| Jan. 14 | - WHCAT for Douglas Cunningham ret. 1/18/93 at 10AM, issued.phb | | | | |
| Jan. 14 | - **JURY TRIAL PROCEEDINGS, DAY 4:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. IN CHAMBERS: All motions in limine heard; Court to review video b/4 decision; other motions denied. Court directed that questionnaires will be part of the record: IN OPEN COURT: Jury empaneled; sworn to try issue. Opening statements made. Trial adjourned for the day; to commence at 10 a.m. on 1/15/93. Deft remanded. (6:55) lkm | | | | |

FILE NO. 8

| Start Date | |
| End Date | |
| (per Section 11) | Ltr. Total Code |

J.A.8

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

U.S. v. JOHNSON, CORY          PAGE 7          3:92CR68-02

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|-------------------------|------|------|------|------|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1993** | | | | | |
| Jan. 14 | 428 Deft's Supplemental Proposed Voir Dire Questions, rec'd by the Court during voir dire and filed as of this date.                                       jtj | | | | |
| Jan. 15 | Marshal's return on WHCAT for Douglas Cunningham ret. 1/11/93 at 10 AM, unexecuted, & filed.                        phb | | | | |
| Jan. 15 | Marshal's return on WHCAT for Austin O. Nwanze ret. 1/11/93 at 10 AM, unexecuted, & filed.                        phb | | | | |
| Jan. 15 | 432 Petition & ORDER FOR WHCAT for Douglas Cunningham ret. 1/18/93 at 10 AM.   ENT 1/15/93, JRS, filed.          phb | | | | |
| Jan. 15 | WHCAT for Douglas Cunningham ret. 1/18/93 at 10 AM, issued. phb | | | | |
| Jan. 15 | **JURY TRIAL PROCEEDINGS, DAY 5:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Govt's evidence begun. Trial adjourned for the day; to commence at 10 a.m. on 1/18/93. Deft remanded.                  lkm | | | | |
| Jan. 18 | 434 Defts' Motion for court-supervised access to witnesses in witness protection program filed.                     lkm | | | | |
| Jan. 18 | **JURY TRIAL PROCEEDINGS, DAY 6:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Counsel heard in argument as to order of witnesses; Court left issue up to counsel. Counsel heard on defts' motion for court-supervised access to WPP witnesses; motion denied. Jury appeared. Govt's evidence continued. Trial adjourned for the day; to commence at 10 a.m. on 1/19/93. Deft remanded. (5:05)          lkm | | | | |
| Jan. 19 | Marshal's return on WHCAT for Douglas Cunningham ret. 1/18/93 at 10 AM, unexecuted, & filed.                        phb | | | | |
| Jan. 19 | **JURY TRIAL PROCEEDINGS, DAY 7:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Govt's evidence continued. Trial adjourned for the day; to commence at 10 a.m. on 1/21/93. Deft remanded. (4:40)          lkm | | | | |
| Jan. 21 | **JURY TRIAL PROCEEDINGS, DAY 8:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Govt's evidence continued. Trial adjourned for the day; to commence at 10 a.m. on 1/22/93. Deft remanded.       (4:30)          lkm | | | | |
| Jan. 21 | 439 Deft's Appellate exhibit filed.                            lkm | | | | |
| Jan. 22 | **JURY TRIAL PROCEEDINGS, DAY 9:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Govt's evidence continued. BW for Dennis Moody - issued as a material witness - quashed upon completion of Moody's testimony. Trial ajourned for the day; to commence at 10 a.m. on 1/25/93. Deft remanded.       (4:10)          lkm | | | | |
| Jan. 25 | Marshal's return on WHCAT for Ronita Rochelle Hollman ret. 1/19/93 at 10 AM, executed, & filed.          phb | | | | |
| Jan. 25 | **JURY TRIAL PROCEEDINGS, DAY 10:** Spencer, J., Kull, OCR. appearances: Deft w/counsel, AUSA. Jury appeared. Defts' motion to voir dire jury on Saturday's newspapers article (Tipton appellate exhibit) granted. Voir dire conducted. Individual voir dire conducted as to Mr. Cooke and Ms. Hayes. Mr. Cooke remains as juror; Ms. Hayes excused; first alternate, Debra J. Dabney seated. Govt's evidence continued. Voir dire as to witness Montez McCoy conducted in chambers. Trial adjourned for the day; to commence at 10 a.m. on 1/26/93.       (4:30)          lkm | | | | |

Interval
(per Section II)          Start Date / End Date          Ltr. / Total
Code / Days

**JA.9**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   U. S. vs   JOHNSON, CORY           3:92CR68-02

AO 256A ⊕

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |

(Document No.)

**1993**

| Jan. 26 | Marshal's return on WHCAT for Austin O. Nwanze ret. 1/25/93 at 10 AM, unexecuted, & filed.                                phb |
| Jan. 26 | **JURY TRIAL PROCEEDINGS, DAY II:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Govt's evidence continued. Trial ajourned for the day; to commence at 10 a.m. on 1/27/93. Deft remanded.    (4:30)      lkm |
| Jan. 27 | 443  Deft's Ex Parte Motion for Issuance of Subpoenae, filed.                                phb |
| Jan. 27 | -  SO ORDERED that subpoenae be issued.  ENT 1/27/93, JRS, filed.  Cps. dist.                          phb |
| Jan. 27 | **JURY TRIAL PROCEEDINGS, DAY I2:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Motion of defts Tipton, Johnson, Roane for Court to conduct examination as to competence of witnesses Pepsi Greene and Gwen Greene to testify denied. Govt's evidence continued. Trial adjourned for the day. Jury to return at 10 a.m. on 1/29/93; counsel to return at 9:45 a.m. on 1/28/93 for motions. Defts remanded. (4:55) |
| Jan. 28 | **JURY TRIAL PROCEEDINGS, DAY I3:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Matter came on for hearing on motions at conclusion of govt's evidence. Counsel heard on motion to strike and motions for judgments of acquittal. All motions denied except motions for judgment as to murder of Brown and wounding of McCoy; motion TUA. Deft remanded.(:55)lkm |
| Jan. 28 | 446  Deft's Ex Parte Motion for Issuance of Subpoena, filed.                                phb |
| Jan. 29 | -  SO ORDERED that Clerk issue subpoena for Det. M.D.Scott. ENT 1/28/93, JRS, filed.  Copy to Deft's atty.    phb |
| Jan. 29 | 447  Deft's Ex Parte Motion for Issuance of Subpoena, filed.                                phb |
| Jan. 29 | -  SO ORDERED that Clerk issue subpoena for Odette Noble. ENT 1/29/93, JRS, filed.  Copy to Deft's atty.    phb |
| Jan. 29 | 448  Deft's Ex Parte Motion, filed.  (SEALED)     phb |
| Jan. 29 | **JURY TRIAL PROCEEDINGS, DAY I4:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Govt's motion in limine as to testimony of some of defts' witnesses heard; guidelines directed by the Court. Court's ruling given as to Rule 29 motions as to Torrick Brown's murder. Motion denied. Jury appeared. Govt's case continued, concluded. Govt rested. Defts adduced evidence. Trial adjourned for the day; to commence at 10 a.m. on 2/1/93. Deft remanded. (2:35)    lkm |
| Feb. 1 | 451  EX PARTE ORDER UNDER SEAL.  ENT 2/1/93, JRS, filed. Cps. dist.                                phb |
| Feb. 1 | 454  Appellate Exhibit for Tipton and Johnson filed.    lkm |
| Feb. 1 | **JURY TRIAL PROCEEDINGS, DAY I5:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Defts' evidence continued and concluded. Defts rested. Evidence concluded. Defts' renewed motions for dismissal heard; denied. Closing arguments of Govt, Tipton, & Johnson made. Trial adjourned for the day; to commence at 9:30 a.m. on 2/2/93. Deft remanded. (4:05) lkm |

CONTINUED ON NEXT PAGE

File No. 8

File No. 9

| Interval (per Section II) | Start Date End Date | Ltr. | Total |

**J.A.10**

USCA4 Appeal: 21-3    Doc: 7    Filed: 01/12/2021    Pg: 14 of 176
Case 3:92-cr-00068-DJN   Document 72   Filed 11/17/20   Page 11 of 24 PageID# 2177

Page 9

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET
AO 256A

U.S. v. JOHNSON, CORY

3:92CR68-02

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|-------------------------|-----|-----|-----|-----|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1993** | | | | | |
| Feb. 2 | — **JURY TRIAL PROCEEDINGS, DAY 16:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Closing arguments of defts Roane and Reavis made. Govt's rebuttal made. Jury charged by the Court. Objections noted to charge. Jury retired to deliberate at 1:25 p.m. Trial adjourned for the day; to commence at 9:30 a.m. on 2/3/93. Deft remanded. (3:40) lkm | | | | |
| Feb. 2 | 457 Appellate Exhibit on behalf of defts Tipton & Johnson filed. lkm | | | | |
| Feb. 2 | 458 Jury Instruction offered on behalf of defts Tipton, Johnson, Roane & Reavis; refused by the Court; filed. lkm | | | | |
| Feb. 2 | 459 ORDER directing that lunch be furnished to jury on 2/1/93 ent'd, JRS, filed. Copy to financial. lkm | | | | |
| Feb. 2 | 460 ORDER directing that lunch be furnished to jury on 2/2/93 ent'd, JRS, filed. Copy to financial. lkm | | | | |
| Feb. 2 | 462 Deft's ex parte motion for advance fund for penalty-phase witnesses filed; SO ORDERED, JRS, filed. lkm | | | | |
| Feb. 3 | — **JURY TRIAL PROCEEDINGS, DAY 17:** Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Jury excused to continue deliberations. Question of jury rec'd, answered. Jury returned verdict at 5:05 p.m. Jury found deft Johnson guilty as charged in Counts 1,2,8,9,10,11,12,13,14,15,16,17,18, 19,20,21,22,23,,24,25,26,27,28,29,30,31,32 (all counts as charged in indictment. Jury polled. Jury excused until 10 a.m. on 2/8/93 for penalty phase. Court directed lawyers to make no comments to press. Deft remanded. (:45) lkm | | | | |
| Feb. 3 | 466 Jury Verdict filed. lkm | | | | |
| Feb. 4 | 470 Govt's List of Proposed Witnesses (Penalty Phase), filed. phb | | | | |
| Feb. 4 | 470A ORDER that jurors' 2/3/93 lunch bill be paid by Clerk. ENT 2/4/93, JRS, filed. phb | | | | |
| Feb. 5 | 471 Petition & ORDER FOR WHCAT for Douglas Cunningham ret. 2/8/93 at 10 AM. ENT 2/5/93, JRS, filed. phb | | | | |
| Feb. 5 | — WHCAT for Douglas Cunningham ret. 2/8/93 at 10AM, issued. phb | | | | |
| Feb. 5 | 472 Petition & ORDER FOR WHCAT for Paris Robinson ret. 2/8/93 at 10 AM. ENT 2/5/93, JRS, filed. phb | | | | |
| Feb. 5 | — WHCAT for Paris Robinson ret. 2/8/93 at 10 AM, issued. phb | | | | |
| Feb. 5 | 478 Petition and ORDER directing that WHCAT be issued for Rodney Tucker ret. 2/8/93 at 10:00 a.m., ENT 02-05-93, DGL, filed. lcq | | | | |
| Feb. 5 | WHCAT issued for Rodney Tucker ret. 2/8/93 at 10:00 a.m. lq | | | | |
| Feb. 5 | 479 Deft's Motion for Proffer from the Govt as to Relevance of the Testimony from Proposed Witnesses, filed. phb | | | | |
| Feb. 5 | 480 Deft's Motion in Linine Re: 1)Murder of Torrick Brown & Wounding of Martha McCoy & 2)Murder of Katrina Rozier, filed. phb | | | | |
| Feb. 8 | 483 Govt's Amended List of Proposed Witnesses (Penalty Phase), filed. phb | | | | |

File No. 9

Interval (per Section II)    Start Date / End Date    Ltr. Total Code

J.A.11

| UNITED STATES DISTRICT COURT CRIMINAL DOCKET | U.S. vs | JOHNSON, CORY | PAGE 10 | 3:92CR68-02 |
|---|---|---|---|---|

AO 256A

| | | | | Yr. | Docket No. | Def. |
|---|---|---|---|---|---|---|

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|---|---|---|---|
| | | (Document No.) | (a) (b) (c) (d) |

**1993**

Feb. 8 — 484 — Govt's List of Proposed Exhibits. (Penalty Phase), filed. phb

Feb. 8 — 485 — Petition & ORDER FOR WHCAT for Melvin E. Garrison aka Willie Seward ret. 2/8/93 at 1PM.  ENT 2/8/93, JRS, filed.                                      phb

Feb. 8 — — WHCAT for Melvin E. Garrison aka Willie Seward ret. 2/8/93 at 1 PM, issued.                           phb

Feb. 8 — — Marshal's return on WHCAT for Rodney Tucker ret. 1/11/93 at 10 AM, executed, & filed.  (iss.12/22/92)   phb

Feb. 8 — — Marshal's return on WHCAT for Rodney Tucker ret. 1/11/93 at 10 AM, executed, & filed.  (iss.12/29/92)   phb

Feb. 8 — — **JURY TRIAL PROCEEDINGS, DAY 18 OF TRIAL, DAY 1 of PENALTY PHASE:** Spencer, J., Kull, OCR.  Appearances: Deft w/counsel, AUSA.  IN CHAMBERS:  Counsel heard as to procedures to be followed in penalty phase.  Counsel heard in argument on motions; Court's rulings in record.  IN OPEN COURT: Jury appeared.  Jury instructed by the Court on penalty phase. Govt adduced evidence; rested.  Jury discharged for the day. Counsel heard in arguments on motion for mistrial and motions regarding aggravating factors.  Court's ruling given from the bench as to those statutory and non-statutory factors that would be dismissed.  Trial adjourned for the day; to commence at 10 a.m. on 2/9/93. Deft remanded.   (2:10)        lkm

Feb. 8 — 490 — Govt's Notice of the Intention of the U.S.A. to Seek the Death Penalty, filed.                       phb

Feb. 9 — — **JURY TRIAL PROCEEDINGS, DAY 19 OF TRIAL, DAY 2 OF PENALTY PHASE:** Spencer, J., Kull, OCR.  Appearances: Deft w/counsel, AUSA.  IN CHAMBERS:  Counsel heard of deft Tipton's motion, joined by all defts, to excuse juror Cooke because of previous newspaper article on shooting at Det. Woody's car & trial testimony of defts' plans to have Det. Woody killed.  Motion denied. <u>Style</u> article of 2/9/93 submitted as appellate exhibit on behalf of all defts.  IN OPEN COURT: Jury appeared.  Jury admonished by the Court to avoid 2/9/93 issue of <u>Style</u>.  Opening statement made on behalf of deft Tipton.  Evidence adduced on behalf of deft Tipton; deft rested.  Trial adjourned for the day; to commence at 10 a.m. on 2/10/93. Deft remanded.   (3:05)        lkm

Feb. 9 — 491 — Appellate Exhibit filed on behalf of all defts.        lkm

Feb. 9 — 492 — Deft's Tendered Punishment Phase Insturctions filed.   phb

Feb. 10 — — **JURY TRIAL PROCEEDINGS, DAY 20 OF TRIAL, DAY 3 OF PENALTY PHASE:** Spencer, J., Kull, OCR.  Appearances: Deft w/counsel, AUSA.  Jury appeared.  Deft Johnson's opening statement made.  Evidence adduced by deft Johnson. Deft rested.  Trial adjourned for the day; to commence at 10 a.m. on 2/11/93. Deft remanded.   (4:05)        lkm

CONTINUED ON NEXT PAGE

File No. 9

File No. 10

| | Interval (per Section II) | Start Date End Date | Ltr. Total |
|---|---|---|---|

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

U.S. v. JOHNSON, CORY

PAGE 11        3:92CR68

AO 256A

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |

**1993**

**Feb. 11** — JURY TRIAL PROCEEDINGS, DAY 21 OF TRIAL, DAY 4 OF PENALTY PHASE: Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSA. Jury appeared. Deft Roane's opening statement made. Evidence adduced by deft Roane. Deft rested. Trial adjourned for the day; to commence at 10 a.m. on 2/12/93. Deft remanded. (3:35) lkm

**Feb. 11** 496 ORDER FOR SEQUESTRATION. ENT 2/11/93, JRS, filed. Cps. dist. (SEALED) phb

**Feb. 12** Marshal's return on executed WHCAT for Douglas Cunningham, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT for Daryl Moses, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT for Gregory Noble, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT for Melvin E. Garrison, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT of Douglas Cunningham, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT for Rodney Tucker, filed. lcq

**Feb. 12** Marshal's return on executed WHCAT for Paris Robinson, filed. lcq

**Feb. 12** — JURY TRIAL PROCEEDINGS, DAY 22, DAY 5 OF PENALTY PHASE. Appearances: Deft w/counsel, AUSA. Jury appeared. Closing arguments of counsel made. Defts' motions for mistrial and renewed motions for severance based on govt's closing arguments heard; ruling given from the bench; motions denied. Jury charged by the Court. Alternate jurors discharged. Jury retired to deliberate at 2:30 p.m. No objections noted to charge. Trial adjourned for the day; to commence on 2/13/93 at 9:30 a.m. Deft remanded. lkm

**Feb. 13** — JURY TRIAL PROCEEDINGS, DAY 23, DAY 6 OF PENALTY PHASE. Appearances: Deft w/counsel, AUSA. Jury appeared.. Jury retired to continue deliberations. Inquiry of jury rec'd, answered. Trial adjourned for the day; to commence at 9:30 a.m. on 2/15/93. Deft remanded. lkm

**Feb. 15** — JURY TRIAL PROCEEDINGS, DAY 24, DAY 7 OF PENALTY PHASE. Appearances: Deft w/counsel, AUSA. Jury appeared. Jury retired to continue deliberations. Trial adjourned for the day; to commence at 9:30 a.m. on 2/16/93. Deft remanded. (:06) lkm

**Feb. 16** 498 ORDER that jurors be kept together in custody of U.S. Marshal who shall furnish them lunch Feb. 8, 9, 10, 11, 12, & 13, 1993. ENT 2/16/93, JRS, filed. phb

**Feb. 16** 499 ORDER that U.S. Marshals Service & U.S. Bureau of Prisons are DIRECTED to permit Deft reasonable access to phones to speak w/counsel. ENT 2/16/93, JRS, filed. Cps. dist. phb

CONTINUED ON NEXT PAGE

File No. 10

| | Interval<br>(per Section II) | Start Date<br>End Date | Ltr.<br>Cd | Total<br>Day |
|---|---|---|---|---|

**J.A. 13**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET  U. S. vs

JOHNSON, CORY

AO 256A ⊕

3:92CR68-02

Yr. | Docket No. | Def.

| DATE | (Document No.) | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|---|

**1993**

Feb. 16 | — | **JURY TRIAL PROCEEDINGS, DAY 25, DAY 8 OF PENALTY PHASE.** Appearances: Deft w/counsel, AUSA. Jury appeared. Jury retired to continue deliverations. Jury returned verdict at 1:30 p.m. Jury voted a sentence of death as to killing of Peyton Maurice Johnson, Louis J. Johnson, Bobby Long, Anthony Carter, Dorothy Mae Armstrong, Curtis Thorne, and Linwood Chiles. Jury polled. Jury discharged. Sentencing set for 9 a.m. on 5/18/93. Sentencing Guideline Order ent'd. Deft remanded.  (:40)   lkm

Feb. 16 | 508 | Special Findings of Jury filed.   lkm

Feb. 16 | 509 | Decision Form as to the killing of Peyton Maurice Johnson filed.   lkm

Feb. 16 | 510 | Decision Form as to the killing of Louis J. Johnson filed.   lkm

Feb. 16 | 511 | Decision Form as to the killing of Bobby Long filed.   lkm

Feb. 16 | 512 | Decision Form as to the killing of Anthony Carter filed.   lkm

Feb. 16 | 513 | Decision Form as to the killing of Dorothy Mae Armstrong filed.   lkm

Feb. 16 | 514 | Decision Form as to the killing of Curtis Thorne filed.   lkm

Feb. 16 | 515 | Decision Form as to the killing of Linwood Chiles filed.   lkm

Feb. 16 | 516 | Certificate of Jury filed.   lkm

Feb. 16 | 523 | Sentencing Guideline Order ent'd, JRS, filed.   lkm

Feb. 16 | — | Trial exhibits in exhibit room; weapons & drugs in Drawer 2 of evidence safe; trial minutes, etc. in expandable w/file.   lkm

March 16 | 535 | Third Superseding Indictment returned before a Judge in Open Court, filed. (Applied to deft Thomas; not this deft) lkm

May 7 | 567 | Govt's Motion, filed.   phb

May 14 | 572 | Defts' Motion to Bar Imposition of the Death Penalty & for a New Jury Sentencing Hearing Due to Improper Weighing of Aggravating Circumstances, filed.   phb

May 17 | 573 | Defts' Motion to Bar Execution of Defts Due to Absence of a Congressionally Authorized Execution Method, filed.   phb

May 18 | 580 | Deft's Motion for Stay of Execution, filed.   phb

May 18 | — | **IN OPEN COURT:** Spencer, J., Kull, OCR. appearances: Deft w/counsel, AUSA. Deft's motion for continuance of sentencing heard; granted. Sentencing rescheduled for 9:30 a.m. on 6/1/93. Deft remanded.   lkm

May 21 | 581 | Deft's Motion for New Penalty Phase Trial, filed. phb

May 21 | 585 | ORDER that Defts' Joint Motion to Bar Imposition of Death Penalty Due to Improper Weighing of Aggravating Circumstances is DENIED. Deft Tipton's Motion for Leave to Interview Jury Foreperson RE: Penalty Phase Deliberations is DENIED. Deft Tipton's Motion for Disclosure of Information Relating to Mental Condition of Deft Thomas is DENIED, but doe not preclude Deft from asking 4CCA to order same, if appealed. Defts' Motions to Stay Execution are DENIED. ENT 5/21/93, JRS, filed. Cps. dist.   phb

Interval (per Section II) | Start Date End Date | Ltr. Good | Total Day

**J.A.14**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

U.S. v. JOHNSON, CORY

PAGE 13        3:92CR68-C

| DATE | PROCEEDINGS (continued) | | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| **1993** | | | | | | |
| May 24 | 586 MEMORANDUM OPINION of the Court. ENT 5/24/93, JRS, filed. Cps. dist. phb | | | | | |
| May 24 | 587 ORDER that Deft's motion for new sentencing hearing is DENIED. ENT 5/24/93, JRS, filed. Cps. dist. phb | | | | | |
| May 25 | 588 Govt's Memo. in Opposition to the Motion to Bar Execution of Defts Due to the Absence of a Congressionally-Authorized Execution Method, filed. phb | | | | | |
| May 28 | 590 Deft's Position w/Respect to Sentencing Factors,filed.phb | | | | | |
| May 28 | 591 Deft's Motion to Vacate Judgments of Convictions,filed.phb | | | | | |
| June 1 | – SENTENCING PROCEEDINGS: Spencer, J., Kull, OCR. Appearances: Deft w/counsel, AUSAs. Matter came on for sentencing. Deft's motion to vacate judgment denied. Court advised parties that jury's recommended sentence would be imposed but that the Court would not designate method of execution unless and until Congress enacted proper legislation. Objections to PSR heard; overruled. Statements made on behalf of and by deft. Govt heard. Sentence imposed: Cts. 8, 11, 17, 18, 19, 24, 25 – Death as to each ct. Life plus 85 years consisting of Ct. 2 – Life. Cts. 10,13,14,21,22,23,27,28 – Life as to each ct, concurrent. Ct. 29 – 30 yrs, concurrent. Ct. 30 – 30 yrs, concurrent. Ct. 16 – 20 yrs, concurrent. Ct. 31 – 20 yrs, concurrent. Ct. 32 – 40 yrs, concurrent. Ct. 9 – 5 yrs consecutive. Cts 12,15,20,26 – 20 yrs as to each ct., consecutive. Should deft be released, deft is placed on 5 yrs. supr release. $1300 SA. Note: conspiracy sentence is set aside when deft is convicted of both 21 USC 848 and 21 USC 848; no sentence was imposed as to Ct. 1. Deft advised of right of appeal. Deft remanded to BOP until sentence is carried out. lkm | | | | | |
| June 1 | 593 Judgment is a Criminal Case ent'd, JRS, filed. Copies distributed. lkm | | | | | |
| June 10 | 598 Deft's Notice of Appeal filed. TPO to both counsel. lkm | | | | | |
| June 10 | 599 Deft's Notice of Appeal from Sentence of Death filed. lkm | | | | | |
| June 17 | --- P.S.R. from Probation Office, rec'd. UNDER SEAL jjp | | | | | |
| June 18 | 600 ORDER that Defts are hereby ORDERED to file such amended motions by and no later than July 9, 1993, ENT 06/18/93, JRS, filed. Cps. mailed. jjp | | | | | |
| Jun. 29 | 601 Govt's Notice of Appeal, filed. TPO pkg. sent. phb | | | | | |
| Jun. 29 | – Transcript of 6/1/93, filed by OCR. phb | | | | | |
| July 22 | --- Order from USCA consolidating cases Richard Tipton 93-4005, Cory Johnson 93-4006, James H. Roane, Jr. 93-4007, Tipton, Johnson and Roane 93-4009, and Tipton 93-4010, for purposes of briefing and oral argument, filed. jjp | | | | | |
| Aug. 25 | 610 Copy of 4CCA Order extending time to file transcript, filed. phb | | | | | |
| Aug. 30 | 611 MEMORANDUM OPINION of the Court. ENT 8/30/93, JRS, filed. Cps. dist. phb | | | | | |
| Aug. 30 | 612 ORDER that Deft Tipton's Amended Motion to Vacate Judgments of Conviction is DENIED. ENT 8/30/93, JRS, filed. Cps. dist. phb | | | | | |

