**EXECUTION SCHEDULED FOR JANUARY 14, 2021, AT 6:00 P.M.**

No. 21-3

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

## UNITED STATES OF AMERICA,

**Plaintiff – Appellee,**

v.

## COREY JOHNSON, A/K/A O, A/K/A CO,

**Defendant – Appellant.**

---

## CAPITAL CASE
## REPLY BRIEF OF APPELLANT COREY JOHNSON

---

Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Appellant Corey Johnson*

# **TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................1

Argument ............................................................................................................3

I.    The 2005 Orders Unquestionably Modified the Death Sentence ....................3

II.   Challenges to a Court's Jurisdiction Can Never Be Forfeited, Waived
      or Time-Barred. ........................................................................................5

Conclusion ..........................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Berman v. United States*,
302 U.S. 211 (1937) ...................................................................................3

*Chicot County Drainage District v. Baxter State Bank*,
308 U.S. 371 (1940) ...................................................................................8

*Federal Savings & Loan Insurance Corp. v. PSL Realty Co.*,
630 F.2d 515 (7th Cir. 1980) ......................................................................6

*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428 (2011) ...................................................................................7

*Hooker v. Boles*,
346 F.2d 285 (4th Cir. 1965) ......................................................................6

*Kontrick v. Ryan*,
540 U.S. 443 (2004) ...................................................................................7

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) ...................................................................................8

*Travelers Indemnity Co. v. Bailey*,
557 U.S. 137 (2009) ...................................................................................8

*United States v. Higgs*,
No. 98-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020).......................................3

*United States v. Jones*,
238 F.3d 271 (4th Cir. 2001) ...................................................................1, 4

*United States v. Little*,
392 F.3d 671 (4th Cir. 2004) ......................................................................3

*United States v. May*,
　855 F.3d 271 (4th Cir. 2017)...........................................................................7, 8

*United Student Aid Funds, Inc. v. Espinosa*,
　559 U.S. 260 (2010) ........................................................................................5, 6

*Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,
　946 F.3d 120 (2d Cir. 2019) ...............................................................................6

*In re Visteon Corp.*,
　579 F. App'x 121 (3d Cr. 2014).........................................................................5

## STATUTES

18 U.S.C. § 3582............................................................................ 1, 4, 7, 8

18 U.S.C. § 3597.......................................................................................4

28 U.S.C. § 2241.......................................................................................3

28 U.S.C. § 2255.....................................................................................2, 6

## OTHER AUTHORITES

20 Am. Jur. 2d *Courts* § 63 (Nov. 2020 Update).......................................................7

Fed. R. Crim. P. 35.................................................................... 1, 3, 7

**Introduction**

The government's brief ("GB") obscures the central issue before this Court: whether the 2005 orders modifying Mr. Johnson's death sentence were void for lack of jurisdiction. The answer is: Yes. The law on this is unambiguous.

A district court cannot modify a criminal sentence except under limited circumstances—none of which is present here. This point is so obvious that even at the time this Court decided the controlling case on this issue, the government conceded it. *See United States v. Jones*, 238 F.3d 271, 272 (4th Cir. 2001) ("The Government concedes, and we agree, that the district court lacked authority to amend Jones' judgment. Although there are circumstances under which a district court may modify or correct a criminal judgment order, none of them authorized the district court to take this action based solely on a subsequent change in case law.").

There are only two sources of subject-matter jurisdiction that would have allowed the district court to grant the government's 2005 request: Rule 35 and 18 U.S.C. § 3582. Neither applied. And neither the government nor the district court—then or now—has ever claimed otherwise. In fact, the district court has never identified—then or now—its jurisdiction to grant the request. The 2005 orders modifying the terms of Mr. Johnson's death sentence therefore are, and were, void. Carrying out his execution pursuant to those terms, rather than pursuant

to the original Judgment and Order, would be plainly unlawful.

The only remaining question is how to correct it.

According to the district court and the government, the only mechanisms for challenging the 2005 orders—direct appeal or motion under 28 U.S.C. § 2255—are time-barred. This is incorrect. The 2005 orders were premised on an incurable jurisdictional defect. Thus, they were void *ab initio* and unenforceable now. "Timeliness" is not a defense to an illegal order, and a court's lack of subject-matter jurisdiction can never be forfeited or waived by a party.