Interval
(per Section II)

Start Date
End Date

Ltr. Total

J.A.15

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    U. S. vs    JOHNSON, CORY     PAGE 14     3:92CR68-02

AO 256A

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1993** | | | | | |
| Sep. 3 | Transcript of proceedings of January 11, 1993, Volume I, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings lf January 12, 1993, Volume II, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 13, 1993, Volume III, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 14, 1993, Volume IV, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 15, 1993, Volume V, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 18, 1993, Volume VI, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 19, 1993, Volume VII, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 20, 1993, Volume VIII, filed by OCR.   lcq | | | | |
| Sep. 3 | Transcript of proceedings of January 21, 1993, Volume IX, filed by OCR.   lcq | | | | |
| Sep. 8 | Transcript of 1/25/93, Vol. X, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 1/26/93, Vol. XI, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 1/27/93, Vol. XII, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 1/28/93, Vol. XIII, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 1/29/93, Vol. XIV, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 2/1/93, Vol. XV, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 2/2/93, Vol. XVI, filed by OCR.   phb | | | | |
| Sep. 8 | Transcript of 2/3/93, Vol. XVII, filed by OCR.   phb | | | | |
| Sep. 14 | Transcript of 2/8/93, Vol. XVIII, filed by OCR.   phb | | | | |
| Sep. 14 | Transcript of 2/9/93, Vol. XIX, filed by OCR.   phb | | | | |
| Sep. 14 | Transcript of 2/10/93, Vol. XX, filed by OCR.   phb | | | | |
| Sep. 20 | Transcript of proceedings of February 11, 1993 Volume XXI, filed by OCR.   lcq | | | | |
| Sep. 20 | Transcript of proceedings of February 12, 1993 Volume XXII, filed by OCR.   lcq | | | | |
| Sep. 20 | Transcript of proceedings of February 13, 1993 Volume XXIII, filed by OCR.   lcq | | | | |
| Sep. 20 | Transcript of proceedings of February 15, 1993 Volume XXIV, filed by OCR.   lcq | | | | |
| Sep. 20 | Transcript of proceedings of February 16, 1993 Volume XXV, filed by OCR.   lcq | | | | |
| Sept. 29 | 615 Certification of Completion sent to USCA re: appeal by Deft.(jpea) | | | | |
| Nov. 30 | - Transcript of 12/22/92 at 2:00 p.m., filed by Crane-Snead. phb | | | | |
| Dec. 15 | 628 Amended Certificate of Completion sent to USCA re: appeal (jpea) | | | | |
| Dec. 20 | --- Amended Certificate of Completion RETURNED to USDC from USCA because additional transcripts requested.   JJP | | | | |
| Dec. 22 | Transcript of proceedings of November 2, 1992 filed by OCR.   lcq | | | | |
| **1994** Jan. 20 | - Transcript of 8/11/92 filed by OCR.   phb | | | | |

* See Next Page *

| | Interval (per Section II) | Start Date End Date | Ltr. | Total Good Day |

J.A.16

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

U.S. v. JOHNSON, CORY          PAGE 15          3:92CR68-02

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| **1994** | | | | | | |
| March 7 | 632 | 2nd Amended Certificate of Completion sent to USCA re: appeal by Deft.(jpea) | | | | |
| **1996** | | | | | | |
| July 8 | 650 | Per curiam opinion, Vol. 1 of 2, affirming in part, vacating and remanding, filed. | dht | | | |
| July 8 | 651 | Per curiam opinion, Vol. 2 of 2, affirming in part, vacating and remanding, filed. | dht | | | |
| Novm 5 | 652 | Cert. copy of judgment of USCA, filed. | dht | | | |
| Nov. 22 | 654 | ORDER of Execution setting date of 3-20-97 setting forth procedures to be followed, ent'd, JRS, filed. Copies as directed. | lkm | | | |
| **1997** | | | | | | |
| Feb. 20 | 656 | Deft's Consent Motion to Stay Execution filed. | lkm | | | |
| Feb. 21 | 657 | ORDER granting motion for stay of deft's execution scheduled for 3/20/97; execution stayed pending further order of Court. Copies to counsel. | lkm | June 2 | Order of Su | | |
| **** | | | | denying cer | | |
| Oct. 14 | 675 | Deft's Motion for leave to proceed in forma pauperis filed. | lkm | | | |
| Oct. 14 | 676 | Petitioner's Motion for appointment of counsel before filing writ of H.C. filed. | lkm | | | |
| Oct. 14 | 677 | Petitioner's Memorandum in support of motion for appointment of counsel filed. | lkm | | | |
| Nov. 14 | 679 | ORDER granting motion to proceed in forma pauperis; granting motion for appointment of counsel; appointing Barbara L. Hartun, Esq., and Edward E. Scher, Esq for petitioner. | lkm | | | |
| Nov. 14 | 680 | CJA30 appointing Edward E. Scher, Esquire. | lkm | | | |
| Nov. 14 | 681 | CJA 30 appointment Barbara L. Hartung, Esquire. | lkm | | | |
| **1998** | | | | | | |
| Feb. 23 | 693 | CJA30, No. 2 sent to Edward E. Scher, filed. | lkm | | | |
| ** April 16 | 699 | CJA30, No. 2, for Ms. Hartung filed. | lkm | | | |
| April 17 | 701 | ORDER directing that Petition for writ of habeas corpus be filed by 6/1/98, ent'd, JRS, filed. Copies mailed. | lkm | | | |
| *** | | | | | | |
| May 8 | 702 | Motion Pursuant to Local Rule 83.5 for leave to interview Jurors, Incorporating Memorandum in Support as to Cory Johnson, Richard Tipton and James Roane, Jr. Filed. | | lcn | | |
| May 22 | 707 | (See Richard Tipton) | | | | |
| May 26 | 708 | (See Richard Tipton) | | | | |
| May 26 | 709 | (See Richard Tipton) | | | | |
| June 5 | 712 | (See Richard Tipton) | | | | |
| June 10 | 713 | (See Richard Tipton) | | | | |
| June 1 | 714 | 2255 petition filed as to Cory Johnson. Civil Action #3:98CV895. | | lcn | | |
| June 15 | 719 | Memorandum in support of [714] Motion to vacate set aside, or correct sentence. as to Cory Johnson. Filed. | | lcn | | |
| ** Apr. 16 | 700A | Petitioner's Motion UNDER SEAL. | lkm | | | |
| Apr. 16 | 700B | Petitioner's Motion UNDER SEAL. | lkm | | | |
| ***Apr. 24 | 701A | ORDER UNDER SEAL. | lkm | | | |

| | | | Interval (per Section II) | Start Date End Date | Ltr. | Total |
|---|---|---|---|---|---|---|

J.A.17

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U. S. vs*  Cory Johnson

*Page 16*

3:92CR68-02

AO 256A ⊕

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
| | | (a) | (b) | (c) | (d) |
| | (Document No.) | | | | |
| June 16 | 721 ORDER as to Cory Johnson directing the Respondent to file an answer to the claims contained in the petition no later than August 14, 1998; and the Petitioner Johnson shall respond to respondent's answer within thirty (30) days of receipt of a copy of the answer. Entered JRS 6-16-98. Filed Copies distr. | 1cn | | | |
| July 22 | 727 (See Richard Tipton) | | | | |
| July 24 | 728 (See Richard Tipton) | | | | |
| Aug. 14 | 731 CJA30, No. 3, to Barbara Hartung. | 1km | | | |
| Sept. 3 | 735 Govt's Consent Motion for additional extension of time to file response to 2255 filed. | | 1km | | |
| Sept. 3 | 736 Order granting extension to file response to 2255 until 9/29/98, ent'd, JRS, filed. Copies mialed. | 1km | | | |
| Sept. 24 | 737 Deft's first amendment to intitial petition under 2255 and to memorandum in support of petition. | 1km | | | |
| Sept. 25 | 738 Consent Motion for additional extension of time for U.S. to file response to 2255 Petition filed. | 1km | | | |
| Sept. 28 | 739 ORDER granting U.S. extension of time until 10/29/98 to filed consolidated response to 2255 petition; ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Oct. 29 | 745 Govt's Motion for leave to file outsized consolidated response to 2255 motions filed. | 1km | | | |
| Oct. 29 | 746 Govt's Memorandum in response to Petitioners' Motions under 2255 filed. | 1km | | | |
| Nov. 20 | 748 Joint Consent Motion for extension of time for Petitioners to file reply to U.S. Memorandum for dismissal of 2255 Petitions filed. | | 1km | | Sap |
| Nov. 25 | 749 ORDER granting leave for petitioners to file response to govt's Memorandum on 2/1/99; ent'd, JRS,filed. Copies mailed. | 1km | | | |
| 1999 | | | | | |
| Jan. 11 | 751 ORDER granting govt's motion for leave to file outsized consolidated response to petitioners' motion under 2255, ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Jan. 19 | 752 Joint Consent Motion for extension of time to file petitioners' reply to US memorandum requesting summary dismissal of 2255 motions for collateral relief filed. | 1km | | | |
| Jan. 28 | 753 ORDER extending time for petitioners to file response to govt's memo seeking dismissal of 2255 petition until 2/22/99; ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Feb. 18 | 754 Petitioners' Joint Consent Motion for Extension of Time to respond to U.S. Memo requesting dismissal of 2255 filed. | 1km | | | |
| Feb. 22 | 755 ORDER granting motion to extend petitioners' time to respond to govt's response to 2255 until 3/15/99, ent'd, JRS, filed. Copies mailed. | 1km | | | |
| March 15 | 760 Petitioner Johnson's Motion for leave to amend and Second Amendment to Initial Petition under 2255 and to Memo in support of Petition filed. | 1km | | | |
| March 15 | 761 Petitioner Johnson's Reply Memorandum in support of initial Petition under 2255 filed. | 1km | | | |

| | | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |

**J.A. 18**

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

**U.S. v. CORY JOHNSON**          3:92CR68-02      *pAge 17*

| DATE | (Document No.) | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
| | | | (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|---|
| **1999** | | | | | | |
| April 26 | 765 | Petitioner's Notice of Supplemental Authority filed.   lkm | | | | |
| May 20 | 768 | Order granting petitioner's motion for leave to file second amendment to 2255 Petition; ent'd. JRS, filed. Copies to counsel.   lkm | | | | |
| **June 14** | 769 | CJA 30, No. 4, filed; mailed to counsel.   lkm | | | | |
| June 24 | 770 | Joint Petitioners' Motion for leave to take discovery.   lkm | | | | |
| June 29 | 771 | Petitioners' Joint Motion to Amend 2255 Petition filed.   lkm | | | | |
| July 7 | 772 | Govt Motion for extension of time to file response to Petitioners' joint motion for leave to take discovery (Styled as Consent Motion; no signatures of Petitioners; counsel.)   lkm | | | | |
| July 9 | 773 | ORDER granting govt motion for extension of time to respond to petitioners' Joint Motion for leave to take discovery; Response due by 9/7/99; ent'd, JRS, filed. Copies mailed.   lkm | | | | |
| 7/16/99 | 774 | Govt's Response to Petitioners' Motion to Amend petition filed.   lkm | | | | |
| Aug. 3 | 775 | ORDER granting Petitioners' Motion for leave to amend petition; directing amendments be filed by 10/1/99; govt response 60 days thereafter; petitioners' replies 20 days thereafter; ent'd, JRS, filed. Copies mailed.   lkm | | | | |
| Sept. 2 | 776 | Govt's Motion for extension of time to file Response to Petitioners' Joint Motion for leave to take discovery filed.   lkm | | | | |
| Sept. 7 | 777 | Petitioner Johnson's Response to govt's Motion for extension of time to file response to petitioners' Joint Motions for leave to take discovery filed.   lkm | | | | |
| Sept. 24 | 778 | Govt's Response to Petitioners' Consolidated Motion for Discovery filed.   lkm | | | | |
| Oct. 1 | 780 | Johnson's Third Amendment to initial Petition under 2255 w/supporting Memorandum filed.   lkm | | | | |
| Oct 13 | 782 | Consent Motion for an extention to time for Petitioner to file a reply to the govt's response to Petitoners' Joint Motion for Leave to take discovery, filed   srb | | | | |
| Nov. 10 | 783 | ORDER granting Petitioners' motion for extension of time to file reply to govt's response to petitioners' joint motion for leave to take discovery; directing reply be filed by COB on 1/10/00; ent'd, JRS, filed. Copies mailed.   lkm | | | | |
| Nov. 30 | 784 | Consolidated Response of U.S. to Petitioners Tipton's & Roane's 2nd Amendment to 2255 Petition & to Petitioner Johnson's 3rd Amendment to 2255 Petition.   lkm | | | | |
| Dec. 10 | 785 | Joint Consent Motion for extension of time to file Petitioners' Reply to U.S. Consolidated Response to Second and Third Amendment to 2255 Petitions filed.   lkm | | | | |
| **2000** | | | | | | |
| Jan. 5 | 786 | Petitioner Tipton's Motion for appt of counsel; Petitioners' Joint Motion for extension of time to file reply to U.S.'s consolidated response to Second and Third Amendments to 2255 Petition; Petitioners' Joint Motion for extension of time to file reply to U.S.'s response to Petitioners' consolidated motion for discovery; filed.   lkm | | | | |
| Jan. 6 | 787 | ORDER granting petitioner Tipton's motion for new counsel; counsel to be appointed; granting Petitioner Tipton's motions for extensions of time on matters pending b/4 Court; granting Petitioner Johnson's and Roane's motions for extensions of time requested in Pleadings No. 782 and 785; directing responses be filed by 2/14/00; ent'd, JRS, filed. Copies faxed & mailed.   lkm | | | | |

Interval (per Section II) | lkm | Start Date / End Date | Ltr Code | Total Day

**J.A.19**

PAGE 18

| | | | 92 C R 68-02 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U. S. vs*    **JOHNSON, CORY**

*Page 18*

AO 256A ⊕

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | | (Document No.) | (a) | (b) | (c) | (d) |
| **2000** | | | | | | |
| Feb. 14 | 791 | Petitioner Johnson's Reply to Govt's Consolidated Response to Petitioner's 3rd Amendment to 2255 Petition.filed.    lkm | | | | |
| Feb. 14 | 792 | Petitioner Johnson's Reply to U.S.'s Response to Petitioners' Consolidated Motion for Discovery filed.    lkm | | | | |
| March 6 | 796 | Petitioner Johnson's Supplemental Exhibit in support of Claim VIII of initial 2255 Petition filed.    lkm | | | | |
| April 27 | 799 | Petitioner Johnson's Notice Adopting Tipton's Reply in support of Tipton's 2nd Amendment to his 2255 Petition. filed.    lkm | | | | |
| April 27 | 800 | Petitioner Johnson's Notice Adopting Tipton's Reply in support of Petitioners' Joint Discovery Motions filed.    lkm | | | | |
| April 27 | 801 | Petitioner Johnson's Notice of Supplemental Authority in support of Petitioners' Joint Motion for Leave to Take Discovery filed.    lkm | | | | |
| April 27 | 802 | Petitioner Johnson's Notice of Supplemental Authority in support of his 2255 Petition raising cliams of Ineffective Assistance by Counsel filed.    lkm | | | | |
| May 3 | 803 | Memorandum Opinion relating to Petitioners' Joint Motion for leave to take discovery ent'd, JRS, filed.Copies mailed. | | lkm | | |
| May 3 | 804 | ORDER denying Petitioners' Joint Motion for leave to take discovery EXCEPT as to Tipton who will have until 6/16/00 to have knife tested and relevant information submitted; ent'd, JRS, filed.  Copies mailed.    lkm | | | | |
| June 1 | 805 | Petitioners' Joint Motion for reconsideration of Court's Discovery Order and supporting memorandum filed.    lkm | | | | |
| June 22 | 809 | ORDER granting motion of U.S. for extension until 7/10/00 to file response to Petitioners' Joint Motion for reconsideration of Discovery Order; ent'd, JRS, filed. Copies mailed.    lkm | | | | |
| July 10 | 813 | Response of U.S. to Petitioners' Joint Motion for Reconsideration of Discovery Order & supporting Memorandum filed.    lkm | | | | |
| July 12 | 814 | Petitioner's Notice of Supplemental Authority and Second Supplemental Exhibit in support of Claim VIII of 2255 filed.  lkm | | | | |
| July 19 | 815 | Petitioners' Reply to Response of U.S. to Petitioners' Joint Motion for Reconsideration of Court's Discovery Order and Supporting Memorandum filed.    lkm | | | | |
| Aug. 17 | 820 | Petitioner Johnson's Notice of Supplemental Authority and Supplemental Exhibit in support of Claim IV(B)(1) of Second Amendment to 2255 Petition filed.    lkm | | | | |
| Sept. 25 | 826 | Petitioner's Notice of Supplemental Authority w/exhibit filed. lkm | | | | |
| Dec. 11 | 830 | ORDER directing that Tipton's Motion to Amend 2255 Petition is granted; directing counsel to provide index for grounds for relief, listing of claims raised in Petition w/i 15 days; govt to respond & file index w/i 30 days; directing that Court will review only those claims so designated as directed in this Order; ent'd, JRS, filed. Copies mailed and faxed.    km | | | | |
| Dec. 14 | 831 | Petitioner's Motion for extension of time to respond to Order of 12/11/00 filed.  (Styled Consent Motion; no signatures for other Petitioners; filed only as to Johnson.)    lkm | | | | |
| Dec. 18 | 832 | ORDER granting Petitioner Johnson's motion for extension of time until 1/9/01 for filing directed in Order of 12/11/00; govt's response due 1/24/01.  Copies mailed.    lkm | | | | |

| Interval (per Section II) | Start Date End Date | |
|---|---|---|

UNITED STATES DISTRICT COURT          JOHNSON, CORY                          Page 19
CRIMINAL DOCKET

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|------------------------|------|------|------|------|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| **2001** | | | | | | |
| Jan. 9 | 835 | Petitioner's Index to Grounds for 2255 Relief filed.          lkm | | | | |
| Jan. 18 | 837 | Govt's Motion for extension of time to file Index of Pleadings filed. | | lkm | | |
| | Jan. 19 | –    SO ORDERED: Govt's motion for extension of time to file Index until 1/29/01; ent'd, JRS, filed. Copies to counsel. lkm | | | | |
| Jan. 29 | 838 | Govt's Index to 2255 claims raised by petitioner Johnson filed. | lkm | | | |
| July 18 | 843 | Ms. Hartung's Notice of New address and telephone number filed. lkm | | | | |
| August 10 | 844 | ORDER granting [841] Motion to Amend. United States DIRECTED to file its response to the amended claim w/in 20 days of date of entry hereof. Any reply by Tipton, Johnson or Roane shall be filed w/in 30 days of date of entry hereof; def. Tipton, Johnson or Roane shall file w/in 30 days of date of entry hereof briefs directed to additional allega- tions of default; United States must inform the Court w/in 15 days of date of entry hereof to demand summary judgment on the record currently before the Court.  ENTERED: JRS.  Copies mailed: yes | | lts | | |
| Aug. 10 | 847 | Petitioner's Notice and Motion adopting Petitioner Roane's Third Amendment as Johnson's Fourth Amendment to 2255 petition filed pursuant to Order of 8/10/01.          lkm | | | | |
| Aug. 22 | 850 | Petitioners' Joint Consent Motion for extension of time to file briefs in response to govt's new allegations of procedural default filed.          lkm | | | | |
| Aug. 23 | 851 | Govt's Motion to Dismiss, or in the alternative, for summary judgment and Brief in support filed.          lkm | | | | |
| Aug. 30 | 852 | Joint Consent Motion for extension of time for petitioners to file opposition to govt's motion to dismiss or for summary judgment filed  (As to petitioners Johnson & Roane only; incorrect signature as to Tipton.)          lkm | | | | |
| Aug. 30 | 853 | Govt's Supplemental Motion to Dismiss, or in alternative, for Summary Judgment; Response of US to petitioners' Johnson & Tipton's 4th Amended motion and petitioner Roane's 3rd amended motion filed.          lkm | | | | |
| Aug. 31 | 854 | ORDER granting petitioners extension of time to 10/1/01 to file responses to new assertions of procedural default; govt's reply due 10/11/01. Court directs U.S. to file statement of undisputed facts for summary judgment claims by 9/20/01; petitioners to respond by 10/22/01; U.S. to reply by 11/2/01; ent'd, JRS, filed.          lkm | | | | |
| Sept. 19 | 855 | Govt's Motion for extension of time to file Statement of Undisputed Facts filed.          lkm | | | | |
| Sept. 25 | 856 | ORDER grant govt's motion for extension of time to file statement of undisputed facts until 10/10/01; responses due 11/12/01; reply due 11/22/01; ent'd, JRS, filed. Copies mailed. lkm | | | | |
| Oct. 1 | 858 | Petitioner's Reply to govt's claims of procedural default filed. lkm | | | | |

SEE NEXT PAGE

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |
|--|--|--|--|--|

J.A.21

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET      U. S. vs    JOHNSON, CORY          Page 20        3:92CR68-2

AO 256A ⊕

| | | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) — (Document No.) — | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| **2001** | | | | | |
| Oct. 10 | 860  Govt's Motion for extension of time to reply to petitioners' Procedural Default Responses filed.          Ikm | | | | |
| Oct. 10 | 861  Govt's Supplemental Statement of Undisputed Material Facts in support of govt's Motion for Summary Judgment filed.    Ikm | | | | |
| Oct. 23 | 862  ORDER granting U.S. an extension of time until 10/26/01 to file responses to petitioners' new assertions of procedural default; ent'd, JRS, filed.  Copies mailed.          Ikm | | | | |
| Oct. 26 | 864  Govt's Response to Petitioner's Pleading regarding procedurally defaulted claims filed.          Ikm | | | | |
| Nov. 13 | 868  Petitioner's Opposition to govt's Motion for Summary Judgment and Motion to Dismiss and Supplemental Statement of undisputed material facts in support of its Motion for Summary Judgment filed.          Ikm | | | | |
| Nov. 27 | 870  EX PARTE, SEALED ORDER as to deft Johnson filed.      Ikm | | | | |
| Dec. 4 | 871  Petitioner Johnson's Exparte, Under Seal motion filed. | | | | |
| **2002** | | 1ts | | | |
| Jan. 2 | 872  Exparte, Under Seal ORDER ent'd, JRS, filed.  Copy to counsel. Ikm | | | | |
| Jan. 4 | 873  Exparte, Under Seal Response filed by Petititioner Johnson.   Ikm | | | | |
| Jan. 14 | 874  ORDER, Ex parte, Under Seal, ent'd as to Petitioner Johnson, JRS, filed.  Copy to Johnson counsel only.          Ikm | | | | |
| Aug. 14 | 886  ORDER directing all counsel to advise the Court by 8/30/02 if any motion/amendment based on videotapes recently provided by the U.S. will be filed.  Any such pleading must be filed by 9/13/02; U.S. to reply by 10/4/02; ent'd, JRS, filed.  Copies mailed. Ikm | | | | |
| Aug. 30 | 888  Petitioner Johnson's Consent motion for 2 week extension of time to review videotapes and submit notice to Court filed.     Ikm | | | | |
| Aug. 30 | 889  Petitioner Johnson's Notice and motion adopting argument of Petitioner roane submitted in reponse to govt letter dated 7/18/02 filed.          Ikm | | | | |
| Sept. 11 | 893  ORDER extending deadlines in Order of 8/14/02 to 9/13/02 to advise Court if motion or amendment will be filed relating to videotapes and 9/27/02 to file any such motion or amendment; ent'd, JRS, filed.  Faxed and mailed to counsel.          Ikm | | | | |
| Sept. 13 | —  By letter: counsel advises that Petitioner Johnson will not be filing any additional motions or amendments relating to videotapes interviews.          Ikm | | | | |
| **2003** | | | | | |
| May 1 | 896  Memorandum Opinion ent'd, JRS, filed.  Copies mailed.          1km | | | | |
| May 1 | 897  ORDER granting US' motion for summary judgment in part, denying in part; dismisssing Petitioners Tipton and Johnson's grounds for 2255 relief & their motions under 2255 are denied; dismissing all of Petitioner Roane's 2255 grounds except for his claim that he was denied effective assistance of counsel in conjunction with charges pertaining to murder of Douglas Moody & his claim that he is innocent of the murder of Moody; denyinig Tipton's request to conduct add'l discovery; ent'd, JRS, filed.  Copies mailed. | | | | |