In advancing its arguments, the government makes two material misstatements in its brief. First, it states that Mr. Johnson "now files a new appeal attacking his sentence." GB at 1. This is plainly incorrect. This present appeal does not seek to vacate Mr. Johnson's death sentence. In fact, it would not prevent the government from carrying it out tomorrow, so long as the government observes the terms of the original valid sentencing order.[1] It merely ensures that the government proceeds lawfully—pursuant to the original judgment and order. Second, the government contends that the standards pertaining to a request for a stay of

---

[1] As of the time of filing, a preliminary injunction against Mr. Johnson's execution entered by the U.S. District Court for the District of Columbia remains in place. *See* Order, *In re Matter of Fed. Bureau of Prisons' Execution Protocol Cases*, No 19-mc-00145 (D.D.C. Jan. 12, 2021), ECF No. 395. The government has moved to have that injunction vacated.

*(cont'd)*

2

execution apply here. GB at 8. This argument is mistaken. The issue before this

Court is how, not when, Mr. Johnson's death sentence should be implemented.

And the controlling law on that question is so straightforward that the Court may

decide it summarily.[2]

## Argument

### I.     The 2005 Orders Unquestionably Modified the Death Sentence.

The government has never identified the district court's authority to grant its

2005 request to modify the terms of Mr. Johnson's death sentence.[3] It cites no such

authority in its brief.[4]

---

[2] Mr. Johnson's counsel are cognizant of the timing of this motion. As explained in Mr. Johnson's motion in the district court, counsel were alerted to the error at issue here by the recent opinion in *United States v. Higgs*, No. 98-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020), and the government's notable decision not to appeal the part of that ruling that is identical to the issue raised here. Given that the defect is jurisdictional, and in light of the irrevocability of the death penalty, counsel deemed it imperative to raise despite the lateness of the hour.

[3] The government makes much of the district court's statement that Mr. Johnson's arguments are "foreclose[d]" because "he grounds his Motion in the finality of criminal *judgments*." GB at 14. But as noted in Mr. Johnson's opening brief, the terms "judgment" and "sentence" are interchangeable in this context. Appellant's Brief at 3 n.3; *see also Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

[4] The government's citation to *United States v. Little*, 392 F.3d 671, 679-80 (4th Cir. 2004), is puzzling. GB at 13. In *Little*, a pro se litigant challenged his failure to receive sentencing credit by way of a Rule 35(a) motion, and this Court held that the appropriate vehicle for such a challenge is a petition under 28 U.S.C. § 2241. That case simply has no bearing on the issue at hand, *i.e.*, whether the district court

*(cont'd)*

3

Instead, the government argues that the prohibition on amending sentences is not implicated because the 2005 orders did not amend the death sentence, only the manner of their implementation. This is a distinction without a difference. In *Jones*, the modification was not to the imposed sentence (a $10,000 fine), but to the manner in which it was implemented (ordering it to be paid immediately, rather than in installments). 238 F.3d at 272. And if a district court cannot modify the means by which the government collects money on a fine, it follows *a fortiori* that it cannot modify the means by which the government carries out a death sentence.[5]

The government's attempt to sever the 1996 sentencing order implementing the death sentence from the criminal judgment is similarly unpersuasive. The 1996 order ordinarily would have issued at the 1993 sentencing hearing and merged with the judgment at that time to constitute the final judgment and order, but for the

---

had jurisdiction to grant the government's 2005 request to modify the death sentence.

[5] The government's attempt to liken the 2005 execution order to "a designation of where an inmate will serve his sentence," GB at 13, is wholly unpersuasive. A district court cannot order such a designation; it can merely "make a recommendation concerning the type of prison facility appropriate for the defendant." 18 U.S.C. § 3582(a). By contrast, the court *can* designate that an execution be carried out in a state facility. *See* 18 U.S.C. § 3597. And there is an obvious difference between, on the one hand, rescinding an order that a death sentence be carried out in the manner prescribed by Virginia law, and, on the other, ordering that a federal prisoner be moved to a different federal facility to serve a sentence of imprisonment.

district court's legal ruling that the Attorney General's execution regulations were *ultra vires*. The fact that the sentencing order was entered at the direction of this Circuit, after the district court corrected its ruling on remand, does not make it any more severable from the judgment than if it had been entered at the time of the 1993 sentencing hearing itself. Indeed, the very reason the government took a cross-appeal was because, absent the entry of that order, the judgment was incomplete and it could not therefore lawfully carry out Mr. Johnson's death sentence.