Interim   Start Date
(per Section II)   End Date   JA 22

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

JOHNSON, CORY

AO 256A

| DATE | (Document No.) | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------|------|------|------|------|------|
| | | | (a) | (b) | (c) | (d) |
| **2003** | | | | | | |
| May 15 | 900 | Motion of Petitioners Tipton, Johnson & Roane to alter Court's Order and Opinion dated 5/1/03 pursuant to FRCiP 52(b) and 59(e) filed. | 1km | | | |
| May 27 | 901 | Govt's motion for extension of time to file response to Petitioners' motions pursuant to Rules 52 and 59 filed. | 1km | | | |
| June 2 | 902 | ORDER granting govt's motion for extension of time to respond to petitioners' motion to alter opinion of 5/1/03, ent'd JRS, filed. Cps mailed. | 1km | | | |
| June 5 | 903 | Counsel's Notice of new address filed by Mr. Scher. | 1km | | | |
| June 12 | 904 | Govt's Response to petitioners' motion to alter Order of 5/1/03 filed. | 1km | | | |
| July 15 | 906 | Memorandum Opinion ent'd, JRS, filed; cps mailed. | 1km | | | |
| July 15 | 907 | ORDER denying Petitioners' motion to alter or amend judgment ent'd 5/1/03 ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Sept. 11 | 908 | Petitioner Johnson's Notice of Appeal from Order ent'd 5/1/03, Order of 7/15/03, Order of 5/1/03, Order of 6/10/03, Order of 5/3/00 filed. | 1km | | | |
| Sept 17 | --- | Copy of Notice of Appeal, Orders, Memorandum Opinions, and docket sheet sent to USCA. | 1cb | | | |
| Oct. 10 | 913 | Petitioner Johnson's Motion for Certificate of Appealability filed. | 1km | | | |
| Oct. 24 | 916 | Response of U.S. to Petitioners Tipton and Johnson's Applications for Certificates of Appealability filed. | 1km | | | |
| Nov. 3 | 918 | Petitioner's Johnson Rely to Response of U.S. to Petitioner's Application for Certificate of Appealability filed. | 1km | | | |
| Nov. 26 | 920 | Memorandum of the Court ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Nov. 26 | 921 | Order granting Petitioners' motions for certificates of appealability ent'd, JRS, filed. Copies mailed. | 1km | | | |
| Dec. 9 | 923 | Certification of completion sent to USCA re: as to Cory Johnson [908] appeal by Cory Johnson | 1cb | | | |
| Aug. 9 | 935 | Opinion of USCA affirming in part, reversing in part, rec'd, filed. | 1km | | | |
| Oct. 12 | 937 | Mandate of USCA filed. | 1km | | | |
| Oct. 18 | 938 | Govt's motion to vacate stays of execution & vacate orders setting time, place & method of execution filed. | 1km | | | |
| Oct. 31 | 941 | Petitioner's Memorandum in opposition to govt's motion to vacate stay of execution & to vacate order setting execution filed. | 1km | | | |
| Nov. 3 | 942 | Govt's Reply Memorandum to its Motion to vacate stay of execution, etc. filed. | 1km | | | |

TPO ✓

| | Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    U. S. vs    JOHNSON, CORY                    3:92CR68-02

AO 256A ⊕

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|---|------------------|--------|---|---|---|
| | | (Document No.) | (a) | (b) | (c) | (d) |
| 2005 | | | | | | |
| Nov. 16 | 943 | Govt's Notice advising Court that matter is ripe & that no hearing is requested.    1km | | | | |
| Nov. 17 | 944 | ORDER granting govt's motion to vacate Orders of 11/22/96; Orders vacated.  Court to issue execution orders; vacting Order of 2/21/97 staying execution; ent'd, JRS, filed.    1km | | | | |
| Nov. 17 | 946 | ORDER directing execution of the sentence of death by a U.S. Marshal; execution shall be by lethal injection at date and place designated by the Director, Bureau of Prisons; committing Johnson to custody of Attorney General for appropriate detention pending execution; directing U.S. Marshal designated to promptly return to the Court the document informing the Court that the sentence of death has been executed; ent'd, JRS, filed. Copies to counsel, USM, BOP.    1km | | | | |
| 7/31/09 | 969 | ORDER - appointing PAUL GILL, Asst. Federal Public Defender for the purpose of seeking clemency kbh | | | | |
| 8/11/10 | 974 | EXPARTE MOTION    KBH | | | | |
| 8/17/10 | 975 | EXPARTE ORDER    KBH | | | | |
| 9/10/10 | 976 | USCA Order That the Court GRANTS counsel's motion to withdraw from further representation    kbh | | | | |
| 6/30/14 | 991 | Sealed Ex Parte Motion by Cory Johnson (w/sketch Order)    JLT | | | | |
| 5/20/16 | | USCA 2244 In re: Cory Johnson case docketed. USCA Case No. 16-4; Case Manager R.Warren    1cb | | | | |
| 6/6/16 | 1000 | USCA 2244 ORDER: The Court DENIES movant's 28 U.S.C. 2244 motion(in #16-4).    1cb | | | | |
| 6/20/16 | | USCA 2244 In re: Cory Johnson case docketed. USCA Case No. 16-13, Case manager R.Warren.    1cb | | | | |
| 6/22/16 | 1002 | USCA 2244 ORDER: The Court DENIES MOVANT"S 28 U.S.C. 2244 motion (in #16-13).    1cb | | | | |
| 4/17/19 | | USCA 2244 In re: Cory Johnson case docketed. USCA Case No. 19-1; Case Manager E.Borneiser    1cb | | | | |
| 5/14/19 | 1003 | USCA ORDER: Movant has filed a motion under 28 USC 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 USC 2255. THE COURT DENIES THE MOTION  for authorization to file a second or successive application for relief under 28 USC 2255 and GRANTS THE MOTION FOR LEAVE TO FILE A REPLY.    1cb | | | | |

CM/ECF - vaed

2255,CLOSED,DEATHP

# U.S. District Court
## Eastern District of Virginia - (Richmond)
## CRIMINAL DOCKET FOR CASE #: 3:92-cr-00068-DJN-2

Case title: USA v. Tipton, et al
Related Case: 3:20-cv-00957-DJN

Date Filed: 04/24/1992
Date Terminated: 06/01/1993

Assigned to: District Judge David J.
Novak

**Defendant (2)**

**Cory Johnson**
*TERMINATED: 06/01/1993*
*also known as*
"O"
*also known as*
"Co"

represented by **David Emmett Carney**
Skadden Arps Slate Meagher & Flom
LLP
1440 New York Ave NW
Washington, DC 20005-2111
(202) 371-7000
Email: David.Carney@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander C Drylewski**
Skadden Arps Slate Meagher & Flom
One Manhattan West
New York City, NY 10001
**NA**
212-735-2123
Fax: 917-777-2129
Email:
Alexander.Drylewski@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Appointed Attorney*

**Donald Paul Salzman**
Skadden, Arps, Slate, Meagher & Flom
(DC-NA)
1440 New York Avenue, N.W.
Washington, DC 20005
**NA**
202-371-7983
Fax: 202-661-9098
Email: salzman@skadden.com
*PRO HAC VICE*

**J.A.25**

*ATTORNEY TO BE NOTICED*
*Designation: Appointed Attorney*

**Judith A Flumenbaum**
Skadden Arps Slate Meagher & Flom
One Manhattan West
New York City, NY 10001
\*\*NA\*\*
212-735-2764
Fax: 917-777-2764
Email:
Judy.Flumenbaum@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Appointed Attorney*

**Lotus Davna Ryan**
Skadden Arps Slate Meagher & Flom
LLP (DC)
1440 New York Ave NW
Washington, DC 20005-2111
202-371-7000
Fax: 202-661-0527
Email: lotus.ryan@skadden.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**Wakeel Sabur**
1003659
Red Onion State Prison
PO Box 970
Pound, VA 24279

---

**Intervenor**

**Willie Lee Seward**

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **S. David Schiller** |
| *TERMINATED: 05/27/1992* | | Office of the U.S. Attorney |

**S. David Schiller**
Office of the U.S. Attorney
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219
(804) 819-5400
Email: david.schiller@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Attias**
United States Attorney Office
(Richmond-NA)
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219
**NA**
804-819-5400
Email: joseph.attias2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Richard D. Cooke**
United States Attorney's Office
(Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219
804-819-5449
Email: richard.cooke@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Thomas Arthur Garnett**

US Attorney Office (Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219
(804) 819-5431
Email: Thomas.A.Garnett@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2020 | | Case reassigned to District Judge David J. Novak. District Judge James R. Spencer no longer assigned to the case. (jsmi, ) (Entered: 03/23/2020) |
| 05/27/2020 | | Appeal Remark: USCA 2255 case docketed. USCA Case 20-8, Case Manager EBorneisen (lgar, ) (Entered: 05/27/2020) |
| 07/16/2020 | 12 | 2255 ORDER of USCA as to Cory Johnson : Upon consideration of submissions relative to the movants motion to hold in abeyance, the court grants the motion and places this case in abeyance pending a decision by this court in United States v. Taylor, No. 19-7616. Entered at the direction of Judge Motz with the concurrence of Judge Floyd. Judge Wilkinson voted to deny authorization to file a successive motion under 28 U.S.C. § 2255. (lbre, ) (Entered: 07/16/2020) |
| 08/07/2020 | 28 | NOTICE OF ATTORNEY APPEARANCE Richard D. Cooke appearing for USA. (Cooke, Richard) (Entered: 08/07/2020) |
| 08/19/2020 | 33 | NOTICE OF ATTORNEY APPEARANCE: David Emmett Carney appearing for Cory Johnson (Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 34 | Motion to appear Pro Hac Vice by Donald P. Salzman and Certification of Local Counsel David E. Carney (Filing fee $ 75 receipt number 0422-7359816.) by Cory Johnson. (Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 35 | Motion to appear Pro Hac Vice by Alexander C. Drylewski and Certification of Local Counsel David E. Carney (Filing fee $ 75 receipt number 0422-7359818.) by Cory Johnson. (Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 36 | Motion to appear Pro Hac Vice by Judith A. Flumenbaum and Certification of Local Counsel David E. Carney (Filing fee $ 75 receipt number 0422-7359819.) by Cory Johnson. (Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 37 | MOTION for Leave to File Excess Pages by Cory Johnson. (Attachments: # 1 Proposed Order)(Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 38 | MOTION to Reduce - First Step Act *(Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018)* by Cory Johnson. (Attachments: # 1 Proposed Order)(Carney, David) (Entered: 08/19/2020) |
| 08/19/2020 | 39 | Memorandum in Support by Cory Johnson re 38 MOTION to Reduce - First Step Act *(Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018)* (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 |

**J.A.28**

| | | |
|---|---|---|
| | | Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35) (Carney, David) (Entered: 08/19/2020) |
| 08/20/2020 | 40 | ORDER that the Court hereby GRANTS Defendant Corey Johnsons 37 Motion for Leave to File Excessive Pages. The Government shall have an equal number of pages for its response. See Order for details. Signed by District Judge David J. Novak on 8/20/2020. (jsmi, ) (Entered: 08/20/2020) |
| 09/04/2020 | 46 | ORDER as to Corey Johnson that the Court hereby DIRECTS the United States Attorney's Office to respond within 15 days of this Order and to explain its position regarding Defendant's First Step Act Motion and requested relief. If Defendant disagrees with the Government's response, Defendant may reply to the Government's response within 15 days of the date that the Government's response is filed. The United States Probation Office is DIRECTED to prepare a First Step Act Worksheet within 14 days of the date of entry hereof. See Order for details. Signed by District Judge David J. Novak on 9/2/2020. (jsmi, ) (Entered: 09/04/2020) |
| 09/04/2020 | 47 | ORDERS granting 34 , 35 , and 36 Motions for Pro hac vice as to Cory Johnson. Alexander C. Drylawski, Judith A. Flumenbaum, and Donald P. Salzman added. Signed by District Judge David J. Novak on 9/2/2020. (jsmi, ) (Entered: 09/04/2020) |
| 09/18/2020 | 51 | First Step Act Work Sheet (Sealed Document) as to Cory Johnson (drumheller, dorothy) (Entered: 09/18/2020) |
| 09/21/2020 | 52 | MOTION for Extension of Time to File Response/Reply as to 39 Memorandum in Support of Motion,,, 38 MOTION to Reduce - First Step Act *(Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018)* by USA as to Cory Johnson. (Attias, Joseph) (Entered: 09/21/2020) |
| 09/22/2020 | 56 | ORDER that Government's 52 Unopposed Motion for a Two Day Extension for Filing the United States' Response to§ 404 Motion moving for a two-day extension to respond to Defendant Corey Johnson's First Step Act Motion is hereby GRANTED. The Government shall have until September 23, 2020, by which to file its response to Defendant's First Step Act Motion. Signed by District Judge David J. Novak on 9/21/2020. (jsmi, ) (Entered: 09/22/2020) |
| 09/23/2020 | 58 | RESPONSE in Opposition by USA as to Cory Johnson re 38 MOTION to Reduce - First Step Act *(Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018)* (Attias, Joseph) (Entered: 09/23/2020) |
| 10/08/2020 | 63 | NOTICE OF ATTORNEY APPEARANCE: Lotus Davna Ryan appearing for Cory Johnson (Ryan, Lotus) (Entered: 10/08/2020) |
| 10/08/2020 | 64 | |

| | | |
|---|---|---|
| | | Reply to Motion by Cory Johnson re 38 MOTION to Reduce - First Step Act *(Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018)* (Attachments: # 1 Index to Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Carney, David) (Entered: 10/08/2020) |
| 11/03/2020 | 68 | ORDER of USCA(20-8) as to Cory Johnson : For reasons appearing to the court, this case is placed in abeyance pending a decision by this court in U.S. v. Juan Ortiz-Orellana, No. 16-4844. (lgar, ) (Entered: 11/03/2020) |
| 11/17/2020 | 72 | PAPER DOCKET SHEET as to Cory Johnson. (jsmi, ) (Entered: 11/17/2020) |
| 11/19/2020 | 75 | ORDER as to Cory Johnson that the Court finds that Defendant's convictions on Counts Two, Eight, Eleven, Seventeen, Eighteen, Nineteen, Twenty-Four and Twenty-Five Jo not constitute covered offenses under the First Step Act. Although Defendant's convictions on Counts Thirty-One and Thirty-Two do constitute covered offenses, the Court declines to exercise its discretion to reduce Defendant's sentence. Therefore, Defendant's 38 Motion for a Reconsideration of Sentence Hearing Pursuant to the First Step Act of 2018 will be denied. Signed by District Judge David J. Novak on 11/19/2020. (jsmi, ) (Entered: 11/19/2020) |
| 11/20/2020 | 77 | NOTICE *of Appeal* by Cory Johnson re 75 Order on Motion to Reduce - First Step Act,, (Carney, David) (Entered: 11/20/2020) |
| 11/20/2020 | 78 | NOTICE *of execution date* by USA (Cooke, Richard) Modified on 11/23/2020 to correct text(tjoh, ). (Entered: 11/20/2020) |
| 11/23/2020 | 79 | Transmission of Notice of Appeal to US Court of Appeals as to Cory Johnson re 77 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (lbre, ) (Entered: 11/23/2020) |
| 11/23/2020 | | USCA Case Number 20-15, Case Manager E.Borneisen, for 77 Notice of Appeal filed by Cory Johnson.(lbre, ) (Entered: 11/24/2020) |
| 12/08/2020 | 84 | MOTION TO INTERVENE by Willie Lee Seward. (jsmi, ) (Entered: 12/08/2020) |
| 12/14/2020 | 86 | MOTION to Vacate under 28 U.S.C. 2255 by Cory Johnson. (Attachments: # 1 Index to Exhibits, # 2 Exhibit 1, # 3 Exhibit 1(a), # 4 Exhibit 2, # 5 Exhibit 2 (a), # 6 Exhibit 3, # 7 Exhibit 3(a), # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6) (Carney, David) <br> Civil case 3:20-cv-00957 opened. (Entered: 12/14/2020) |
| 12/14/2020 | 87 | NOTICE *of Submission of Exhibit 7 - Parts 1-3* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 7 - Part 1, # 3 Exhibit 7 - Part 2, # 4 Exhibit 7 - Part 3)(Carney, David) (Entered: 12/14/2020) |
| 12/14/2020 | 88 | NOTICE *of Submission of Exhibits 8 - 17* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12, # 7 Exhibit 13, # 8 Exhibit 14, # 9 Exhibit 15, # 10 Exhibit 16, # 11 Exhibit 17)(Carney, David) (Entered: 12/14/2020) |

J.A.30

| 12/14/2020 | 89 | NOTICE *of Submission of Exhibits 18 - 30* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 18 - Part 1, # 3 Exhibit 18 - Part 2, # 4 Exhibit 19, # 5 Exhibit 20, # 6 Exhibit 21, # 7 Exhibit 22, # 8 Exhibit 23, # 9 Exhibit 24, # 10 Exhibit 25, # 11 Exhibit 26, # 12 Exhibit 27, # 13 Exhibit 28, # 14 Exhibit 29, # 15 Exhibit 30)(Carney, David) (Entered: 12/14/2020) |
| --- | --- | --- |
| 12/14/2020 | 90 | NOTICE *of Submission of Exhibits 31 - 44* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 31, # 3 Exhibit 32, # 4 Exhibit 33, # 5 Exhibit 34, # 6 Exhibit 35, # 7 Exhibit 36, # 8 Exhibit 37, # 9 Exhibit 38, # 10 Exhibit 39, # 11 Exhibit 40, # 12 Exhibit 41, # 13 Exhibit 42, # 14 Exhibit 43, # 15 Exhibit 44)(Carney, David) (Entered: 12/14/2020) |
| 12/14/2020 | 91 | NOTICE *of Submission of Exhibits 45 - 54* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 45, # 3 Exhibit 46, # 4 Exhibit 47, # 5 Exhibit 48, # 6 Exhibit 49, # 7 Exhibit 50, # 8 Exhibit 51, # 9 Exhibit 52, # 10 Exhibit 53, # 11 Exhibit 54)(Carney, David) (Entered: 12/14/2020) |
| 12/14/2020 | 92 | NOTICE *of Submission of Exhibits 55 - 70* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 55, # 3 Exhibit 56, # 4 Exhibit 57, # 5 Exhibit 58, # 6 Exhibit 59, # 7 Exhibit 60, # 8 Exhibit 61, # 9 Exhibit 62, # 10 Exhibit 63, # 11 Exhibit 64, # 12 Exhibit 65, # 13 Exhibit 66, # 14 Exhibit 67, # 15 Exhibit 68, # 16 Exhibit 69, # 17 Exhibit 70)(Carney, David) (Entered: 12/14/2020) |
| 12/14/2020 | 93 | NOTICE *of Submission of Exhibits 71 - 74* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 71, # 3 Exhibit 72, # 4 Exhibit 73 - Part 1, # 5 Exhibit 73 - Part 2, # 6 Exhibit 74)(Carney, David) (Entered: 12/14/2020) |
| 12/14/2020 | 94 | NOTICE *of Submission of Exhibits 75 - 79* by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Attachments: # 1 Index to Exhibits, # 2 Exhibit 75 - Part 1, # 3 Exhibit 75 - Part 2, # 4 Exhibit 76, # 5 Exhibit 77, # 6 Exhibit 78, # 7 Exhibit 79)(Carney, David) (Entered: 12/14/2020) |
| 12/15/2020 | 95 | ORDER that the Government file a brief addressing these issues, which shall not exceed 14 pages, not later than December 21, 2020. Petitioner shall file any reply, limited to 7 pages, not later than December 24, 2020. Following this briefing, should the Court find that it may consider the merits of the Second § 2255 Petition, the Court will set a briefing schedule to address the merits of the Second § 2255 Petition. See Order for details. Signed by District Judge David J. Novak on 12/15/2020. (jsmi, ) (Entered: 12/15/2020) |
| 12/21/2020 | 96 | RESPONSE in Opposition by USA as to Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 (Cooke, Richard) (Entered: 12/21/2020) |
| 12/24/2020 | 97 | REPLY TO RESPONSE to by Cory Johnson re 86 MOTION to Vacate under 28 U.S.C. 2255 *(Corey Johnson's Reply Pursuant to December 15, 2020 Order)* (Attachments: # 1 Exhibit 1)(Carney, David) (Entered: 12/24/2020) |
| 12/31/2020 | 98 | |

**J.A.31**

| | | |
|---|---|---|
| | | MOTION for Leave to File by USA as to Cory Johnson. (Attachments: # 1 Exhibit supplemental authority, # 2 Proposed Order)(Cooke, Richard) (Entered: 12/31/2020) |
| 01/02/2021 | 99 | MEMORANDUM OPINION as to Cory Johnson. Signed by District Judge David J. Novak on 1/2/2021. (cgar) (Entered: 01/02/2021) |
| 01/02/2021 | 100 | ORDER granting 98 Motion for Leave to File Supplemental Authority as to Cory Johnson (2). Signed by District Judge David J. Novak on 1/2/2021. (cgar) (Entered: 01/02/2021) |
| 01/02/2021 | 101 | Supplemental Authority by USA as to Cory Johnson. (cgar) (Entered: 01/02/2021) |
| 01/02/2021 | 102 | ORDER dismissing without prejudice for want of jurisdiction 86 Motion to Vacate (2255) certificate of appealability is denied as to Cory Johnson (2). Appeal must be filed within sixty (60) days. Signed by District Judge David J. Novak on 1/2/2021. (cgar)<br>Civil Case 3:20-cv-00957-DJN closed. (Entered: 01/02/2021) |
| 01/04/2021 | 103 | NOTICE *of Appeal* by Cory Johnson re 102 Order on Motion to Vacate (2255), (Carney, David) (Entered: 01/04/2021) |
| 01/05/2021 | 104 | Transmission of Notice of Appeal to US Court of Appeals as to Cory Johnson re 103 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (lbre, ) (Entered: 01/05/2021) |
| 01/05/2021 | | USCA Case Number 21-1, Case Manager E.Borneisen, for 103 Notice of Appeal filed by Cory Johnson. (lbre, ) (Entered: 01/06/2021) |
| 01/06/2021 | 105 | MOTION for Reconsideration by Wakeel Sabur. (jsmi, ) (Entered: 01/06/2021) |
| 01/07/2021 | | USCA 2244 case docketed. USCA Case #21-2, Case Manager E.Borneisen. (lbre, ) (Entered: 01/08/2021) |
| 01/10/2021 | 107 | MOTION to Vacate *(Motion to Vacate 2005 Amendment to the Judgment and Order)* by Cory Johnson. (Attachments: # 1 Index to Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Proposed Order)(Carney, David) (Entered: 01/10/2021) |
| 01/11/2021 | 108 | ORDER that the Court ORDERS the Government to respond to Defendant's 107 Motion to Vacate 2005 Amendment to the Judgment and Order not later than January 12, 2021, at 8:00 a.m. Due to the expedited nature of this issue, the Court intends to rule on Defendant's Motion without a reply from Defendant. Signed by District Judge David J. Novak on 1/11/2021. (jsmi, ) (Entered: 01/11/2021) |
| 01/11/2021 | 109 | NOTICE *(Notice of Authority Cited In Defendant's Motion to Vacate 2005 Amendment to the Judgment and Order)* by Cory Johnson re 107 MOTION to Vacate *(Motion to Vacate 2005 Amendment to the Judgment and Order)* (Attachments: # 1 Exhibit 13)(Carney, David) (Entered: 01/11/2021) |
| 01/11/2021 | 110 | |

J.A.32

| | | RESPONSE in Opposition by USA as to Cory Johnson re 107 MOTION to Vacate *(Motion to Vacate 2005 Amendment to the Judgment and Order)* (Attias, Joseph) (Entered: 01/12/2021) |
|---|---|---|
| 01/12/2021 | 111 | ORDER denying 107 Motion to Vacate as to Cory Johnson (2). Signed by District Judge David J. Novak on 1/12/2012. (cgar) (Entered: 01/12/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/12/2021 13:25:27 | | | |
| **PACER Login:** | SkaddenDC18:2629000:0 | **Client Code:** | 811110-06586 Owens |
| **Description:** | Docket Report | **Search Criteria:** | 3:92-cr-00068-DJN |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**J.A.33**



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



JUL 2 0 1992

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:92CR68 |
| ) | |
| RICHARD TIPTON aka Whittey ) | 21 USC § 846 |
| (Counts 1-7, 11-30, 32-33) ) | Conspiracy |
| ) | (Count 1) |
| CORY JOHNSON aka "O" aka "CO" ) | |
| (Counts 1, 2, 8-32) ) | 21 USC § 848 |
| ) | Continuing Criminal Enterprise |
| JAMES H. ROANE, JR., aka "J.R." ) | (Count 2) |
| (Counts 1, 2, 5-16, 32) ) | |
| ) | 21 USC § 848(e)(1)(A) & 18 USC § 2 |
| VERNON LANCE THOMAS ) | Murder in Furtherance of CCE |
| aka Anthony Mack aka "V" ) | (Counts 3,5,8,11,17,18,19,24,25) |
| (Counts 1, 2, 11-16, 24-30, 32) ) | |
| ) | 18 USC § 924(c) |
| JERRY R. GAITERS ) | Use of Firearm in Relation to Crime of |
| (Counts 1, 17-23, 32) ) | Violence or Drug Trafficking Crime |
| ) | (Counts 6,9,12,15,20,26) |
| STERLING HARDY ) | |
| (Counts 1, 14-16, 32) ) | 18 USC §§ 1959 & 2 |
| ) | Violent Crimes in Aid of Racketeering |
| SANDRA REAVIS ) | (Counts 4,7,10,13,14,16,21-23,27-30) |
| (Count 1) ) | |
| ) | 21 USC § 841(a)(1) |
| ) | Distribution of Crack |
| ) | (Count 31) |
| ) | |
| ) | 21 USC § 841(a)(1) & 18 USC § 2 |
| ) | Possession w/Intent to Distribute Crack |
| ) | (Counts 32-33) |

00085

J.A.34

## SECOND SUPERSEDING INDICTMENT

### JULY 1992 TERM - At Richmond

### COUNT ONE

THE GRAND JURY CHARGES that from on or about January, 1989, the exact date being unknown to the grand jury, and continuously thereafter up to and including the filing of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants, RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES H. ROANE, JR., aka "J.R.", JERRY GAITERS, STERLING HARDY, and SANDRA REAVIS, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury to commit the following offenses against the United States of America:

1.    To knowingly, intentionally, and unlawfully possess with the intent to distribute, and to distribute, a Schedule II narcotic controlled substance, that is, at least fifty (50) grams or more of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).