**II.    Challenges to a Court's Jurisdiction Can Never Be Forfeited, Waived or Time-Barred.**

The premise of the government's argument is that an order cannot be rendered void if parties fail to avail themselves of an appeal. But that is not the law. There are two ways a judgment may be rendered void: (1) it contains a jurisdictional defect or (2) a party was deprived of notice and the opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (observing that judgment can be rendered void "only in the rare instance where a judgment is premised *either* on a certain type of jurisdictional error *or* on a violation of due process that deprives a party of notice or the opportunity to be heard" and that "[t]he error United alleges falls in *neither category*") (emphases added); *In re Visteon Corp*, 579 F. App'x 121, 127 (3d Cr. 2014) ("An order is only void *ab initio* if the court that entered the order (1) lacked the power or

5

jurisdiction to do so or (2) acted in a manner inconsistent with due process of law.") (citations omitted). Orders that are void for lack of due process are subject to waiver and forfeiture; orders that are void because of a jurisdictional defect are not. *See United Student Aid Funds*, 559 U.S. at 270 ("[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.").

The fact that the 2005 sentencing orders are not void under the sole theory the government considers—lack of due process—is immaterial. The lack of a challenge to the orders on direct appeal or under 28 U.S.C. § 2255 does not cure the *jurisdictional defect* of those orders. It is an *independent* reason why the orders are void. Neither the district court nor the government addresses this.

As Mr. Johnson has argued, the district court lacked jurisdiction to enter the 2005 orders, and they were therefore a legal nullity. Stated differently, they were void *ab initio* and unenforceable. *See Hooker v. Boles*, 346 F.2d 285, 286 (4th Cir. 1965) ("[N]o authority need be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable."); *Fed. Sav. & Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980) (finding it "settled" that where "court lacks jurisdiction to adjudicate the principal matter, its orders purporting to grant the [requested relief] are likewise beyond its jurisdiction and as such are void *ab initio*"); *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,

6

946 F.3d 120, 145-46 (2d Cir. 2019) (holding that because district court lacked subject-matter jurisdiction, the "orders that it issued in the enforcement proceeding were void *ab initio*"); *see also* 20 Am. Jur. 2d *Courts* § 63 (Nov. 2020 Update) ("[W]hen a court decides a matter without jurisdiction, the whole proceeding is as if it had never happened.").

This clear and unmistakable law rebuts the government's misguided contention that it may enforce an unenforceable order. The government attempts to avoid this inevitable conclusion by directing the Court to a litany of irrelevant case law.

The government's reliance on *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004), and *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011), is unavailing. The law in this Circuit is clear: a criminal sentence may not be amended, unless the criteria set forth under Rule 35 or § 3582 are met. That is the jurisdictional limit that this Court has set on the district courts' power to modify a criminal sentence. The government's suggestion that these provisions should be treated as "mandatory claim-processing rules" rather than "jurisdictional rules" finds no support in *Kontrick* or *Henderson*, or in this Circuit's well-established law prohibiting amendments to criminal sentences.

The government's citation to *United States v. May*, 855 F.3d 271 (4th Cir. 2017), is also unavailing. That case addresses whether a prisoner may seek

7

reconsideration of a district court's *sua sponte* order denying a sentence reduction pursuant to § 3582(c)(2). This Court ruled that "the implied prohibition on § 3582(c)(2)-based motions for reconsideration, as recognized in [*United States v.*] *Goodwyn*, [596 F.3d 233 (4th Cir. 2010)], is non-jurisdictional." *May*, 855 F.3d at 275. That case has no bearing here. Moreover, the government's implication—that its 2005 request might have been cognizable under § 3582—is absurd: that provision governs requests for *reductions* in sentence. That was clearly not the relief requested by the government in 2005.

The government's reliance on *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009), and *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940), is also misplaced. These cases concerned the applicability of principles of res judicata to prevent collateral attacks on a civil bankruptcy judgment. They have no bearing on the jurisdictional limits of a court's authority to modify a criminal sentence.

Finally, the government's citation to *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982), is misleading. That case addresses an entirely distinct question: whether a party may expressly or impliedly consent to personal jurisdiction. It does not stand for the proposition that *subject-matter jurisdiction* can be waived.

## Conclusion

For these reasons and those stated in Mr. Johnson's opening brief, the district court's decision should be reversed with instructions to vacate the 2005 orders as null and void for lack of jurisdiction.

Respectfully submitted,

Date: January 13, 2021

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

## CERTIFICATE OF COMPLIANCE

1.  This Reply Brief has been prepared using Microsoft Word 2019 software, Times New Roman font, 14-point proportional type size.

2.  EXCLUSIVE of the matter listed in Fed. R. App. P. 32(f), this brief contains no more than 6,500 words, specifically 2,119 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

Date: January 13, 2021            /s/ David E. Carney
                                  David E. Carney, VA Bar # 43914
                                  Skadden, Arps, Slate, Meagher & Flom, LLP
                                  1440 New York Avenue, NW
                                  Washington, DC 20005
                                  Telephone: (202) 371-7246
                                  Fax: (202) 661-8295
                                  Email: david.carney@skadden.com

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com

11