### WAYS, MANNERS, AND MEANS OF THE CONSPIRACY

The ways, manners, and means by which the conspirators carried out the purpose of the conspiracy includes, but are not limited to, the following:

1.    It was part of the conspiracy that defendants and co-conspirators would cause cocaine to be purchased in New York City, and elsewhere, and transported to Richmond, Virginia, where the cocaine was to be distributed.

2

00086

406a

J.A.35

2.    It was further part of the conspiracy that once the defendants and co-defendants would receive cocaine in Richmond, Virginia, they would cook the cocaine in such a way to make it cocaine base ("crack" or "cook-em-up"), which cocaine was intended to be distributed on the streets of Richmond, Virginia.

3.    It was further part of the conspiracy that the defendants and co-defendants would induce other individuals to work for them selling the crack cocaine on the streets of Richmond, Virginia.

4.    It was further part of the conspiracy to engage in a pattern of violent activity, including murder, assaults, and threats of violence to further the goals of the conspiracy.  To that end, members of the conspiracy bought, possessed, and transferred firearms, which firearms were used in their violent activities.

## OVERT ACTS

In furtherance of this conspiracy, and to bring about the objects and goals of the conspiracy, the defendants, co-conspirators, and unindicted co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1.    In or about December, 1991, defendants RICHARD TIPTON, aka Whittey, and CORY JOHNSON, aka "O," aka "CO", assaulted an individual known to the grand jury over a cocaine debt.

2.    On or about January 5, 1992, RICHARD TIPTON, aka Whittey, murdered Douglas A. Talley.

3

3. On or about January 13, 1992, RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R." murdered Douglas Moody.

4. On or about January 13, 1992, an individual known to the grand jury, disposed of the knife used by JAMES ROANE, JR., aka "J.R.", to kill Doug Moody.

5. On or about January 14, 1992, members of the conspiracy caused an individual known to the grand jury to purchase one Glock handgun and two Tech 9mm handguns from Southern Gun World in Richmond, Virginia.

6. On or about January 14, 1992, JAMES ROANE, JR., aka "J.R." and CORY JOHNSON, aka "O," aka "CO", murdered Peyton Maurice Johnson.

7. On or about January 15, 1992, CORY JOHNSON, aka "O," aka "CO", distributed a certain amount of cocaine base ("crack" or "cook em up") in Richmond, Virginia.

8. On or about January 29, 1992, RICHARD TIPTON aka Whittey, JAMES ROANE, JR., aka "J.R.", and CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", murdered Louis J. Johnson, Jr., in Richmond, Virginia.

9. On or about January 31, 1992, CORY JOHNSON, aka "O," aka "CO", assaulted an individual known to the grand jury over a drug debt, and solicited that individual to kill Dorothy Armstrong.

10. On or about February 1, 1992, JAMES ROANE, JR., aka "J.R.", RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", VERNON

4

00088

408a

J.A.37

LANCE THOMAS, aka Anthony Mack, aka "V",and STERLING HARDY murdered Torrick Brown and shot Martha McCoy in Richmond, Virginia.

11. On or about February 1, 1992, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS murdered Bobby Long, Anthony Carter, and Dorothy Mae Armstrong aka Mousey, in Richmond, Virginia.

12. On or about February 2, 1992, defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", STERLING HARDY, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES H. ROANE, JR., aka "J.R.", and JERRY GAITERS possessed with the intent to distribute crack cocaine.

13. On or about February 13, 1992, STERLING HARDY solicited the murders of certain individuals.

14. On or about February 19, 1992, RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", murdered Curtis Thorne, Linwood Chiles, and shot, seriously wounding, Gwendolyn Green and Priscilla Green, in Richmond, Virginia.

15. On or about April 10, 1992, RICHARD TIPTON, aka Whittey, possessed with the intent to distribute crack cocaine in Richmond, Virginia.

(In violation of Title 21, United States Code, Section 846).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES that from at least January, 1991, and continuously thereafter up to and including the date of the filing of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants RICHARD TIPTON,

5

00089

J.A.38

aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", unlawfully, intentionally, and knowingly, did engage in a Continuing Criminal Enterprise, that is, they did violate Title 21, United States Code, Section 841 and 846, including, but not limited to, those violations alleged in the instant indictment, which are realleged and incorporated by reference herein, and did commit other violations of said statutes, which violations were part of a continuing series of violations of said statutes undertaken by RICHARD TIPTON, aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", in concert with at least five other persons with respect to whom they occupied positions of organizer, supervisor, and manager, and from which continuing series of violations the defendant, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O", aka "CO," JAMES H. ROANE, JR., aka "JR," and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", obtained substantial income and resources.

(In violation of Title 21, United States Code, Section 848.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES that on or about January 5, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant RICHARD TIPTON aka Whittey, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Douglas A. Talley, and such killing resulted.

6

00090

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES that on or about January 5, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant, RICHARD TIPTON aka Whittey, did knowingly, intentionally, and unlawfully cause the murder of Douglas Talley, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Douglas Moody, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

7

00091

411a

J.A.40

## COUNT SIX

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Five and Seven of this Indictment. (In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES that on or about January 13, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, and JAMES H. ROANE, JR., aka "J.R.", did knowingly, intentionally, and unlawfully cause the murder of Douglas Moody, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

8

00092

J.A.41

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Peyton Maurice Johnson, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT NINE

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants JAMES H. ROANE, JR., aka "J.R.", and CORY JOHNSON, aka "O," aka "CO", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Eight and Ten of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

9

00093

## COUNT TEN

THE GRAND JURY FURTHER CHARGES that on or about January 14, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, JAMES H. ROANE, JR., aka "J.R." and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Peyton Maurice Johnson, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Louis J. Johnson, Jr., and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

10

00094

414a

J.A.43

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Eleven and Thirteen of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES that on or about January 29, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", and VERNON LANCE THOMAS, aka Anthony Mack, aka "V", did knowingly, intentionally, and unlawfully cause the murder of Louis J. Johnson, Jr., as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in

11

00095

415a

J.A.44

narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, intentionally, and unlawfully cause the murder of Torrick Brown, Jr., as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court

12

of the United States, that is a violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 1959, as set forth in Counts One, Fourteen and Sixteen of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, JAMES H. ROANE, JR., aka "J.R.", CORY JOHNSON, aka "O," aka "CO", VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and STERLING HARDY, did knowingly, intentionally, and unlawfully commit assault resulting in serious bodily injury to Martha McCoy, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21

13

00097

417a

J.A.46

USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Bobby Long, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Anthony Carter, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded,

14

00098

418a

J.A.47

induced, procured, and caused the intentional killing of Dorothy Mae Armstrong, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Sections 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Seventeen, Eighteen & Nineteen and Twenty-One through Twenty-Three of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Bobby Long, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity,

15

00099

419a

J.A.48

and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Anthony Carter, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES that on or about February 1, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", and JERRY GAITERS, did knowingly, intentionally, and unlawfully cause the murder of Dorothy Mae Armstrong, as consideration for the receipt of, and as consideration for a promise and

16

00100

420a

J.A.49

agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Curtis Thorne, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", while engaged in and working in furtherance of a Continuing Criminal Enterprise, 21 USC § 848(a), knowingly,

17

00101

421a

J.A.50

intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Linwood Chiles, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.).

## COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, willfully, and unlawfully use a firearm, during and in relation to a crime of violence or a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is a violation of Title 21, United States Code, Section 846 and 848, and Title 18, United States Code, Section 1959, as set forth in Counts One, Twenty-Four, Twenty-Five and Twenty-Seven through Thirty of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2.)

## COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Curtis Thorne, as consideration for the receipt of, and as

18

00102

422a

J.A.51

consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the murder of Linwood Chiles, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and

19

00103

J.A.52

unlawfully cause the maiming of Priscilla Green, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES that on or about February 19, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON, aka Whittey, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", and CORY JOHNSON, aka "O," aka "CO", did knowingly, intentionally, and unlawfully cause the maiming of Gwendolyn Green, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, said racketeering activity being dealing in narcotic or other dangerous drugs.

(In violation of Title 18, United States Code, Sections 1959 and 2.)

## COUNT THIRTY-ONE

THE GRAND JURY FURTHER CHARGES that on or about January 15, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendant, CORY

20

00104

424a

J.A.53

JOHNSON, aka "O," aka "CO", did knowingly and intentionally distribute a Schedule II narcotic controlled substance, that is, a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES that on or about February 2, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD TIPTON aka Whittey, CORY JOHNSON, aka "O," aka "CO", STERLING HARDY, VERNON LANCE THOMAS, aka Anthony Mack, aka "V", JAMES ROANE, JR., aka "J.R.", and JERRY GAITERS, did knowingly and intentionally possess with the intent to distribute a Schedule II narcotic controlled substance, that is, more than fifty (50) grams of a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES that on or about April 10, 1992, at Richmond, Virginia, in the Eastern District of Virginia, the defendants, RICHARD

21

00105

425a

J.A.54

TIPTON aka Whittey, did knowingly and intentionally possess with the intent to distribute a Schedule II narcotic controlled substance, that is, more than fifty (50) grams of a mixture and substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack," or "cook em up."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

A TRUE BILL:

/s/ *Christopher F. Snead*
**FOREPERSON**

RICHARD CULLEN
UNITED STATES ATTORNEY

By:

Howard C. Vick, Jr.
Assistant United States Attorney

William Parcell
Special Assistant U.S. Attorney

22

00106

426a

J.A.55

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                    Criminal No. 3:92cr68 (DJN)

COREY JOHNSON,
    Defendant.

## MEMORANDUM ORDER
### (Denying Motion to Vacate)

This matter comes before the Court on Defendant Corey Johnson's ("Defendant") Motion

to Vacate 2005 Amendment to the Judgment and Order (the "Motion" (ECF No. 107)), moving

the Court to vacate its order issued on November 17, 2005 (the "Execution Order" (Dkt No.

949)), directing the manner in which Defendant's execution would occur.  For the reasons set

forth below, the Court hereby DENIES Defendant's Motion.

## I.    BACKGROUND[1]

On June 1, 1993, following a jury trial and penalty hearing, the Court entered the

Judgment in a Criminal Case, sentencing Defendant to death for seven murder convictions, along

with sentences for various other convictions. (the "Judgment" (Dkt. No. 593).)  However, the

Court refused to enter a separate order implementing the execution and stayed the execution until

such time as Congress had authorized the means of execution. *United States v. Roane*, 378 F.3d

382, 392 (4th Cir. 2004).  On appeal, the Fourth Circuit vacated the stay of the death sentences

and remanded for the executions to proceed in accordance with regulations promulgated by the

---

[1]    The Court has recently had occasion to recite the facts surrounding these gruesome murders (ECF Nos. 75, 102) and, therefore, will forego a full recitation of the factual and procedural background.  Instead, it will focus only on the procedural background that bears on the resolution of Defendant's instant Motion.

**J.A.56**

Attorney General. *United States v. Tipton*, 90 F.3d 861, 901-03 (4th Cir. 1996).

On November 22, 1996, the Court entered an order implementing the sentence based on the Fourth Circuit's instructions. (Dkt. No. 653.) Pursuant to the then-current regulations promulgated by the Attorney General, the Court ordered the United States Marshal to implement Defendant's death sentence on March 20, 1997, in Virginia and in the manner prescribed by Virginia law. At the time that the Court entered this initial execution order, the federal government did not maintain a death chamber. On February 21, 1997, granting a consent motion, the Court stayed the scheduled executions "pending further order of this Court." (Dkt. No. 657.)

On October 18, 2005, after Defendant exhausted his collateral attacks on the sentence, the Government moved the Court to vacate its order staying the execution and its initial orders setting the time, place and method of execution, because the federal government had built a functioning death chamber. (Dkt. No. 938 at 4-5.) In opposing the Government's motion, Defendant did not challenge the Court's jurisdiction or suggest in any way that the Court lacked the authority to enter new execution orders. (Dkt. No. 941 at 2-3.) On November 17, 2005, the Court entered an order vacating the stay of execution. (Dkt. No. 944.) The Court further entered the Execution Order, directing that the execution would occur by lethal injection at a time and place designated by the Director of the Federal Bureau of Prisons. (Dkt. No. 946.) Neither order purported to amend the Judgment. Defendant did not appeal either order.

On November 20, 2020, the Government informed Defendant that it had scheduled his execution to occur on January 14, 2021. (ECF No. 78.) Defendant currently has three appeals pending in the Fourth Circuit, including the Court's Orders denying his motion under the First Step Act (ECF No. 75) and dismissing his successive § 2255 petition (ECF No. 102), as well as

2

**J.A.57**

an application to the Fourth Circuit for authorization to file a successive § 2255 petition.

Finally, on January 10, 2021, Defendant filed the instant Motion to vacate the Court's Execution Order. Defendant argues that the Court lacked jurisdiction to alter Defendant's sentence in 2005, because a sentence can be modified only in limited circumstances. But, Defendant does not identify the procedural mechanism through which he moves the Court for the requested relief. The Government opposes the Motion on the grounds that the Execution Order did not modify the Judgment and, in any event, Defendant's challenge fails for untimeliness. (Government's Response Opposing Motion to Vacate ("Govt's Opp'n") (ECF No. 110) at 6-7.)

## II.    ANALYSIS

As a threshold matter, the Court agrees with the Government that the Execution Order did not modify the Judgment. Instead, it modified the orders directing how the Judgment would be implemented. This fact forecloses Defendant's arguments, as he grounds his Motion in the finality of criminal *judgments*. However, even assuming that the Execution Order merged with the Judgment, Defendant's Motion still fails for the reasons that follow.

In arguing that the Execution Order merged with the Judgment, Defendant therefore asks this Court to vacate what he deems the Court's sentencing order. Courts operate under a "baseline rule of sentence finality," which states that "[g]enerally, sentences may not be modified once imposed." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). Only a few limited exceptions exist, none of which applies here. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] Here, Defendant certainly missed the fourteen-day window to move under Rule 35. Moreover, Defendant points

---

[2]    Rule 35(b) allows for a sentence reduction for substantial assistance to the Government, but that provision also does not apply here.

3

**J.A.58**

to no arithmetical, technical or other error in the Execution Order that requires correction. Instead, he challenges generally the entry of the Execution Order. He does not challenge any particular error contained therein. As such, Rule 35 does not apply.

Likewise, Congress provided exceptions to the rule of sentence finality in 18 U.S.C. § 3582, which provides that the "court may not modify a term of imprisonment once it has been imposed except" for "extraordinary and compelling reasons," for certain elderly prisoners, as "otherwise expressly permitted by statute" or pursuant to sentencing range reductions. 18 U.S.C. § 3582(c). Defendant offers no extraordinary and compelling reasons that would justify vacating the Execution Order. Nor does he point to a statute expressly permitting the vacatur. Likewise, he cannot qualify for the elderly exception or the sentencing range reduction exception.

The case that Defendant most heavily relies upon, *United States v. Higgs*, actually cuts against his argument. 2020 WL 7707165 (D. Md. Dec. 29, 2020). There, the Government asked the Court to amend its original judgment from 2001 to alter the procedures for implementation of the death sentence. *Id.* at *3. The court denied the motion, stating that it "lacks authority to amend the judgment as to the place of execution." *Id.* at *4. As the court in *Higgs* noted, "[t]he Fourth Circuit has taken a very narrow view of the authority of district courts to amend *any* aspect of a criminal sentence in the absence of an explicitly recognized exception authorizing such amendment." *Id.* For support, the court cited *United States v. Jones*, where the Fourth Circuit held that the district court lacked authority to amend a judgment entered four years earlier, even though the amendment would have brought the sentence in compliance with subsequent case law. *Id.* (citing 238 F.3d 271, 272-73 (4th Cir. 2001)). As the Fourth Circuit has instructed, the Court must take a narrow view of its authority to amend any aspect of Defendant's criminal sentence. Accordingly, like the district court in Maryland, the Court here

4

**J.A.59**

lacks the authority to vacate its 2005 Execution Order.

Because Defendant cannot invoke Rule 35 or § 3582, a habeas petition remains the only vehicle by which he could challenge the Execution Order. *See United States v. Hartwell*, 448 F.3d 707, 714-15 (4th Cir. 2006) ("Any challenges to a criminal judgment after the appellate process is complete therefore may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255."). The federal habeas statute provides that a prisoner may move to vacate his sentence if "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Here, although Defendant does not style the Motion as a § 2255 petition, he has moved the Court to vacate the sentence for lack of jurisdiction. However, even construing Defendant's Motion as a § 2255 petition, the Motion fails as both untimely and meritless.

Section 2255 states that a one-year "period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The statute lists four separate triggering times, with the limitation period running from the latest date. Because Defendant cannot point to any circumstances that would lead to a later date, the limitation period to move to vacate the Execution Order began to run on November 17, 2005, the date that the Court entered it. Accordingly, Defendant's Motion — filed over fifteen years after that date — falls well beyond the statute of limitations and, therefore, is time-barred.[3]

Although the Court need not reach the merits of the Motion, it would fail even if he had timely filed it. In claiming that the Court lacked jurisdiction to enter the Execution Order, thereby rendering it a legal nullity, Defendant conflates the rules limiting the Court's authority to

---

[3]    The Court finds that the Government properly raised the statute of limitations defense, especially given that Defendant failed to style his Motion as a § 2255 petition. (*See* Govt's Opp'n at 7 ("Johnson may not . . . disregard the one-year time limit for § 2255 motions." (*citing* 28 U.S.C. § 2255(f))).)

5

**J.A.60**

reduce a sentence with the limits of subject-matter jurisdiction. Of course, "any action by a court without subject-matter jurisdiction is 'ultra vires' and therefore void." *Hartwell*, 448 F.3d at 715. However, the Supreme Court has noted that not all rules described as "jurisdictional" implicate subject-matter jurisdiction. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Subject-matter jurisdiction relates to "prescriptions delineating the classes of cases . . . and the persons . . . falling within the court's adjudicatory authority." *Id.* at 455. Other rules relating to how and when the parties and the Court may act do not qualify as jurisdictional and, instead, constitute "claim-processing rules." *Id.*

The Court undoubtedly had subject-matter jurisdiction over this criminal prosecution. The rules that Defendant claims precluded the Court from entering the Execution Order constituted claims-processing rules that did not strip the Court of its subject-matter jurisdiction. *See, e.g., United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (collecting cases holding that "district courts have subject-matter jurisdiction over — that is, the power to adjudicate — a § 3582(c) motion even when authority to grant a motion is absent because the statutory criteria are not met"). Moreover, the inflexibility of the rule of sentence finality does not render it jurisdictional. *Kontrick*, 540 U.S. at 456 (noting the "critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule"). Because the Court had subject-matter jurisdiction, Defendant's argument that the Execution Order lacks legal validity must fail.

With no jurisdictional argument to raise, Defendant waived any right to argue that the Court lacked the authority to enter the Execution Order. Claim-processing rules "even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Id.* Defendant did not raise the Court's lack of authority in

6

opposing the Government's motion to alter the execution orders in 2005.  Defendant did not

appeal the Execution Order in 2005.  Indeed, Defendant did not raise the issue of the Court's

authority to enter the Execution Order until over fifteen years after its entry.  Accordingly,

Defendant has forfeited his challenge to the Court's authority to enter the Execution Order.

### III.    CONCLUSION

Because the time to challenge the Execution Order has long passed, the Court hereby

DENIES Defendant's Motion (ECF No. 107).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED

_____/s/_____
David J. Novak
United States District Judge


Richmond, Virginia
Date: January 12, 2021

7

J.A.62

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CORY JOHNSON, )
)
Petitioner, )
) Crim. No. 3:92CR68
) Civil No. 3:97CV895
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)
)
RICHARD TIPTON, )
)
Petitioner, )
) Crim. No. 3:92CR68
) Civil No. 3:98V361
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)
)
JAMES H. ROANE, JR. )
)
Petitioner, )
) Crim. No. 3:92CR68
) Civil No. 3:98V360
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)

**MEMORANDUM OF PETITIONERS JOHNSON, TIPTON
AND ROANE IN OPPOSITION TO THE MOTION OF THE UNITED
STATES TO VACATE THE STAYS OF EXECUTION PREVIOUSLY ENTERED
BY THIS COURT AND TO VACATE THE ORDERS SETTING THE
TIME, PLACE AND METHOD FOR PETITIONERS' EXECUTIONS**

Petitioners Cory Johnson, Richard Tipton, and James H. Roane, Jr., by counsel,

submit this memorandum in opposition to the Government's motion filed on October 17, 2005,

to vacate this Court's Order staying the execution of petitioners' federal death sentences (Docket Entry #657, entered February 21, 1997) and to vacate its prior Orders (Docket Entries #653, 654, 655, entered November 22, 1996), setting the time, place, and method for petitioners' executions.

This Court's Order staying the executions should be continued, and the Government's motion should be denied. The petitioners have filed or will file shortly motions and complaints relevant to their capital convictions and death sentences, as set forth below.

1. On October 24, 2005, petitioner Johnson filed in the United States Court of Appeals for the Fourth Circuit a "Motion To Recall The Mandate And To Grant Rehearing Or Rehearing *En Banc* In Light Of Subsequent Decisions Of This Court." In that motion, Johnson argued that the Court's later decisions in *Walker v. True*, 399 F.3d 315 (4th Cir. 2005), and *Walton v. Johnson*, 407 F.3d 285 (4th Cir. 2005) (rehearing *en banc* granted, No. 04-19, July 14, 2005), concerning the adjudication of mental retardation claims conflicted with the Fourth Circuit's earlier decision in his case. *See United States v. Roane, et al.*, 378 F.3d 382 (4th Cir. 2004). If successful, Johnson will be granted a further review of his mental retardation claim. That motion is now pending.

2. No later than December 1, 2005, the petitioners will file a joint complaint for injunctive and declaratory relief pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), challenging the method of execution that the Government plans to employ to kill the petitioners. Petitioners contend that the method of execution, lethal injection, as it is currently administered violates the Eighth Amendment because it inflicts unnecessary, foreseeable pain and suffering and violates the ban on cruel and unusual punishment. If successful, the Government will be required to modify its current execution practices prior to carrying out petitioners' capital sentences.

−2−

3.      As the Government recognizes, Govt. Memo. at ¶ 5, a second or successive application for a writ of habeas corpus is permitted under the specific circumstances set forth in 28 U.S.C. § 2244 (B)(1)-(4) and § 2255 ¶ 8.  Petitioners plan to file any such applications no later than December 31, 2005, and require additional time to review the facts and law supporting any potential successive applications.

4.      In light of the pending and contemplated litigation directly related to petitioners' capital convictions and death sentences, this Court should continue the existing stay and preserve the *status quo*.  The stay should be continued so the issues do not become moot by the petitioners' executions and to give the courts an opportunity to address the substantive merits of their claims. *Accord Barefoot v. Estelle*, 463 U.S. 880, 893-894, 895 (1983) (discussing grounds for stay of execution).

5.      Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this Court may issue orders necessary to preserve and aid its jurisdiction.  That section states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

*See also Lenhard v. Wolff*, 443 U.S. 1306 (1979)(Rehnquist, Circuit Justice, in chambers) (continuing stay of execution pursuant to 28 U.S.C. § 1651 pending disposition of petition for certiorari).  Continuation of the stay of execution is an appropriate exercise of this Court's power.

–3–

J.A.65

## CONCLUSION

For the reasons set forth above and in the interests of justice, this Court should

continue the previously entered stay of execution.  The Government's motion should be denied.


Respectfully submitted,


Barbara L. Hartung, VSB #38062
700 East Main Street, Suite 1600
Richmond, Virginia  23219
(804) 353-4999

Edward E. Scher, VSB #23064
Thorsen & Scher, L.L.P.
3810 Augusta Avenue
Richmond, Virginia  23220-3910
(804) 359-3000

*Counsel for Cory Johnson*


Stephen A. Northup, VSB #16547
Troutman Sanders LLP
1001 Haxall Point
Post Office Box 1122
Richmond, Virginia  23218-1122
(804) 697-1240

Frederick R. Gerson, VSB # 39968
Robinson & Gerson
7102 Three Chopt Road
Richmond, Virginia  23226
(804) 282-2500

*Counsel for Richard Tipton*


–4–

J.A.66

Paul F. Enzinna
Timothy Loper
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
(202) 639-7752

*Counsel for James H. Roane, Jr.*

Dated: October 28, 2005

5

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2005, a copy of the foregoing

MEMORANDUM OF PETITIONERS JOHNSON, TIPTON
AND ROANE IN OPPOSITION TO THE MOTION OF THE UNITED
STATES TO VACATE THE STAYS OF EXECUTION PREVIOUSLY
ENTERED BY THIS COURT AND TO VACATE THE ORDERS SETTING
THE TIME, PLACE AND METHOD FOR PETITIONERS' EXECUTIONS

was sent by postage paid, first class U.S. mail to:

Robert J. Erickson, Deputy Chief
Criminal Division, Appellate Section
U.S. Department of Justice
Robert F. Kennedy Building, Room 1515
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2841

A.U.S.A. Wingate Grant
Office of the U.S. Attorney
Suite 1800
600 E. Main Street
Richmond, VA 23219
(804) 819-5400

*Counsel for the Government*

#1410635

6

J.A.68

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 3:92CR68** |
| **v.** | : | **CAPITAL CASE** |
| | : | **EXECUTION SCHEDULED** |
| **COREY JOHNSON,** | : | **FOR JANUARY 14, 2021** |
| | : | |
| **Defendant.** | : | |

## MOTION TO VACATE 2005 AMENDMENT TO THE JUDGMENT AND ORDER

Corey Johnson, by counsel, hereby moves the Court to vacate its orders issued on November 17, 2005, Ex. 1 (Dkt. 944); Ex. 2 (Dkt. 945), modifying his 1993 Judgment and Order and 1996 Order of Execution implementing his death sentence after an intervening period of nine years. As a separate court in this Circuit held just days ago on an indistinguishable body of facts in *United States v. Higgs*, No. 98-cr-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020), this Court lacked jurisdiction to modify that judgment, rendering the 2005 orders a legal nullity. Consequently, Mr. Johnson's execution must be implemented pursuant to the original Judgment and Order, which requires in pertinent part that: (1) the sentence must be carried out in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 – 236; and (2) at a Virginia state correctional facility.[1]

---

[1] The undersigned recognize that this issue should likely have been addressed sooner, but only became aware of it themselves after the recent decision in *Higgs*. However, the timing of this motion presents no impediment to the relief requested. A judgment rendered by a court lacking jurisdiction is void, and Mr. Johnson cannot be executed pursuant to a judgment that is a legal nullity.

1

**J.A.69**

## RELEVANT PROCEDURAL HISTORY

Mr. Johnson was formally sentenced to death by this Court on June 1, 1993. At that

sentencing hearing, the Court considered an outstanding defense motion to "bar execution of the

defendants due to the absence of a Congressionally-authorized execution method." Ex. 3 (6/1/93

Tr. 4865). In its oral ruling on the motion, the Court stated:

> I think in styling or titling or fashioning their motion in that way, it somehow misses the point, which will become clear from my ruling on the issue.
>
> To answer the direct questions of the defendants, I will state up front that *I will not exclude death as a punishment in fashioning the sentences that I will impose this morning. I will impose a death penalty as part of any sentence I announce this morning.*
>
> At the same time, I specifically find that the Attorney General's regulation establishing the procedures for executing federal death sentences is ultra vires and with no legal force or effect.
>
> …
>
> I agree with the Judge in the case of UNITED STATES v. CHANDLER, the Alabama case, that *the sentences of death that I impose cannot be implemented unless and until Congress provides a method for implementation of the death sentence. Of course, if a higher court were to consider the matter and determine that I am in error about this, I would follow their direction and outline a method of execution.*

Ex. 3 (6/1/93 Tr. 4865-66) (emphasis added). The Court thereafter entered the judgment

imposing a sentence of death on Counts 8, 11, 17, 18, 19, 24, and 25. *See* Ex. 4 (Dkt. 593). Per

its oral ruling, however, it did not include an order for implementing the death sentence.

The government subsequently cross-appealed this Court's order staying the execution of

the death sentences pending Congressional authorization of the means of execution. *United*

*States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996). On July 8, 1996, the Fourth Circuit vacated

that order and remanded "with instructions to enter appropriate orders for the executions in

accordance with regulation promulgated by the Attorney General." *Id*. at 903.

**J.A.70**

On November 22, 1996, this Court entered the order implementing the sentence. *See* Ex.

5 (Dkt. 653). It stated:

> Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:
>
> 1. The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);
>
> 2. The United States Marshal charged with supervising the implementation of the sentence of death, may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;
>
> 3. The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;
>
> 4. The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;
>
> 5. The sentence shall be executed on March 20, 1997.
>
> 6. Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber; and
>
> 7. The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.
>
> The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.
>
> And it is SO ORDERED.

Ex. 5 (Dkt. 653). This 1996 order, together with the 1993 judgment it implemented, constituted

the judgment of this Court.

**J.A.71**

On February 20, 1997, Mr. Johnson filed a Consent Motion to Stay Executions, Dkt. 656, to pursue available avenues of relief, including certiorari on direct review and post-conviction review under 28 U.S.C. § 2255. The following day, this Court entered an order staying the execution pending further order of the Court. Ex. 6 (Dkt. 657).

In October 2005, after Mr. Johnson's request for certiorari review of the denial of his § 2255 motion was denied, the government moved to lift the stay. Ex. 7 (Dkt. 938). In that same motion, however, it also sought to modify the judgment. *Id*. As the government noted, "pursuant to the terms of this Court's order, petitioners' executions were to take place at 'the State correctional facility housing the death chamber,' and each petitioner was to be allowed to choose electrocution or lethal injection as the method of execution." *Id*. at 2. The government argued that the Court should vacate the order because subsequent to the judgment imposing the death sentence, the government built a "functioning death chamber at the Terre Haute Federal Correctional Institution," and thus there was "no continuing reason for this Court to designate 'the State facility housing the death chamber' as the place where petitioners' executions should be carried out." *Id*. at 3-4. Similarly, the government argued that there was "no reason" for the executions to be implemented in the manner prescribed by the law of the Commonwealth of Virginia, and that the Court should instead order that the executions be carried out at Terre Haute by means of lethal injection. *Id*. at 4-5.

On November 17, 2005, this Court granted the government's motion. *See* Ex. 1 (Dkt. 944). The Court simultaneously filed an order modifying its 1993 judgment with respect to the implementation of the death sentence as follows:

> Pursuant to the imposition of the sentence of death that was handed down by the jury on February 16, 1993, is hereby ORDERED that:

4

**J.A.72**

1.  The sentence of death shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

2.  The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

3.  The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons;

4.  Cory (*sic*) Johnson shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence;

5.  The United States Marshal designated by the Director of the United States Marshal's Service to carry out the sentence of death shall promptly return to this Court the appended document to inform this Court that the sentence of death has been executed.

Ex. 2 (Dkt. 945).

Shortly thereafter, the government was enjoined by the District Court for the District of Columbia from carrying out Mr. Johnson's execution pending a challenge to the government's lethal injection protocol. *See* Ex. 9 at 2 (Mem. Op., *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. Sept. 20, 2020), ECF No. 265) (recounting procedural history). That injunction was vacated on September 20, 2020. *Id*. at 7.

On November 20, 2020, the Bureau of Prisons issued a notice to Mr. Johnson "that a date has been set for the implementation of your death sentence, pursuant to the Judgment and Order issued on June 1, 1993, by Judge James R. Spencer of the United States District Court for the Eastern District of Virginia." Ex. 8 (Notice of Execution). Pursuant to that notice, the government intends to execute Mr. Johnson by lethal injection on January 14, 2021, at the federal prison in Terre Haute, Indiana.

5

J.A.73

**I.   THE COURT LACKED JURISDICTION TO MODIFY THE ORIGINAL JUDGMENT AND ORDER IMPLEMENTING THE DEATH SENTENCE**

As another court in this Circuit ruled on analogous facts only days ago, the Court did not have authority to enter its 2005 order modifying the original judgment implementing Mr. Johnson's death sentence. A "'judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alteration in original) (quoting 18 U.S.C. § 3582(b)); *see also United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) ("Generally, sentences may not be modified once imposed."). Specifically, "[a]fter sentence has been imposed, the district court may not alter the sentence except as authorized by Fed. R. Crim. P. 35 or 18 U.S.C.A. § 3582(c)." *United States v. Griffin*, 60 F.3d 826, 1995 WL 417628, *2 (4th Cir. 1995) (unpublished table decision); *accord United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993).

The Court's 1993 judgment became complete and final when, pursuant to the Fourth Circuit's remand order, it "enter[ed] appropriate orders for the executions in accordance with regulation promulgated by the Attorney General." *Tipton*, 90 F.3d at 903. At that point, its 1996 order implementing the sentence merged with the 1993 judgment. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *Parr v. United States*, 351 U.S. 513, 518 (1956).

In its motion seeking to modify the order, the government did not acknowledge the prohibition on modifying criminal judgments in its motion, nor did it suggest which of the limited exceptions would apply to permit a sentence modification in Mr. Johnson's case. Mr. Johnson is aware of none. Federal Rule of Criminal Procedure 35 permits corrections for clear error or reductions in sentence for substantial assistance to the government, neither of which is

6

applicable here.[2] And § 3582(c) permits sentencing reductions for "extraordinary and compelling reasons," § 3582(c)(1)(A)(i), or for prisoners over 70 years of age who have served at least 30 years in prison where certain other criteria are met, § 3582(c)(1)(A)(ii), and sentencing modifications that are "otherwise expressly permitted by statute" or Rule 35, § 3582(c)(1)(B), or in certain circumstances where sentencing ranges have been lowered by the United States Sentencing Commission, § 3582(c)(2).[3]

None of these limited exceptions applied in Mr. Johnson's case, and the government did not suggest otherwise. In the absence of an applicable exception, the Court lacked jurisdiction to modify Mr. Johnson's judgment. *See United States v. Washington*, 549 F.3d 905, 916-17 (3d Cir. 2008) (district court lacked authority to vacate sentence procured by defendant's fraudulent impersonation of another individual because it had no inherent power to modify sentence for reason not enumerated in Rule 35 or section 3582(c)).

It is axiomatic that a judgment rendered by a court lacking jurisdiction is void. *See, e.g.*, *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 608-09 (1990). Consequently, because the Court lacked jurisdiction to modify the 1993 judgment, its 2005 order purporting to do so is a legal nullity.

A sister court in this Circuit recently reached the same conclusion on almost identical facts. In *United States v. Higgs*, the government sought to modify the final judgment and order indicating the procedures for imposing Mr. Higgs's federal death sentence. That judgment,

---

[2] Rule 35 sentence corrections or reductions must also occur within fourteen days or one year of sentencing, respectively. Fed. R. Crim. P. 35(a), (b)(1). These deadlines had passed long before the revision requested in Mr. Johnson's case. Later motions for sentence reduction are permitted only in limited circumstances not applicable here. *See* Fed. R. Crim. P. 35(b)(2).

[3] The court in *Higgs* held that "none of [these circumstances] applies" to the analogous facts in that case. 2020 WL 7707165, at *4.

**J.A.75**

which was entered in 2001, specified that the execution was to be carried out in accordance with the laws of the state in which Mr. Higgs was sentenced—*i.e.*, Maryland.  That state, however, abolished the death penalty in 2013, more than 12 years after Higgs was sentenced by the district court. In the absence of state law by which to carry out Higgs's sentence, the government asked the court in August 2020 to amend its 2001 judgment and order and direct that the execution be carried out in Indiana pursuant to Indiana law. *Higgs*, 2020 WL 7707165, at *1.

As the district court stated, the government's "extraordinary request that the Court amend its original judgment and sentence is something that the Court plainly cannot do." *Id*. at *4. Citing *Dillon*, the court noted that a final criminal judgment "may not be modified by a district court except in limited circumstances." *Id*. As the court further observed, "[o]nly a few limited exceptions to this rule exist, none of which applies here." *Id.* (citing 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35).

Moreover, the court recognized that "[t]he Fourth Circuit has taken a very narrow view of the authority of district court to amend *any* aspect of a criminal sentence in the absence of an explicitly recognized exception authorizing such amendment." *Id.* By way of example, the court cited *United States v. Jones*, 238 F.3d 271, 272-73 (4th Cir. 2001), where the Fourth Circuit held that a district court lacked authority to amend the defendant's judgment to require immediate payment of a fine imposed four years earlier, even though the amendment sought to bring the sentence in compliance with subsequent case law.

> The court in *Jones* was clear that, "[a]lthough there are circumstances under which a district court may modify or correct a criminal judgment order, none of them authorize[s] the district court to [amend a judgment] based solely on a subsequent change in case law." [*Jones*, 238 F.3d] at 272. The court rejected the government's argument that it should nevertheless affirm the district court's amending order because the defendant could not "show that he was harmed by the amendment." *Id*.

8

**J.A.76**

Since the *Jones* court found that a district court lacked authority to amend a judgment to revise the terms for payment of a fine where the original judgment was no longer in compliance with the law, the Court believes *a fortiori* that it lacks authority to amend the judgment as to the place of execution, where Maryland law no longer provides procedures for an execution.

*Higgs*, 2020 WL 7707165, at *4.[4]

If the Fourth Circuit does not permit a district court to amend a judgment based on a subsequent change in law, surely it does not permit a district court to amend a judgment simply because the government subsequently built its own execution chamber at a federal facility— which was the *only* reason the government offered in support of its motion to modify the original criminal judgment and order.

## II. THE BUREAU OF PRISONS' NOTICE OF EXECUTION IS NULL AND VOID BECAUSE THE IMPLEMENTATION OF MR. JOHNSON'S SENTENCE IS GOVERNED BY THE ORIGINAL JUDGMENT AND ORDER

Because the 2005 orders modifying the judgment are a legal nullity, Mr. Johnson's death sentence is governed by the procedures set out in the 1996 sentencing order that merged with the 1993 criminal judgment. That order provides, in pertinent part, that:

> 1. The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

> 2. The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

---

[4] The government appealed the district court's order. *United States v. Higgs*, No. 20-18 (4th Cir. Dec. 30, 2020). The Fourth Circuit has set oral argument for January 27, 2021. *Id*., Ex. 10 (Dkt. 15). The government moved to expedite the proceedings, noting that it has scheduled Mr. Higgs's execution for January 15, 2021, and that in the absence of a ruling, it cannot proceed with the execution. *Id*., Ex. 11 at 3 (Dkt. 18). The Fourth Circuit, however, denied the government's request. *Id.*, Ex. 12 (Dkt. 28). The government has since filed a request for mandamus relief.

J.A.77

…

      6. Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber.

Ex. 5 (Dkt. 653).

Although the execution notice that the Bureau of Prisons issued to Mr. Johnson purports to have been made "pursuant to the Judgment and Order issued on June 1, 1993, by Judge James R. Spencer of the United States District Court for the Eastern District of Virginia," Ex. 8 (Notice of Execution), the government has stated that it intends to execute Mr. Johnson at the federal prison in Terre Haute, Indiana. This would plainly violate this Court's 1993 Judgment and Order, which requires that the execution be carried out in a Virginia correctional facility housing the death chamber, and that the sentence be implemented in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 – 236.

The Bureau of Prisons has no discretion to depart from this Court's Judgment and Order about the manner and place where the sentence is to implemented. *See* 28 C.F.R. § 26.3(a) (noting that Bureau of Prisons Director may designate the penal or correctional institution where the sentence is to be carried "[e]xcept to the extent a court orders otherwise"). Thus, to the extent the Bureau of Prisons' execution notice varies in any way from the terms of this Court's 1996 order implementing the death sentence, it is a legal nullity.

**CONCLUSION**

For the foregoing reasons, Mr. Johnson respectfully requests that this Court vacate as void its 2005 orders, Ex. 1 (Dkt. 944); Ex. 2 (Dkt. 945), modifying the final Judgment and Order governing the implementation of Mr. Johnson's death sentence.

10

**J.A.78**

Respectfully submitted,

Dated: January 10, 2021

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Donald P. Salzman*
Lotus D. Ryan, VA Bar # 71425
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

*Admitted Pro Hac Vice

*Counsel for Corey Johnson*

11

**J.A.79**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2021, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send notification of such

filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

12

J.A.80

**INDEX OF EXHIBITS TO MOTION TO VACATE 2005 AMENDMENT TO THE JUDGMENT AND ORDER**

| Exhibit No. | Description |
|---|---|
| 1 | Order Vacating Stays of Execution (Nov. 17, 2005), Dkt. 944 |
| 2 | Order Directing Sentence of Death (Nov. 17, 2005), Dkt. 945 |
| 3 | Judgment Transcript (June 1, 1993) |
| 4 | Judgment in a Criminal Case (June 1, 1993), Dkt. 593 |
| 5 | Order of Execution (Nov. 22, 1996), Dkt. 653 |
| 6 | Order granting Consent Motion to Stay Executions (Feb. 21, 1997), Dkt. 657 |
| 7 | United States Motion to Vacate Stays of Execution (Oct. 18, 2005), Dkt. 938 |
| 8 | Notice of Execution from T.J. Watson (Nov. 20, 2020) |
| 9 | Memorandum Opinion, *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. Sept. 20, 2020), ECF No. 265 |
| 10 | Order, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 7, 2021), Dkt. 15 |
| 11 | Government's Motion to Dispense with, or Alternatively Expedite, Oral Argument, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 8, 2021), Dkt. 18 |
| 12 | Order, *United States v. Higgs*, No. 20-18 (4th Cir. Jan. 7, 2021), Dkt. 28 |

**J.A.81**

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

NOV 17 2005

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:92CR68 |
| | ) | |
| RICHARD TIPTON | ) | |
| CORY JOHNSON | ) | |
| JAMES H. ROANE, JR. | ) | |

**ORDER**

The matter is before the Court on the motion of the United States to vacate the stays of execution previously entered by the Court and to vacate the Orders entered November 22, 1996 which set the time place and method of the execution of Tipton, Johnson, and Roane.   Upon review of the parties' submissions, it is Ordered that the motion of United States is GRANTED. The Orders entered November 22, 1996 (Docket Entries #653, 654 & 655) are VACATED. Contemporaneous with the entry of the present Order, the Court shall issue execution orders in accordance with the prior requests of the United States and 28 C.F.R. § 26.2.  Furthermore, because there are no substantial grounds upon which relief could be granted, the Order entered February 21, 1997 (Docket Entry # 657), which stayed the executions of Tipton, Johnson, and Roane, is VACATED.

The Clerk is directed to mail a copy of this Order and the Execution Orders to counsel of record.

It is so ORDERED.

United States District Judge

Richmond, Virginia

Date: November 17, 2005

944

J.A.83

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA　　　）
　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　）　　CASE NO. 3:92CR68-02
　　　　　　　　　　　　　　　　）
CORY JOHNSON　　　　　　　　　）

NOV 1 7 2005

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ORDER

Pursuant to the imposition of the sentence of death that was handed down by the jury on

February 16, 1993, is hereby ORDERED that:

1.　　The sentence of death shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

2.　　The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

3.　　The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons;

4.　　Cory Johnson shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence;

5.　　The United States Marshal designated by the Director of the United States Marshal's Service to carry out the sentence of death shall promptly return to this Court the appended document to inform this Court that the sentence of death has been executed.

_James R. Spencer_
United States District Judge

Richmond, Virginia
Date: _November 17, 2005_

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _Kendall McCormack_
DEPUTY CLERK

J.A.85

# EXHIBIT 3

1 #

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------

UNITED STATES OF AMERICA,

                              Plaintiff;

      v.                              CRIMINAL ACTION
                                          92CV68
RICHARD TIPTON, CORY JOHNSON, and
JAMES H. ROANE, JR.,

                              Defendants.

------------------------------------------

                    June 1, 1993
                  Richmond, Virginia
                     9:30 a.m.

F I L E D
JUN 2 9 1993
D-PHB
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

BEFORE:       HONORABLE JAMES R. SPENCER
              United States District Judge


APPEARANCES:  HOWARD C. VICK, JR., ESQ.
              WILLIAM H. PARCELL, III, ESQ.
              Office of the United States Attorney
              Main Street Centre
              Richmond, Virginia  23219
                      Counsel for Government;

              ROBERT P. GEARY, ESQ.
              ERIC D. WHITE, ESQ.
              CRAIG S. COOLEY, ESQ.
              JOHN McGARVEY, ESQ.
              DAVID P. BAUGH, ESQ.
              ARNOLD R. HENDERSON, V, ESQ.
                      Counsel for Defendants.

                  JEFFREY B. KULL
              OFFICIAL COURT REPORTER

4862

J.A.87

2 #

P-R-O-C-E-E-D-I-N-G-S

THE CLERK: Case Number 92CV68: United States of America versus Richard Tipton, Cory Johnson, and James H. Roane, Jr.  Mr. Howard C. Vick and Mr. William H. Parcell, III represent the United States.  Mr. Eric D. White and Mr. Robert P. Geary represent Defendant Tipton.  Mr. Craig S. Cooley and Mr. John F. McGarvey represent Defendant Johnson.  Mr. David P. Baugh and Mr. Arnold R. Henderson, V represent Defendant Roane.  Are counsel ready to proceed?

MR. VICK:  The government is ready to proceed.

MR. GEARY:  Defendant Tipton is ready.

MR. COOLEY:  Defendant Johnson is ready.

MR. BAUGH:  Defendant Roane is ready, Your Honor.

THE COURT:  All right.  We had a couple of outstanding motions.  And before we get into the sentencing proper, we need to go ahead and rule on these motions.  They have been fully briefed and there is no need for any additional argument.

MR. BAUGH:  Your Honor, if I might, I would ask permission to allocute or argue for new sentencing phase as Defendant Roane, in light of the

4863

J.A.88

USCA4 Appeal: 21-3    Doc: 7    Filed: 01/12/2021    Pg: 92 of 176
Case 3:92-cr-00068-DJN   Document 107-4   Filed 01/10/21   Page 4 of 18 PageID# 3773

3

issues that are raised in the Presentence Report.

THE COURT:  The request will be denied. The matters have been fully briefed and I have a full understanding of them.  I don't see any reason for additional argument.

MR. VICK:  There is one motion we received Friday evening, I believe, that the United States has not responded to, and that's the dismissal of the 1959 counts as lesser includeds to the 848 Count.

THE COURT:  All right.  We had a motion to vacate the judgment of convictions based on several claims.  First of all, there was a motion to vacate the judgment of convictions based on the claim of double jeopardy.  Those motions will be denied.

There was a motion to vacate the judgment based on the claim that conspiracy is a lesser included offense of Continuing Criminal Enterprise.  That motion will be denied.  All of you be aware that I will write and explain in more particular why they are denied.  But what's important for this morning is to understand the rulings.

There was a motion to vacate judgment based on the claim that the racketeering murders as charged in the indictment were lesser included offenses of the Continuing Criminal Enterprise murders.  Those

4864

USCA4 Appeal: 21-3    Doc: 7    Filed: 01/12/2021    Pg: 93 of 176
Case 3:92-cr-00068-DJN   Document 107-4   Filed 01/10/21   Page 5 of 18 PageID# 3774

4  #

motions likewise will be denied.  There was a similar claim that the use of the Greene sisters' maiming as aggravators as well as independent counts in the indictment constitute double jeopardy.  Those claims or motions will also be denied.

Now, we come to what is a little bit more of a problematic motion raised by the defendants:  the defendants have formed their motion in this way: the motion to bar execution of the defendants due to the absence of a Congressionally-authorized execution method.

I think in styling or titling or fashioning their motion in that way, it somehow misses the point, which will become clear from my ruling on the issue.

To answer the direct questions of the defendants, I will state up front that I will not exclude death as a punishment in fashioning the sentences that I will impose this morning.  I will impose a death penalty as part of any sentence I announce this morning.

At the same time, I specifically find that the Attorney General's regulation establishing the procedures for executing federal death sentences is ultra vires and with no legal force or effect.

4865

J.A.90

5

Congress did not delegate the Legislative prerogative to the Executive.  In fact, Congress has been strangely silent on the issue.  So now the government suggests that it is among the inherent powers of the Judiciary to establish a method of execution because there certainly is no specifially-enumerated power that I can find flowing from any legitimate source.  I will not, as the Attorney General has done, assume such power to fill the obvious vacuum.

I agree with the Judge in the case of UNITED STATES v. CHANDLER, the Alabama case, that the sentences of death that I impose cannot be implemented unless and until Congress provides a method for implementation of the death sentence.  Of course, if a higher court were to consider the matter and determine that I am in error about this, I would follow their direction and outline a method of execution.

While I certainly agree with the Attorney General that lethal injection is the most humane way to carry out the execution, the method of execution shouldn't depend on the philosophical bent or whim or personality of the Attorney General, or any judge, for that matter.  This is a task for the

6  #

democratically-elected representatives of the People.

All right.  Now, to the individual sentences, and Mr. Marshal, if you could help me out here, I would like to do these in the following order.  We will follow the indictment and start with Mr. Tipton, and if you would please remove the other defendants as I deal with Mr. Tipton.

(Mr. Johnson and Mr. Roane were removed from the courtroom.)

Now, I think I should add for the record, there were certain arguments regarding the ex-post-facto clause as it would relate to the motion that I have just ruled on.  I will say for the record that the ex-post-facto arguments have no validity and will have no impact on what I do here today.

All right, let me talk first of all to counsel for Mr. Tipton.  If you would come to the lectern, please.

(Counsel approached lectern.)

Counsel, have you all had an adequate opportunity to review the Presentence Report and discuss it with your client?

MR. GEARY:  Yes, sir.

MR. WHITE:  Yes, sir.

4867

J.A.92

1!

of the jury on the merits, the findings of the jury as it relates to sentence, and any sentence imposed by this Court.  And if you were going to do that, you have to file a notice of appeal within ten days of this date.

All right.  That completes the sentencing of Mr. Tipton.  Mr. Tipton may be removed and we will start with Mr. Johnson.

(Defendant Tipton removed from the courtroom.)

MR. VICK:  Prior to Mr. Tipton being removed, may we approach the bench?

(At Bench.)

THE COURT:  Count One is multiplicious for sentencing purposes.

MR. VICK:  That's what I wanted to find out.

THE COURT:  So everybody is clear on that, I will not be sentencing on the conspiracy.  It is multiplicious.

(In Open Court.)

All right, you can remove Mr. Tipton.

(The defendant was removed from the courtroom.)

(Defendant Cory Johnson entered the courtroom.)

THE COURT:  All right, counsel for Mr. Johnson, if you would approach the lectern, please.

4876

J.A.93

16#

Good morning.  Counsel, have you all had an adequate opportunity to review the pre-sentence report and discuss it with your client?

MR. COOLEY:  We have, Your Honor.

THE COURT:  Do you have any objections, comments, or amendments to the Presentence Report?

MR. COOLEY:  Yes, Your Honor.

THE COURT:  All right.

MR. COOLEY:  As the Court knows, we filed a position paper regarding the sentencing factors, and we raised principally the two issues of the exaggerated quantity of cocaine that was allegedly distributed.  I would adopt the comments made by counsel for Mr. Tipton, but I would also note to the Court that while counsel for the government indicates there was testimony from Mr. Townes, Mr. Saunders regarding the quantity that was being distributed by them and by others, the Court will also recall that their testimony related to at the conclusion of each month when there was a necessity for the five folks living at that one home to contribute the $100 for their share of the rent.  They didn't have it and they often fought over it.

The Court will also recall from the evidence that came before you that there was absolutely no

4877

J.A.94

17

testimony relating to the accrual of funds, of assets for any of the three individuals, specifically with Cory Johnson. No cars, no substantial jewelry, no items or assets of any value whatsoever. Indeed, when pressed, each of the witnesses, most, said they couldn't identify anything that he had as to Cory Johnson, and one ultimately said to the jury that what he had was nice, and when questioned further, she said it was a Guess shirt and a pair of Timberland boots. That's the totality of the assets described and attributed to Mr. Cory Johnson out of this purported 42, and in addition to 42-and-a-half kilograms of cocaine. And I would suggest to the Court that the lifestyle that was proven by the government's witnesses contradicts the government's theory as to the quantity of the drugs that were being distributed.

Your Honor, in addition to that issue, we have raised the jeopardy issues or the issues that the Court has already addressed and ruled upon. I would simply note to the Court that in challenging whether the sentences could be imposed upon the counts that were related to the murders in furtherance of racketeering, that while it certainly could be, I believe, under the government's theory that if

4878

J.A.95

18#

racketeering were described as some other specific acts by these defendants, and specifically Cory Johnson, that would be one thing.  In the case before this Court, the furtherance of activity concerned with racketeering is specifically defined as the distribution, possession with intent to distribute drugs, which is the identical allegation contained in the CCE count.

So we would further urge that issue, and those are the only objections we have.  We would also ask, Your Honor, that we be allowed leave to amend our motion to add Counts Thirty-one and Thirty-two. Those are the substantive counts.

THE COURT:  Leave will be granted.  Mr. Vick, do you want to respond?

MR. VICK:  Unless the Court wants me to, I have made my statement in relation to both of those issues.

THE COURT:  Both objections will be overruled.

MR. COOLEY:  Please note our exception.

THE COURT:  Mr. Johnson, let me ask you directly, have you had an adequate opportunity to review the Presentence Report and discuss it with your lawyers?

4879

J.A.96

19#

THE DEFENDANT:  Yes.

THE COURT:  Thank you, Mr. Johnson.

All right, counsel, I'll hear from you all in any way that you care to proceed.

MR. COOLEY:  Judge, I will not belabor the points, but I ask the Court and I know the Court has had an ample opportunity to re-review the mitigation evidence that was put forward.  I think the Court retains and has, continues to have, the mitigation information that was supplied through a number of witnesses and was documented in our presentation.  If the Court does not retain that copy, I would move to introduce this as part of this, and I would ask the Court to adopt that and ask the Court to recall the substantial circumstances that led to a tremendous frustration throughout Cory Johnson's life.  And I would ask the Court to consider and impose its sentences with a degree of mercy.  Thank you.

MR. VICK:  Very briefly, Your Honor.  Mr. Johnson, during the life of this conspiracy, showed mercy toward no one.  Indeed, he was the most brutal member of a brutal conspiracy, and he has been sentenced to death for the murders of Peyton Maurice Johnson, Louis Johnson, Bobby Long, "Mousey" Armstrong, Tony Carter, Linwood Chiles, and Curt

4880

J.A.97

20#

Thorne, by the jury.  I think that the sentence of death, and life sentences on all other counts that life sentences is able to be given on, is appropriate given the extreme violence that was perpetrated by Mr. Johnson.

THE COURT:  All right.  Before I impose the sentences, I will use the same method.  I will deal with the jury-directed sentences first, and then with the other counts.  I will say that I have reviewed every single word of the mitigation testimony and I recall it in all its specifics.  And as it relates to all three of the defendants, it was voluminous and moving, and the jury certainly had an opportunity to hear it.  And I think they were moved by it, and they came down and decided it in a manner antagonistic to the defendant's position.  But it has certainly been considered.

Before I impose the sentence, Mr. Johnson, let me ask you again:  Do you have anything you want to say directly to the Court?

THE DEFENDANT:  Yes.

THE COURT:  Just stand up where you are.

THE DEFENDANT:  I'd like to say like this. I felt the trial wasn't in our favor, but then again, that's how it is.  I'd like to thank the counselors

4881

for taking their time to help us out.  And I notice a lot of stress on them.  I'd like to thank the family members for helping us out and being here for us spiritually.

I'm sorry for the great number of people who are dead, you know, and there is a lot on us, and I feel we are no angels.  We are not that.  But we are not no killing machines, no mass murderers.  We are none of those people that the district attorney thinks we are.  We are not.  We are human beings.  We are young men.  You know, we probably took a little wrong step, but we are not that.  We look at life maybe a little differently than everybody else.  But we had each other.  I don't consider wrong whatever happens.  We didn't mean to do no harm to no one, which we didn't.  And I felt it is a lot of stress because we have to take this, knowing the fact that after this we have to go in a cell and we have to sit there for the rest of our life until somebody makes an agreement what they are going to do with us.

The young people in Court, I'd like to explain to them, let them know that this is a system; it is a fair system.  It might be in certain ways, in other ways it might not.  That depends on what side you are on.

22#

All crimes, crimes is not good, period. All crimes, period, is not good. Being the fact that you are here, take a lesson to what's going on. I mean, you get old enough and realize that this is not the life that you are living. I am unfortunate that I never had nobody. That's no excuse. I'm a grown man. I am going to take my punishment the way I have to. Same with my co-defendants. They have to take their punishment. We have to deal with this reality. And I would hope that you take heed to this. I would hope you discuss this. Because I would hate to see you all end up this way. I would hate to see you have kids in this way, because this is not right. This is stress.

No man can really stand up here and have somebody come and sentence them to death. I can't take it. My co-defendants can't take it. We try to joke about it, to laugh, you know, to laugh the stress off. But it is a hurting feeling knowing the fact that you will be sentenced to death and you don't know when it is going to happen.

I'm sorry for my family, my co-defendants' families. I didn't mean no harm to you. I love you all. I love you from the heart. I thank my counselors again. I'm not mad at Mr. Vick, because

4883

J.A.100

2

that's his job.  I cannot knock him for his job, and that's what he is doing.  I'm sorry for everyone who has to sit up here and realize what's going on.  I'm sorry for the families that lost their loved ones.  I know they might not don't care if I say I'm sorry or not, or how I feel about it.  But I am sorry.  I am human.  I do have feelings.  I don't like it.  I can't do anything about it, but I do have feelings.

I pray.  I pray for my family, my co-defendants, and I ask the Lord up above to forgive me.  I have to meet my Maker anyway, whether right or wrong.  I have to meet that Judgment Day.  But if they execute me or don't, I still have to meet that man.

I just want to thank the counselors again, and my co-defendants' counselors, and the families.

THE COURT:  Thank you, Mr. Johnson.

All right, it is the sentence of the Court as follows:  First of all, following the direction of the jury, it is the Court's sentence as to Counts Eight, Eleven, Seventeen, Eighteen, Nineteen, Twenty-four, and Twenty-five, the sentence of death will be imposed.  The special assessment of $50 per count, for a total of $350, will also be imposed. The defendant shall be committed to the custody of

4884

J.A.101

24#

the Bureau of Prisons to be confined there until the sentence is carried out.

I may not have announced it, but the finding of the Probation Department of an Offense Level of 43 and a Criminal History Category of 4 will be adopted. The sentences as they relate to the additional counts in the indictment are as follows: On Count Two, a sentence of life imprisonment will be imposed. On Count Nine, a sentence -- strike that. Let me do it this way. As to the additional counts in the indictment, the term of life plus 85 years will be imposed. That sentence will consist of a term of life with respect to Count Two.

The sentence will also consist of concurrent terms of incarceration of life on Counts Ten, Thirteen, Fourteen, Twenty-one, Twenty-two, Twenty-three, Twenty-seven, and Twenty-eight. The term consists of a concurrent period of incarceration of 30 years for Count Twenty-nine and Count Thirty; a term of 20 years concurrent for Counts Sixteen and Thirty-one; and a term of 40 years concurrent for Count Thirty-two.

The sentence also includes a consecutive term of incarceration of five years for Count Nine, and a consecutive term of incarceration of 20 years each

4885

J.A.102

25

for Counts Twelve, Fifteen, Twenty, and Twenty-six, for a total of 85 years.

Should the defendant ever be released from imprisonment, he shall be placed on supervised release for a combined term of five years.

As to the additional counts in the indictment, a special assessment in the amount of $50 per count, for a total of $950, will also be imposed.

The Court finds that the defendant does not have an ability to pay a fine or restitution, and therefore, none is imposed.

Mr. Johnson, I'm sure your lawyers have spoken to you about this, but you have a right to appeal any sentence imposed by this Court, as well as the findings of the jury on the merits, the findings of the jury as it relates to the sentence that they found. If you were going to file an appeal, you would have to file a notice within ten days of this date.

All right, that completes the matter. Mr. Johnson may be removed and we will deal with Mr. Roane.

(Defendant Johnson removed from courtroom.)

(Defendant Roane entered the courtroom.)

All right, counsel, have you all had an adequate

4886

# EXHIBIT 4

**J.A.104**

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**EASTERN** District of **VIRGINIA**

JUN - 1 1993

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

V.

**CORY JOHNSON**
a/k/a "O" and "CO"

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **3:92CR68-02**

**Craig S. Cooley, Esquire**
**John F. McGarvey, Esquire**

Defendant's Attorney

### THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☒ was found guilty on count(s) 1,2,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,32 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy | 03/16/92 | 1 |
| 21 U.S.C. 848 | Continuing Criminal Enterprise | 03/16/92 | 2 |
| 21 U.S.C. 848(e)(1)(A) and 18 U.S.C. 2 | Murder in furtherance of CCE; aid and abet | 02/19/92 | 8,11,17-19,24,25 |
| 18 U.S.C. 924(c)&2 | Use of firearm in crime of violence or drug trafficking crime; aid and abet | 02/19/92 | 9,12,15,20,26 |
| 18 U.S.C. 1959 & 2 | Violent crimes in aid of racketeering; aid and abet | 02/19/92 | 10,13,14,16,21-23, 27-30 |
| 21 U.S.C. 841(a)(1) | Distribution of crack cocaine; aid and abet | 02/19/92 | 31 |
| and 18 U.S.C. 2 | Possession with intent to distribute crack; aid & abet | 01/15/92 | 32 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ 1300.00 _____, for count(s) **listed above, with the exception of Ct. 1**, xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx when shall be due ☐ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's Mailing Address:

**135th Madison Avenue**

**Manhattan, New York**

Defendant's Residence Address:

**Incarcerated**

**June 1, 1993**

Date of Imposition of Sentence

Signature of Judicial Officer

**James R. Spencer, United States District Judge**

Name & Title of Judicial Officer

**June 1, 1993**

Date

593

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: **CORY JOHNSON**
Case Number: **3:92CR68-02**

Judgment—Page __2__ of __4__

## IMPRISONMENT

XX~~The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of~~ XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

The Court imposes a sentence of DEATH as to each of Counts 8, 11, 17, 18, 19, 24, and 25.
In addition, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE plus EIGHTY-FIVE (85) YEARS, consisting of the following sentence:
Count 2 – LIFE
Counts 10, 13, 14, 21, 22, 23, 27, and 28 – LIFE as to each count, to run concurrently with any other sentence imposed.
Counts 29 and 30 – THIRTY (30) YEARS on each count, to run concurrently with any other sentence imposed.
Count 16 – TWENTY (20) YEARS, to run concurrently with any other sentence imposed.
Count 31 – TWENTY (20) YEARS, to run concurrently with any other sentence imposed.
Count 32 – FORTY (40) YEARS, to run concurrently with any other sentence imposed.
Count 9 – FIVE (5) YEARS, to run consecutively to any other sentence imposed.
Counts 12, 15, 20, and 26 – TWENTY (20) YEARS on each count, to run consecutively to any other sentence imposed.

☐ The court makes the following recommendations to the Bureau of Prisons:




☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
　　☐ at _____ a.m. p.m. on _____.
　　☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
　　☐ before 2 p.m. on _____.
　　☐ as notified by the United States marshal.
　　☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.


_____
United States Marshal

By _____
Deputy Marshal

JA.106

Defendant:    **CORY JOHNSON**                                    Judgment—Page __3__ of __4__
Case Number:  **3:92CR68-02**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____
**FIVE (5) YEARS on the Indictment.**

_____ .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☐ The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90) Sheet 7 - Statement of Reasons

Defendant:    **CORY JOHNSON**                                    Judgment—Page __4__ of __4__
Case Number:  **3:92CR68-02**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: ____**43**____

Criminal History Category: ____**IV**____

Imprisonment Range: ____ to __**LIFE**__ months

Supervised Release Range: ____ to __**5**__ years

Fine Range: $ __**25,000**__ to $ **5,000,000**

☒ Fine is waived ~~or is below the guideline range~~, because of the defendant's inability to pay.

Restitution: $ **not recommended per 18 U.S.C. 3663(d)**

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
**The Court imposed the sentence as recommended by the jury as to Counts 8, 11, 17, 18, 19, 24, and 25. As to the additional counts on which a sentence of life imprisonment was imposed, deterrence is guaranteed; punishment will be a by-product of the sentence imposed.**

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOV 2 2 1996

UNITED STATES OF AMERICA

v.

CORY JOHNSON, a/k/a "CO"
*27832-054*                    Defendant.

Criminal Action Number 3:92CR68-02

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1.    The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2.    The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3.    The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

FILE COPY

J.A.110

4.      The method of execution shall be chosen by the prisoner.  In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.      The sentence shall be executed on March 20, 1997.

6.      Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber; and

7.      The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

NOV 2 2
_____
DATE

2

J.A.111

# EXHIBIT 6

J.A.112

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:92CR68 |
| | ) | Spencer, J. |
| RICHARD TIPTON, COREY | ) | |
| JOHNSON and JAMES H. | ) | |
| ROANE, JR., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

Upon consideration of Defendants' Consent Motion to Stay Executions, it is hereby

ORDERED that:

1. The Motion be, and hereby is, GRANTED; and

2. The executions previously scheduled by this Court for March 6, 1997, for Mr.

   Tipton, March 20, 1997, for Mr. Johnson, and April 3, 1997 for Mr. Roane, are

   hereby STAYED pending further order of this Court.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

February 21, 1997
_____
Date



657

J.A.113

# EXHIBIT 7

J.A.114

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

OCT 18 2005

|  |  |  |
|---|---|---|
| CORY JOHNSON,<br>　　　　　Petitioner,<br>　　v.<br><br>United States of America,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. Action No. 3:92CR68<br>Civil Action No. 3:97CV895 |

|  |  |  |
|---|---|---|
| RICHARD TIPTON<br>　　　　　Petitioner,<br>　　v.<br><br>United States of America,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. Action No. 3:92CR68<br>Civil Action No. 3:98CV361 |

|  |  |  |
|---|---|---|
| JAMES H. ROANE, JR.<br>　　　　　Petitioner,<br>　　v.<br><br>United States of America,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. Action No. 3:92CR68<br>Civil Action No. 3:98CV360 |

## MOTION OF THE UNITED STATES TO VACATE THE STAYS OF EXECUTION PREVIOUSLY ENTERED BY THIS COURT AND TO VACATE THE ORDERS SETTING THE TIME, PLACE AND METHOD FOR PETITIONERS' EXECUTIONS

The United States of America hereby moves that this Court vacate its order entered

on February 21, 1997, staying the execution of petitioners' federal death sentences

938

J.A.115

(Docket Entry # 657) and further vacate its earlier orders entered on November 22, 1996

(Docket Entries # 653, 654, & 655), setting the time, place, and method for petitioners'

executions. The relief sought by the United States is warranted for the following reasons:

1. In 1993, petitioners were capitally convicted of committing multiple murders in

furtherance of their continuing criminal enterprise, in violation of 21 U.S.C. 848(e), and,

in accordance with the jury's recommendation, were each sentenced to death on one or

more of the capital counts of conviction. The Fourth Circuit thereafter affirmed

petitioners' capital convictions and death sentences on direct review. United States v.

Tipton, 90 F.3d 861 (4th Cir. 1996), cert. denied, 520 U.S. 1253 (1997).

2. On November 22, 1996, this Court entered a series of orders (Docket Entries #

653, 654, & 655) setting separate execution dates for each petitioner. Attachment. Each

order additionally provided that the United States Marshall "shall supervise the

implementation of the sentence[s] of death in the manner prescribed by the law of the

Commonwealth of Virginia." Thus, pursuant to the terms of this Court's orders,

petitioners' executions were to take place at "the State correctional facility housing the

death chamber," and each petitioner was to be allowed to choose electrocution or lethal

injection as the method of execution.

3. On February 20, 1997, petitioners filed a Consent Motion to Stay Executions

(Docket Entry # 656) so that they could pursue available avenues of review, including

certiorari on direct review and motions for collateral review under 28 U.S.C. 2255.

2

J.A.116

4. On February 21, 1997, this Court granted petitioners' motion and stayed their scheduled executions "pending further order of this Court" (Docket Entry # 657). Attachment.

5. There is no reason for this Court to keep the stay order in place. On August 9, 2004, the Fourth Circuit affirmed the denial of federal collateral relief with respect to petitioners Tipton and Johnson and reinstated petitioner Roane's capital conviction and death sentence that had been vacated by this Court. United States v. Roane, 378 F.3d 382 (4th Cir. 2004). On October 3, 2005, the Supreme Court denied certiorari as to each petitioner. See 2005 WL 2413806 (Roane); 2005 WL 470923 (Johnson); 2005 WL 470929 (Tipton). Thus, judicial review of petitioners' initial motions for federal collateral relief is at an end, and successive motions for federal collateral relief are barred, except in the rarest of circumstances. See 28 U.S.C. 2244(b)(1) - (4), 2255 ¶ 8. Because there is no reason why petitioners' executions should not proceed, this Court should vacate its order staying the execution of their death sentences.

6. This Court should also vacate its initial orders setting the time, place, and method of execution. At the time that this Court ordered that petitioners' executions be conducted at "the State correctional facility housing the death chamber" and "in the manner prescribed by the law of the Commonwealth of Virginia," the federal government did not have its own facility for carrying out federal death sentences. That is no longer the case. The federal government now maintains a functioning death chamber at the

3

**J.A.117**

Terre Haute Federal Correctional Institution, where petitioners currently reside on death

row. Since the federal government resumed conducting executions in 2001, all three

federal executions that have occurred have been carried out at the Terre Haute facility.

There is, in short, no continuing reason for this Court to designate "the State facility

housing the death chamber" as the place where petitioners' executions should be carried

out.

Nor is there a reason that this Court should set the date for petitioners' executions

or require that their executions be implemented "in the manner prescribed by the law of

the Commonwealth of Virginia." Under regulations promulgated by the Attorney

General, the validity of which were upheld by the Fourth Circuit on direct review (Tipton,

90 F.3d at 901-903), the "date and time" for execution are to be "designated by the

Director of the Federal Bureau of Prisons," and the execution itself is to be "[a]t a federal

penal or correctional institution designated by the Director of the Federal Bureau of

Prisons." 28 C.F.R. §§ 26.3(a)(1) & (a)(2) (2005). So too, the regulations provide that,

"[e]xcept to the extent a court orders otherwise, a sentence of death shall be executed * *

* [b]y intravenous injection of a lethal substance or substances in a quantity sufficient to

cause death." 28 C.F.R. 26.3(a)(4) (2005). There is no reason for this Court to "order[]

otherwise." Although 18 U.S.C. 3596 provides that most federal death sentences should

be implemented "in the manner prescribed by the law of the State in which the sentence is

imposed," that provision applies only to "[a] person who has been sentenced to death

4

J.A.118

pursuant to <u>this chapter</u>" (<u>i.e.</u>, the death penalty procedures set out in the Federal Death Penalty Act of 1994 and contained in Chapter 228 of the United States Code) (emphasis added).  Because petitioners were sentenced to death pursuant to the procedures contained in 21 U.S.C. 848(e), <u>et seq.</u>, and not those contained in Chapter 228, Section 3596's implementation directive does not by its plain terms apply to them.  Rather, the implementation of their executions is governed exclusively by the Attorney General's regulations that prescribe lethal injection as the means for implementing federal death sentences.

7.  In accordance with the controlling regulations, the Director of the Bureau of Prisons intends to designate dates for petitioners' executions in the immediate future. Their executions will occur at the Terre Haute facility by means of lethal injection. Vacating the stay order will allow petitioners' executions to proceed, and vacating the original date, place and method orders will eliminate any confusion between the terms of those orders and the Attorney General's regulations that will inform the Director's future designation.

5

J.A.119

WHEREAS, for the foregoing reasons, the Court should dissolve the previously entered stays of execution and vacate its order setting the time, place, and method of execution.

Respectfully submitted.

PAUL J. McNULTY
United States Attorney

G. WINGATE GRANT
Assistant United States Attorney

ROBERT J. ERICKSON
Attorney
U.S. Department of Justice
Robert F. Kennedy Bldg., Rm. 1515
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 514-2841
Fax: (202) 305-2121

**J.A.120**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Motion of the United States to Vacate the Stays of Execution Previously Entered by this Court and to Vacate the Orders Setting the Time, Place and Method For Petitioners' Execution were served this day by overnight delivery on petitioners' counsel at the following addresses:

Paul Enzinna
Heather M. McCann
Baker & Botts, L.L.P.
1299 Pennsylvania Avenue
Washington, D.C. 20004

Counsel for Roane

Edward E. Scher
Thorsen & Scher, LLP
3810 Augusta Avenue
Richmond, Virginia 23230-3910

Barbara L. Hartung
Suite 1600
700 East Main Street
Richmond, Virgnia 23219

Counsel for Johnson

Dated: October 17, 2005

Stephen Northup
Troutman Sanders LLP
1001 Haxal Point
Richmond, VA. 23219

Frederick R. Gerson.
Robinson, Carl & Gerson
7102 Three Chopt Road
Richmond, VA. 23226

Counsel for Tipton

Robert J. Erickson
Deputy Chief,
Criminal Division
Appellate Section
Robert F. Kennedy Bldg, Room 1515
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2841

J.A.121

# Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

RICHARD TIPTON, a/k/a Whittey

Defendant.

Criminal Action Number 3:92CR68-01

**ORDER**

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1. The Attorney General shall release Richard Tipton, a/k/a Whittey, to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia. Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2. The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3. The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

**FILE COPY**

J.A.123

4.      The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.      The sentence shall be executed on March 6, 1997.

6.      Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Richard Tipton, a/k/a Whittey, to be conveyed to the State correctional facility housing the death chamber; and

7.      The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

<u>James R. Spencer</u>
UNITED STATES DISTRICT JUDGE

<u>NOV 2   '3.</u>
DATE

2

J.A.124

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

CORY JOHNSON, a/k/a "CO"

27832-054    Defendant.

Criminal Action Number 3:92CR68-02

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1.    The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2.    The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3.    The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

FILE COPY

J.A.125

4.    The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5.    The sentence shall be executed on March 20, 1997.

6.    Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber; and

7.    The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

NOV 2 2
_____
DATE

2

J.A.126

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RECEIVED
UNITED STATES MARSHAL

NOV 2 2 1996

UNITED STATES OF AMERICA

v.

JAMES H. ROANE, JR., a/k/a "J.R."
#33933-083        Defendant.

Criminal Action Number 3:92CR68-03

## ORDER

Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:

1.     The Attorney General shall release James H. Roane, Jr., a/k/a "J.R.", to the custody of a United States Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann. §§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);

2.     The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

3.     The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;

## FILE COPY

J.A.127

4. The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;

5. The sentence shall be executed on April 3, 1997.

6. Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause James H. Roane, Jr., a/k/a "J.R.", to be conveyed to the State correctional facility housing the death chamber; and

7. The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.

The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

_____NOV 2 2_____
DATE

2

J.A.128

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 3:92CR68 |
| ) | Spencer, J. |
| RICHARD TIPTON, COREY ) | |
| JOHNSON and JAMES H. ) | |
| ROANE, JR., ) | |
| ) | |
| Defendants ) | |

**FILED**

**21 1997**

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ORDER

Upon consideration of Defendants' Consent Motion to Stay Executions, it is hereby

ORDERED that:

1. The Motion be, and hereby is, GRANTED; and

2. The executions previously scheduled by this Court for March 6, 1997, for Mr.

Tipton, March 20, 1997, for Mr. Johnson, and April 3, 1997 for Mr. Roane, are

hereby STAYED pending further order of this Court.

And it is SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

A TRUE COPY-TESTE
CLERK, U.S. DISTRICT COURT
BY: _Linda K. McDonald_
DEPUTY CLERK

February 21, 1997
_____
Date

FILE COPY

**RECEIVED**

FEB 2 0 1997

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

J.A.129

# EXHIBIT 8



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

November 20, 2020

Mr. Cory Johnson
Reg. No. 27832-054
Special Confinement Unit
United States Penitentiary
Terre Haute, Indiana 47802

Dear Mr. Johnson:

The purpose of this letter is to inform you that a date has been set for the implementation of your death sentence, pursuant to the Judgment and Order issued on June 1, 1993, by Judge James R. Spencer of the United States District Court for the Eastern District of Virginia.  This letter will serve as official notification that pursuant to Title 28, Code of Federal Regulations, Section 26.3(a)(1), the Director of the Federal Bureau of Prisons has set January 14, 2021, as the date for your execution by lethal injection.

Under Title 28, Code of Federal Regulations, Sections 1.1 and 1.10, if you wish to seek commutation of sentence or reprieve from the President, petitions may be emailed directly to the DOJ Pardon Attorney at USPARDON.Attorney@usdoj.gov.  If email is not available, petitions may be mailed to the Office of the Pardon Attorney, U.S. Department of Justice, 950 Pennsylvania Avenue, RFK Main Justice Building, Washington, D.C. 20530.  The Office of the Pardon Attorney is responsible for receiving and processing on behalf of the President all requests for clemency.  If you wish to apply for commutation of sentence your petition must be filed within 30 days of the date you receive this notice.

Soon, I will come to your housing unit to personally discuss with you many of the details surrounding the execution.  At that time, I will be available to answer any questions you may have regarding the execution process.

Sincerely,

T.J. Watson
Complex Warden

cc:     The Honorable David J. Novak, Judge, United States District Court
        (E.D. Virginia)
        Mr. Fernando Galindo, Clerk of the Court (E.D. Virginia)
        Mr. G. Zachary Terwilliger, United States Attorney (E.D. Virginia)
        Mr. Joseph Attias, Assistant United States Attorney (E.D. Virginia)
        Mr. Donald P. Salzman
        Mr. David Carney
        Mr. Josh Minkler, United States Attorney (S.D. Indiana)
        Mr. Joseph "Dan" McClain, U.S. Marshal (S.D. Indiana)

**J.A.131**

# EXHIBIT 9

J.A.132

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane v. Gonzales*, 05-cv-2337 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 19-mc-145 (TSC) |

**MEMORANDUM OPINION**

Defendants have moved to vacate this court's preliminary injunctions barring the executions of Plaintiffs James Roane, Richard Tipton, Cory Johnson, Orlando Hall, Bruce Webster, Anthony Battle, and Jeffrey Paul. (ECF No. 173, Defs. Mot. to Vacate Prelim. Inj.) For the reasons set forth below, the motion is GRANTED.

Defendants' September 11, 2020 Notice urged the court to rule on this motion with "dispatch," requested an expedited ruling, and noted that it had, on several occasions, asked the court for a ruling by September 4. Although the court was aware of the motion and intended to resolve it expeditiously, as the parties are aware, this is not the only case on the court's docket. Nevertheless, the court has prioritized resolving the issues presented in this case—which has involved at least eight motions for preliminary injunction and emergency relief over the course of seven scheduled executions—and has endeavored to ensure the opinions and orders issued adequately address the parties' claims and requests. Given the number of plaintiffs and the speed at which the government has sought to execute them—after eight years of inaction—careful consideration and resolution of the myriad claims presented necessarily requires time. The government's desire to carry out executions in rapid succession must yield to the need to resolve

1

**J.A.133**

the substantive legal claims at issue, many of which have been placed before the court on the

government's own motion. No further requests for expedited rulings or deadlines—from *any*

party in this case—should be filed absent a bona fide emergency.

## I.  BACKGROUND

In 2005, Plaintiffs Roane, Tipton, and Johnson sued, challenging the three-drug lethal

injection protocol then employed by the Bureau of Prisons (BOP) alleging various constitutional

and Administrative Procedure Act (APA) violations. (*Roane v. Gonzales*, No. 05-cv-2337

(D.D.C.), ECF No. 1.) Shortly thereafter, they sought a preliminary injunction barring their

executions, which were scheduled for May 2006. (*Roane*, ECF No. 2.). Defendants consented

to the entry of a preliminary injunction pending the Supreme Court's disposition of *Hill v.

Crosby*, which involved a method-of-execution challenge. (*Roane*, ECF No. 4.) Judge Huvelle,

who was presiding over the case at that time, temporarily enjoined the executions of Roane,

Tipton, and Johnson. (*Roane*, ECF No. 5.) The preliminary injunction remained, however, after

the Supreme Court decided *Hill*. *See Hill v. McDonough*, 547 U.S. 573 (2006); (*Roane*, ECF

No. 7.)

The following year, Plaintiffs Webster, Battle, and Hall intervened and filed

unopposed motions for preliminary injunctions, which Judge Roberts granted. (*See Roane*, ECF

Nos. 27 (Webster), 67 (Battle), 68 (Hall)). Defendants stipulated to the preliminary injunctions

but did not "waive any objections or arguments on the merits of the issues in this litigation and

d[id] not admit the veracity of any of the allegations of any of the operative pleadings in this

case." (*Roane*, ECF No. 39.)

Defendants sought to dissolve the preliminary injunctions on multiple occasions. (*See

Roane*, ECF Nos. 61, 160.) Due to litigation over the scope of discovery, the court declined to

**J.A.134**

rule on the motion to lift the stay.  (*See Roane*, ECF No. 209 (ordering further briefing "before the defendants' motion to lift the stays currently in place should be considered").)

On October 6, 2009, Plaintiff Paul sought to intervene and to obtain a preliminary injunction, (*Roane*, ECF No. 228), which Defendants opposed, (*Roane*, ECF No. 242).  While that litigation continued throughout 2010, in December of that year, BOP announced plans to schedule Paul's execution date.  (*Roane*, ECF No. 273.)  Then in July 2011, after BOP determined it could no longer obtain one of the drugs in its protocol, Defendants informed the court that BOP had "decided to modify its lethal injection protocol," and would "submit a monthly status report to the Court on the status of finalizing the protocol revisions."  (*Roane*, ECF No. 288.)

On July 25, 2019, Defendants notified the Court it had adopted a new, single-drug protocol on July 25, 2019.  (*Roane*, ECF No. 385.)  On the same day, BOP set execution dates for five inmates, four of whom immediately sought a preliminary injunction. This court consolidated all four actions into the present case and has since consolidated additional actions filed by other death-row inmates.

## II.  DISCUSSION

In light of the new one-drug execution protocol announced by the BOP in July 2019, Defendants have moved to vacate the existing preliminary injunctions discussed above.  (*See generally* Defs. Mot. to Vacate Prelim. Inj.)  They contend that "the legal and factual premises underlying the injunctions have fundamentally and undisputedly changed."  (*Id.* at 7.)  Plaintiffs oppose the motion but have not provided an adequate basis to keep the injunctions in place. Accordingly, the court will grant Defendants' motion and the preliminary injunctions prohibiting

**J.A.135**

the executions of Plaintiffs Roane, Tipton, Johnson, Hall, Webster, Battle, and Paul will be

vacated.

## A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 60(b), a court may "relieve a party . . . from

a[n] . . . order" when "applying it prospectively is no longer equitable" or upon a showing of

"any . . . reason that justifies relief." *Hudson v. AFGE*, 281 F. Supp. 3d 11, 13 (D.D.C. 2017)

(quoting Fed. R. Civ. P. 60(b)(5) and (6)). Thus, a court may modify an injunction pursuant to

that rule in its "equitable discretion." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080,

2087 (2017). The party seeking relief from an injunction has the burden of showing "a

significant change either in factual conditions or in law" such that continued enforcement of the

injunction would be "detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447

(2009). That significant change, moreover, must be "unanticipated" by the parties and the court.

*Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 367 (D.C. Cir. 2017).

"[D]issolution should depend on the same considerations that guide a judge in deciding

whether to grant or deny a preliminary injunction in the first place"—i.e., "[t]he familiar quartet"

of "likelihood of success, the threat of irreparable injury to the party seeking interim relief, the

equities and the public interest." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222,

1225 (1st Cir. 1994).

## B. <u>Changed Circumstances and Injunctive Relief Factors</u>

The court agrees with Defendants that circumstances have indeed changed since the

injunctions at issue were entered (most more than ten years ago). The basis for these injunctions

was a three-drug protocol that is no longer in use, and Plaintiffs have superseded the complaint

upon which the prior injunctions were based. And while it is true that the claims in the operative

4

**J.A.136**

complaint are similar to those challenging the three-drug protocol (Due Process Clause, Eighth Amendment, and APA violations), Plaintiffs now challenge the government's use of pentobarbital, a drug that was not utilized used in prior protocols.

Ultimately, Plaintiffs cannot succeed on the merits of a complaint that has been superseded. And it defies logic to maintain an injunction pertaining to an outdated execution protocol when Plaintiffs have been unable to demonstrate they are entitled to injunctive relief under the new protocol. (*See, e.g.*, ECF No. 226; ECF No. 261.)

Death is certainly irreparable. But Plaintiffs have been sentenced to death for crimes after trial, and their convictions have been upheld on appeal. This court's injunction was issued in order to consider and rule on matters pertaining to the method and manner of execution. Moreover, Plaintiffs are protected from the irreparable harm that formed the basis of the original injunction because the government will no longer use the methods detailed in the three-drug protocol to execute them. This factor, accordingly, weighs in favor of lifting the injunction.

The court finds it would not be equitable to leave the prior injunctions in place when the government will no longer be using the three-drug protocol. Thus, the balance of the equities favors Defendants. The same is true for the public interest factor. Though the public has a "powerful and legitimate interest in punishing the guilty," *Calderon v. Thompson*, 523 U.S. 538, 556 (1998), this court has repeatedly expressed its view that the public is also strongly served by ensuring that persons sentenced to death are not executed in a manner that violates the U.S. Constitution or laws passed by Congress. Those concerns are not implicated here. The legal claims that formed the basis of the prior injunctions have been resolved—they are moot. This factor, again, weighs in favor of dissolution.

**J.A.137**

Thus, the changed circumstances and the factors for injunctive relief all weigh in favor of vacating the injunction.

Plaintiffs fail to advance a convincing reason to leave the injunction in place. First, they argue that the court may not lift an injunction absent "extraordinary" circumstances. (*See* ECF No. 197, Pls. Opp'n at 10.) But this is the standard for relief from final judgment, not for relief for a preliminary injunction. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."); *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 328 (D.D.C. 2011) (addressing permanent injunctions that had been affirmed by the D.C. Circuit).

Next, Plaintiffs argue that the new Protocol did not moot their claims; they note, for instance, that their challenge to Defendants' failure to disclosure the relevant procedures that will be used to execute them remains live. But this claim has now been dismissed in the court's Order of September 20, 2020. (*See* ECF No. 261.)

Plaintiffs also argue that vacating the injunction would thwart the original purpose on which the injunction was based, namely to "allow[] the orderly adjudication of a complex dispute that has urgent implications for Plaintiffs and great significance for the public at large." (Pls. Opp'n at 11.) The purpose of the prior injunction, however, was to preserve the status quo while the court adjudicated claims on which Plaintiffs were likely to succeed on the merits. Those claims are no longer at issue.

Finally, Plaintiffs argue that Defendants' motion is untimely, but identify no authority for that argument. Rule 60(c) requires that motions for relief therein be filed within a "reasonable time." Given the speed at which issues have been raised in this litigation, the court does not find

6

J.A.138

the timing of Defendants' motion to be unreasonable.[1]  The preliminary injunction here was

intended to be temporary.  The fact that the injunctions have been in place this long—and that

Defendants did not move to vacate them sooner—did not prejudice Plaintiffs.

   For the foregoing reasons, Plaintiffs have not supplied a justifiable reason to leave the

preliminary injunctions in place, and they will be VACATED.

Date:  September 20, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] Plaintiffs refer to a purported intra-Circuit, three-month timeline to address relief from judgment motions, but, again, the authority cited for that proposition addresses relief from *final* judgment.  (Pls. Opp'n at 6 (citing *THEC Int'l-Homdard Cordova Group-Nazari Constr. Co. v. Cohen Moher, LLP*, 301 F. Supp. 3d 1, 9 (D.D.C. 2018); *Darby v. Shulkin*, 321 F.R.D. 10, 12 (D.D.C. 2017)).)

7

# EXHIBIT 10

FILED:  January 7, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-18
(8:98-cr-00520-PJM-2)
_____

UNITED STATES OF AMERICA

      Plaintiff - Appellant

v.

DUSTIN JOHN HIGGS

      Defendant - Appellee

_____

O R D E R

_____

Upon consideration of the government's opening brief and the defendant's response brief, the court directs the clerk to schedule this case for remote oral argument on January 27, 2021, at 11:00 a.m.  The parties may file any motions pertaining to the scheduling of argument by January 8, 2021.

Entered at the direction of Judge Keenan with the concurrence of Judge Floyd. Judge Richardson dissented from the order and filed a dissenting opinion.

                For the Court

                /s/ Patricia S. Connor, Clerk

**J.A.141**

RICHARDSON, Circuit Judge, dissenting:

I respectfully dissent from the order delaying this case to schedule oral argument on January 27.  Argument and more time for deliberation can be helpful, particularly in weighty matters like this one.  But the Executive Branch scheduled Higgs's execution for January 15.  And the parties agreed to an expedited briefing schedule to permit consideration of a single question of statutory interpretation before that date.  *See* Fourth Circuit I.O.P. 22.1.

Respecting the Executive's prerogative to carry out duly imposed capital sentences, the Supreme Court acts with dispatch when a district court bars a scheduled execution.  *See Barr v. Hall*, No. 20A102, 2020 WL 6797719 (U.S. Nov. 19, 2020) (mem.); *Barr v. Lee*, 140 S. Ct. 2590 (2020); *Barr v. Purkey*, 140 S. Ct. 2594 (2020) (mem.); *Barr v. Purkey*, 141 S. Ct. 196 (2020) (mem.).  There is no good reason why we cannot do the same.  So I respectfully dissent from the decision to delay this process to hear oral argument during our previously scheduled term of court, which falls two weeks after the scheduled execution.

**J.A.142**

# EXHIBIT 11

J.A.143

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Appellant** | ) | |
| | ) | |
| **v.** | ) | **Appeal No. 20-18** |
| | ) | |
| **DUSTIN JOHN HIGGS,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

**GOVERNMENT'S MOTION TO DISPENSE WITH, OR
ALTERNATIVELY EXPEDITE, ORAL ARGUMENT**

The United States of America hereby moves this Court to amend its recent

order scheduling oral argument (ECF 15).   Given that the execution of Dustin John

Higgs is scheduled for Friday, January 15, 2021—but currently cannot go forward

on that date because the district court has refused to designate a State to supply the

law governing the manner of implementing the sentence, *see* 18 U.S.C. § 3596(a) —

the government respectfully submits that this Court should resolve the appeal on an

expedited basis by Tuesday, January 12, 2021.   In order to meet that deadline, the

government further submits that the Court should either dispense with oral argument

or schedule oral argument on Monday, January 11, 2021.

That timetable comports with the expedited briefing schedule to which the

1

**J.A.144**

parties agreed and which the Court ordered. It reflects the likelihood that the non-prevailing party will seek relief from the Supreme Court before the scheduled execution date. It avoids any prejudice to the legitimate expectations of the family members of the victims who were murdered by the defendant now some 25 years ago, and who intend to travel to Terre Haute, Indiana, to witness the execution. And, as Judge Richardson indicated in his dissent, it reflects the "dispatch," *Barr v. Roane*, 140 S. Ct. 353, 353 (2019), that the Supreme Court has required of appellate courts—and demonstrated itself—when reviewing lower court orders that stand in the way of previously-set execution dates. *See, e.g., Barr v. Hall*, No. 20A102, 2020 WL 6797719 (U.S. Nov. 19, 2020); *Barr v. Lee*, 140 S. Ct. 2590 (2020).

## BACKGROUND

1.      The defendant in this case is facing nine death sentences for his role in the murder of three women in 1996. JA 54.

2.      The defendant's execution has been set for January 15, 2021. JA 152.

3.      On August 4, 2020, shortly after the Bureau of Prisons (BOP) carried out the first federal executions in 17 years, the government filed a motion pursuant to 18 U.S.C. § 3596(a) requesting that the district court designate the State of Indiana—the defendant's current location and the site of the federal execution chamber—to provide the law governing the implementation of the previously-

imposed sentence.   JA 59.

4.      The defendant responded; the government replied; the defendant sought and received leave to file a surreply; and the motion was fully briefed on September 18, 2020.   JA 70-151.

5.      More than two months later, on November 20, 2020, BOP set the defendant's execution date for January 15, 2021.   JA 152.

6.      More than a month after that, on December 29, 2020, the district court denied the government's motion.   JA 153.   The government thus currently cannot carry out the execution as scheduled on January 15, 2021, because Maryland law "does not provide for implementation of a sentence of death," and the district court has not "designate[d] another State, the law of which does provide for the implementation of a sentence of death" to govern the manner of implementing the defendant's sentence.   18 U.S.C. § 3596(a).

7.      Given the timing and important nature of this case, the government immediately filed a notice of appeal, and a day later, on December 31, 2020, the government filed its opening brief, or in the alternative, petition for mandamus.

8.      Understanding the timing issues at play here, the parties agreed to expedited consideration of this important appeal.   ECF 8.

9.      This Court entered an order consistent with the parties' agreement,

making the defendant's brief due January 7, 2021, and the government's reply due January 9, 2021. ECF 9.

10. The defendant then filed a motion to dismiss the appeal for lack of jurisdiction. ECF 10. The parties again agreed on an expedited briefing schedule, making the government's response due January 8, 2021, and the defendant's reply due January 9, 2021. ECF 13.

11. This appeal will thus be fully briefed and ready for the Court's decision on January 9, 2021—six days before the scheduled execution on January 15, 2021.

12. Notwithstanding this timing, the Court set the matter for oral argument on January 27, 2021, during its next regularly-scheduled argument sitting. ECF 15. In doing so, however, the Court invited the parties to "file any motions pertaining to the scheduling of argument by January 8, 2021." *Id.*

13. The government now accepts the Court's invitation and files the instant motion. The government consulted with counsel for the defense regarding this motion on January 8, 2021 via email, and defense counsel indicated he objects to the motion.

**ARGUMENT**

The Supreme Court has made clear that it expects courts of appeals to render decisions "with appropriate dispatch" when weighing a lower-court order that

4

**J.A.147**

prohibits the government from carrying out a previously-scheduled execution. *Roane*, 140 S. Ct. at 353.   This is because "'[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence.'" *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).   As the Court recently reiterated, "[l]ast-minute stays … should be the extreme exception, not the norm"—and reviewing courts must therefore scrutinize last-minute stays on an expedited basis.   *Lee*, 140 S. Ct. at 2591 (quoting *Bucklew*, 139 S. Ct. at 1134).   The Court itself has done so multiple times in the past year, vacating four separate injunctions that were issued just hours before a scheduled federal execution.   *See id.* at 2591-2592; *Barr v. Purkey*, 140 S. Ct. 2594 (2020); *Barr v. Purkey*, 141 S. Ct. 196 (2020); *Hall*, 2020 WL 6797719.

Courts of appeals have likewise acted expeditiously on appeals and stay motions in the days before scheduled federal executions.   For example, in *Hall v. Barr*, No. 20-cv-3184, 2020 WL 6743080 (D.D.C. Nov. 16, 2020), the district court issued a decision on November 16, 2020, in advance of an execution scheduled for November 19, 2020, *see id.* at *1; the D.C. Circuit then set an expedited briefing schedule and entered a decision two days later affirming the district court's decision and thereby allowing the execution to proceed the following day, *see Hall v. Barr*, 830 Fed. Appx. 8, 9 (D.C. Cir. 2020) (per curiam).   Similarly, in *United States v.*

5

**J.A.148**

*Mitchell*, No. CR-01-01062, 2020 WL 4698056 (D. Ariz. Aug. 13, 2020), the district court issued a decision on August 13, 2020, *see id.* at *1; the Ninth Circuit then set an expedited briefing schedule, heard oral argument, and entered a decision six days later, *see United States v. Mitchell*, 971 F.3d 993, 994 (9th Cir. 2020) (per curiam).

The government respectfully agrees with Judge Richardson that "[t]here is no good reason why" this Court "cannot do the same."  ECF 15, at 2.  Indeed, the district court's decision in this case came on December 29, 2020—more than two weeks before the scheduled execution date, thereby leaving considerably more time for decision than the courts of appeals had in the cases described above, especially after the government filed its opening brief just two days later, on New Year's Eve. As the case will be fully briefed by Saturday, January 9, the government respectfully submits that, given the circumstances, the Court could expeditiously resolve the case by Tuesday, January 12.  The government believes that the case could be resolved without oral argument in light of the thorough briefing by both parties, but, if necessary, the government is prepared to appear remotely for oral argument on Monday, January 11, so that the Court can hear and resolve the case in time to allow for potential further review by the Supreme Court.  *See also* 4th Cir. Local Rule 21(b) (noting that "the Court ordinarily will decide the merits of [a mandamus] petition on the materials submitted without oral argument").

6

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Jason D. Medinger
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800


_____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney


# CERTIFICATE OF SERVICE

I hereby certify on this 8th day of January, 2021 that I caused a copy of the foregoing Motion to Expedite Oral Argument to be served on counsel for the defendant by ECF and email to the following:

Matthew C. Lawry, Federal Public Defender
FEDERAL COMMUNITY DEFENDER OFFICE
Suite 545W
Eastern District of Pennsylvania
The Curtis Center
601 Walnut Street
Philadelphia, PA 19106


_____/s/_____
Ellen E. Nazmy
Special Assistant United States Attorney

J.A.150

# EXHIBIT 12

FILED:  January 8, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-18
(8:98-cr-00520-PJM-2)

_____

UNITED STATES OF AMERICA

      Plaintiff - Appellant

v.

DUSTIN JOHN HIGGS

      Defendant - Appellee

_____

O R D E R

_____

Upon consideration of submissions relative to the government's motion to dispense with, or alternatively expedite, oral argument, the court denies the motion in light of the novel legal issues presented.

Entered at the direction of Judge Keenan with the concurrence of Judge Floyd. Judge Richardson dissented from the order and filed a dissenting opinion.

        For the Court

        /s/ Patricia S. Connor, Clerk

**J.A.152**

RICHARDSON, Circuit Judge, dissenting:

I continue to respectfully dissent from our decision to delay this case by scheduling oral argument two weeks *after* the scheduled execution. *See* Order, ECF 15, No. 20-18 (Jan. 7, 2020) (Richardson, J., dissenting). That decision frustrates the Executive's prerogative and ignores the Supreme Court's guidance, both of which provide good reason to decide with dispatch.

2

**J.A.153**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
                                  :
          v.                      :          **Case No. 3:92CR68**
                                  :          **CAPITAL CASE**
COREY JOHNSON,                    :
Defendant.                        :
                                  :

## [PROPOSED] ORDER

The matter is before the Court on the motion of the defendant, Corey Johnson, to vacate the Orders previously entered November 17, 2005 (Docket Entries # 944 & 945), which modified the 1993 Judgment and Order implementing the death sentence. Upon review of the parties' submissions, it is Ordered that the motion of Mr. Johnson is GRANTED. The Orders entered November 17, 2005 (Docket Entries #944 & 945) are VACATED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

 

_____
David J. Novak
United States District Judge

Richmond, Virginia

Dated: _____

**J.A.154**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 3:92CR68** |
| **v.** | : | **CAPITAL CASE** |
| | : | **EXECUTION SCHEDULED** |
| **COREY JOHNSON,** | : | **FOR JANUARY 14, 2021** |
| | : | |
| **Defendant.** | : | |

**NOTICE OF AUTHORITY CITED IN DEFENDANT'S**
**MOTION TO VACATE 2005 AMENDMENT TO THE JUDGMENT AND ORDER**

Yesterday, January 10, 2021, Defendant Corey Johnson filed a motion to vacate the

Court's order issued on November 17, 2005, modifying the authoritative orders of this Court

implementing his death sentence (Dkt. 107, the "Motion"). The Motion cited Mr. Johnson's

February 20, 1997 Consent Motion to Stay Executions (Dkt. 656), which was not attached to Mr.

Johnson's Motion as an exhibit because it was unavailable to counsel at the time of filing. Mr.

Johnson has now acquired a copy of the 1997 Consent Motion and attaches that copy here as

Exhibit 13 to Mr. Johnson's Motion for the Court's ease of reference.

Respectfully submitted,

Dated: January 11, 2021

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Donald P. Salzman*
Lotus D. Ryan, VA Bar # 71425
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

*Admitted Pro Hac Vice

*Counsel for Corey Johnson*

1

**J.A.155**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January 2021, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send notification of such

filing to all parties and counsel included on the Court's Electronic Mail notice list.

<u>/s/ David E. Carney</u>
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

2

**J.A.156**

# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:92CR68
) Spencer, J.
RICHARD TIPTON, COREY )
JOHNSON and JAMES H. )
ROANE, JR., )
)
Defendants )

## DEFENDANTS' CONSENT MOTION TO STAY EXECUTIONS

Defendants Richard Tipton, Corey Johnson, and James H. Roane, Jr., hereby

respectfully move that their executions, currently scheduled by order of this Court for March

6, 1997, March 20, 1997, and April 3, 1997, respectively, be stayed. The grounds for this

motion are as follows:

1. This Court sentenced each of the three defendants to death in June 1993 on one or

   more counts of murder in furtherance of a continuing criminal enterprise under 21

   U.S.C. § 848 (e). The Court held, however, that the sentences could not be

   carried out because of the absence of a statutory method of execution.

2. On July 8, 1996, the United States Court of Appeals for the Fourth Circuit issued

   its opinion affirming the convictions and sentences of the defendants, and

   reversing this Court's holding that the sentences could not be carried out. The

656

**J.A.158**

Fourth Circuit denied a timely petition for rehearing and suggestion for rehearing in banc on October 28, 1996.

3. On November 22, 1996, this Court entered orders setting execution dates of March 6, 1997, for Mr. Tipton, March 20, 1997 for Mr. Johnson, and April 3, 1997 for Mr. Roane.

4. On January 27, 1997, each of the defendants filed a timely petition for certiorari in the Supreme Court of the United States seeking review of the Fourth Circuit's affirmance of the death sentences and the underlying convictions. The United States has not yet filed its brief in opposition to the petitions.

5. It is unlikely that the petitions for certiorari will be disposed of in due course before the execution dates schedule by this Court.

6. The granting of a stay of execution pending the disposition of a petition for certiorari on direct review in a capital case is automatic, because a scheduled execution date must not "interfere with the orderly processing of a petition on direct review" by the Supreme Court. Cole v. Texas, 499 U.S. 1301 (1991) (Scalia, J., in chambers). Consideration of a stay by this Court in the first instance is not only proper, but required, see Supreme Court Rule 23 (3), and a lower court has a responsibility to grant a stay in these circumstances to avoid burdening the Supreme Court with a necessity of doing so. McDonald v. Missouri, 464 U.S. 1306 (1984) (Blackmun, J., in chambers).

7. Pending the completion of direct review proceedings, defendants have not yet filed applications for post-conviction relief under 28 U.S.C. § 2255, but intend to

do so in the event that they are unsuccessful in obtaining relief through their pending petitions for certiorari.

8.  The United States Department of Justice has authorized counsel for the defendants to represent to this Court that the United States agrees that the execution of the defendants' death sentences should be stayed pending the completion of the direct review process.

Respectfully Submitted,

_____

Donald R. Lee Jr.
VSB# 25235
FRAMME MACAULAY & LEE LC
1108 East Main Street
Eleventh Floor
Richmond, Virginia 23219
(804) 649-2128

Counsel for Richard Tipton

_____

Craig S. Cooley /DRL
VSB # 16593
P.O. Box 7268
Richmond, Va. 23221
(804) 358-2328

Counsel for Corey Johnson

_____

David P. Baugh /DRL
VSB # 22528
223 South Cherry Street
Richmond, Virginia 23220
(804) 643-8111

Counsel for James H. Roane, Jr.

J.A.160

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of February, 1997, true and accurate

copies of the foregoing Defendants' Consent Motion to Stay Executions were sent by

first-class mail, postage pre-paid, to:


> Robert J. Erickson
> Deputy Chief
> Criminal Division
> Appellate Section
> United States Department of Justice
> P.O. Box 899
> Ben Franklin Station
> Washington, D.C.  20044-0899
>
> Helen F. Fahey
> United States Attorney
> Eastern District of Virginia
> Suite 1800, Main Street Center
> 600 East Main Street
> Richmond, Va.  23219

> Donald R. Lee, Jr.
> FRAMME MACAULAY & LEE LC
> 1108 East Main Street
> Eleventh Floor
> Richmond, Virginia  23219

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Richmond Division*

UNITED STATES OF AMERICA,      )
                               )
     v.                      )      Criminal No. 3:92-cr-68 (DJN)
                               )
COREY JOHNSON,            )
                               )
     Defendant.         )

### Government's Response Opposing
### Motion to Vacate

Corey Johnson received seven death sentences in 1993 under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 for the murders of seven people—Peyton Maurice Johnson; Louis J. Johnson, Jr.; Bobby Long; Anthony Carter; Dorothy Mae Armstrong; Curtis Thorne; and Linwood Chiles. Johnson was also convicted for his role in the murder of an eighth person, Torrick Brown, Jr., an offense that was ineligible for a death sentence, and he was convicted of an assault resulting in serious bodily injury to Martha McCoy. Johnson's convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And his challenges to his convictions and death sentences were also denied under 28 U.S.C. § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), *cert. denied*, 546 U.S. 810 (2005).

Four days before his scheduled execution, Johnson now seeks to challenge the manner in which his death sentence is carried out. (ECF No. 107.) He argues that this Court erred on November 17, 2005, in entering an order that altered an earlier order of November 22, 1996, specifying how his death sentence would be carried out. According to Johnson, this Court violated Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c) with its order of November 17,

**J.A.162**

2005, and acted without jurisdiction. But Johnson is mistaken. This Court's November 17, 2005, order simply altered an earlier *order* regarding sentence implementation—not a *judgment* of conviction—as the relevant orders and the Fourth Circuit's opinion on direct appeal demonstrate. Moreover, the orders unambiguously dealt with the manner in which the death sentences would be carried out, and Rule 35(a) does not govern the manner in which a sentence is carried out. *See, e.g.*, *United States v. Little*, 392 F.3d 671, 679–80 (4th Cir. 2004) (Rule 35 does not govern challenge to how sentencing credit is calculated, an issue dealing with the execution of a sentence). Johnson's claim also fails because he never appealed the order of November 17, 2005, even though he opposed the order, and that order has long been final. Any attempt to challenge it now is untimely.

Johnson relies on *United States v. Higgs*, 2020 WL 7707165 (D. Md. Dec. 29, 2020). Although the United States disagrees with that ruling and has appealed it, *Higgs* is readily distinguishable. It does not address the series of orders like those entered in this case after a criminal judgment was entered, and it does not involve a case where a defendant seeks to attack an order entered more than a decade and a half ago.

## Procedural History

### A.    Johnson is convicted and sentenced.

On February 16, 1993, a jury sentenced Johnson to death for seven murders under § 848(e)(1)(A). Thereafter, this Court imposed those death sentences and entered a judgment. The Court stayed the implementation of the death sentences, however, because "no federal statute provided authorization for the specific means of executing such sentences." *Tipton*, 90 F.3d at 901–02. Although federal regulations did provide for the method in which the sentence would be carried out, *id.* (citing 28 C.F.R. § 26.3), the Court concluded that the regulations did not suffice to provide a mechanism to carry out the death sentences. Thus, the Court accepted that there were

2

valid death sentences but "entered an order affirmatively staying the executions until such time as Congress provided specific authorization of means." *Id*. at 902.

After the Court entered judgment, both Johnson and the government appealed. As to the government's appeal, the Fourth Circuit held that, while Congress may "legislate the means of executing federal death sentences," the Executive Branch could address the means of execution through regulations. *Id*. Hence, the Fourth Circuit remanded to this Court "with instructions to enter appropriate orders for the executions in accordance with regulation promulgated by the Attorney General." *Id*. at 903.

On remand, this Court entered an order on November 22, 1996, addressing the manner in which Johnson's execution would be carried out. This Court's order of November 22, 1996, was styled *not* as any modification of the criminal judgment of conviction, but as an "order of execution." In other words, the order replaced the stay that had previously been in place, a stay that was ancillary to the judgment of conviction. This Court's order of November 22, 1996, provided that Johnson be released "to the custody of a U.S. Marshal who shall supervise implementation of the sentence of death, in the manner prescribed by the law of the Commonwealth of Virginia[.]" (ECF No. 107-6 at 1.) The order also specified that the U.S. Marshall "charged with supervising the implementation of the sentence of death may use appropriate State or local facilitates and services of an appropriate State of local official for the purposes[.]" (*Id*.)

In 2005, following the conclusion of post-conviction litigation, *see Roane*, 378 F.3d at 396–407, the government sought the vacatur of this Court's 1996 order setting the time, place, and method of execution. As the government explained, the Court's prior order instructed that the execution be conducted at "the State correctional facility housing the death chamber" and "in the

3

**J.A.164**

manner prescribed by the law of the Commonwealth of Virginia." (ECF No. 107-8 at 3.) At the time, however, the government did not own its own facility for carrying out the death penalty. (*Id*.) Because the government had since built its own facility at Terre Haute Federal Correctional Institute, there was "no continuing reason," the government explained, "for this Court to designate 'the State facility housing the death chamber' as the place where [Johnson's] execution should be carried out." (*Id*. at 4.)

On November 17, 2005, this Court granted the government's motion and vacated its 1996 order. (ECF No. 107-2.) The Court followed with an order directing that "the sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons[.]" (ECF No. 107-3.)

### B.    Johnson's First Step Act motion.

On August 19, 2020, Johnson filed a motion for a sentence modification under § 404(b) of the First Step Act, arguing that his murder convictions under § 848(e) and his cocaine distribution convictions were "covered offenses" eligible for resentencing. (ECF No. 39.) Johnson requested "that the Court [] order a capital resentencing hearing at which a new jury would determine whether to reduce his sentences," after which the court would "use its discretion to reduce those counts in light of all of the evidence, pursuant to § 3553(a)." (*Id*. at 2.) The Court denied Johnson's § 404(b) motion, holding that § 848(e) is not a "covered offense" under the First Step Act and adopting its earlier, comprehensive opinion denying relief on the same issue for one of Johnson's co-defendants. (ECF No. 75.) *See United States v. Roane*, No. 3:92-cr-68 (DJN), 2020 WL 6370984 (E.D. Va. Oct. 29, 2020).

### C.    Johnson's second 28 U.S.C. § 2255 motion.

On November 20, 2020, the government informed Johnson that it had set his execution date for January 14, 2021. (ECF No. 78.) In turn, on December 14, 2020, Johnson filed a motion

4

to vacate under § 2255, arguing that the Federal Death Penalty Act (FDPA), 18 U.S.C. § 3596(c), permitted re-litigating the issue of his mental health before his execution. (ECF No. 86.) The Court dismissed that petition as an unauthorized successive § 2255 on Saturday, January 2, 2021, and denied a certificate of appealability. (ECF No. 99); *United States v. Johnson*, No. 3:92-cr-68 (DJN), 2021 WL 17809 (E.D. Va. Jan. 2, 2021).

### D.    Johnson's recent Fourth Circuit stay applications.

On January 7, 2021 and January 8, Johnson filed three stay applications in the Fourth Circuit, despite having never sought such relief from this Court, as required under Federal Rule of Appellate Procedure 8. *See* Fed. R. App. P. 8(a)(2)(A) (party seeking a stay in a court of appeals must have either first tried and failed to obtain a stay in the district court or, alternately, "show that moving first in the district court would be impracticable.").

On January 7, 2021, Johnson sought a stay in *United States v. Johnson*, 20-15, ECF No. 15 (4th Cir. Jan. 7, 2021), his pending appeal of this Court's First Step Act ruling. On January 7, Johnson also opened a new case in the Fourth Circuit seeking authorization to file a successive § 2255 based on the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002). *See In re Johnson*, 21-2, ECF No. 2 (4th Cir. Jan. 7, 2021). The next day, Johnson filed a stay motion based on his earlier request for a successive petition. *Id*. at ECF No. 9. Also on January 8, Johnson filed a stay in his pending appeal of this Court's January 2 ruling on his successive § 2255. *United States v. Johnson*, 21-1, ECF No. 8-1 (4th Cir. Jan. 8, 2021). The defense has never sought to expedite rulings in either of these cases. Nonetheless, the government has responded in opposition to each of Johnson's three stay applications.

### Argument

This Court's order of November 22, 1996, that provided the manner in which Johnson's death sentence would be carried out, addressed, self-evidently, the manner in which his sentence

5

would be executed. Challenges to orders addressing the execution of a sentence, however, are not governed by Rule 35. *See Little*, 392 F.3d at 679 ("Little's request for sentencing credit," a claim addressing the execution of a sentence, is "properly brought under [28 U.S.C.] § 2241, rather than Rule 35(a).").

Every aspect of this Court's rulings addressing the manner in which the death sentences would be carried out demonstrated that the rulings were ancillary to the judgment of conviction. This Court entered the judgment of conviction with the death sentences, but stayed it on the theory that no lawful means existed for carrying out the judgment. The Fourth Circuit vacated that order, instructing the Court to "enter appropriate orders for the executions." *Tipton*, 90 F.3d at 902. This was the appropriate relief for "the Government's cross-appeal from the district court's order staying execution." *Id.* at 903. That cross-appeal did not challenge the underlying judgment.

This Court's order of November 22, 1996, is styled *not* as any modification of the judgment, but as an "order of execution." And this Court later modified that order, again styling the updated order as an "order," not as a judgment of conviction. The government needed that modification because the 1996 *order*—not the *judgment*—would have precluded carrying out the death sentence in Terre Haute. Indeed, the 2005 order specifically stated that it was entered "[p]ursuant to the imposition of the sentence of death that was handed down by the jury on February 16, 1993."

Johnson's own motion effectively concedes the ancillary nature of the orders at issue. As he states: "The Court thereafter entered the *judgment* imposing a sentence of death on Counts 8, 11, 17, 18, 19, 24, and 25. *See* Ex. 4 (ECF No. 593). Per its oral ruling, however, it did not include *an order for implementing* the death sentence." (ECF No. 107 at 2) (emphasis added). Johnson asserts that the judgment was not complete until the further orders that provided the procedures

6

**J.A.167**

for executing the sentence. But the sentence here was the death sentence, which was complete and final without the further orders. Indeed, that explains why a final judgment did validly exist for Johnson's own direct appeal to the Fourth Circuit.

Johnson's claim should also fail for the additional reason that—in addition to being unduly delayed even if the proper focus were simply on the order in *Higgs*, which was itself issued two weeks before the instant motion—it is an untimely challenge. Johnson did not file an appeal from the 2005 order, and he did not seek to challenge the order in a motion under § 2255 to correct his sentence (the mechanism that his own theory that the order is part of his sentence would appear to suggest). Johnson may not ignore the 14-day deadline for criminal appeals, *see* Fed. R. App. P. 4(b)(1)(A); disregard the one-year time limit for § 2255 motions, *see* 28 U.S.C. § 2255(f); wait a decade and a half; and on the eve of his execution mount an attack on an order that this Court entered long ago. *See Buckley v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("Last-minute stays should be the extreme exception, not the norm, and 'the last-minute nature of an application' that 'could have been brought' earlier … 'may be grounds for denial of a stay.'"). Johnson argues that the defect in the 2005 order was jurisdictional, but his invocation of the label "jurisdiction" does not entitle him to ignore applicable appeal deadlines, disregard applicable statutes of limitations, and bring a freestanding collateral challenge to the order. *See, e.g.*, *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 153 (2009) ("A party that had an opportunity to litigate the question of subject-matter jurisdiction may not … reopen that question in a collateral attack."). In any event, the Supreme Court, endeavoring "to 'bring some discipline' to the use of the term 'jurisdictional,'" has held that "[a] rule is jurisdictional [only] [i]f the Legislature clearly states" as much. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Johnson identifies no basis for concluding that § 3582(c) (which relates to sentences that include terms of imprisonment) or Rule 35 posed a *jurisdictional*

7

obstacle to the 2005 order.

Given that Johnson's execution date is this Thursday, and that he has already launched many separate appeals in this case, the government respectfully requests that, in the interest of avoiding piecemeal litigation, this Court address both whether the 2005 order amended the original criminal judgment under Rule 35 and whether Johnson's current request for relief is timely.

**Conclusion**

The United States respectfully requests that this Court deny Johnson's motion.


Respectfully submitted,

G. Zachary Terwilliger
United States Attorney


By:            /s/

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

8

**Certificate of Service**

I certify that on January 12, 2020, I filed electronically the foregoing with the Clerk of

Court using the CM/ECF system, which will serve all counsel of record.


By:                   /s/             

Joseph Attias
Assistant United States Attorney

**J.A.170**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 3:92CR68** |
| | **:** | **CAPITAL CASE** |
| **COREY JOHNSON,** | **:** | <span style="color:red">**EXECUTION SCHEDULED**</span> |
| **Defendant.** | **:** | <span style="color:red">**FOR JANUARY 14, 2021**</span> |
| | **:** | |

**NOTICE OF APPEAL**

Notice is hereby given that the defendant in the above-captioned case hereby appeals to the United States Court of Appeals for the Fourth Circuit from the Memorandum Order denying Defendant's Motion to Vacate 2005 Amendment to the Judgement and Order entered in this case on the 12th day of January 2021 (Dkt. 111).

Respectfully submitted,

Dated: January 12, 2021

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Donald P. Salzman*
Lotus D. Ryan, VA Bar # 71425
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

*Admitted Pro Hac Vice

*Counsel for Corey Johnson*

**J.A.171**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

**J.A.172**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

      v.                               Criminal No. 3:92cr68 (DJN)

COREY JOHNSON,
     Defendant.

### ORDER
**(Requiring Expedited Response)**

This matter comes before the Court on Defendant's Motion to Vacate 2005 Amendment to the Judgment and Order. (ECF No. 107.) In light of the pending scheduled execution, the Court hereby ORDERS the Government to respond to Defendant's Motion not later than January 12, 2021, at 8:00 a.m. Due to the expedited nature of this issue, the Court intends to rule on Defendant's Motion without a reply from Defendant.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: January 11, 2021

J.A.173